# In the United States Court of Federal Claims

No. 20-2016
Filed: January 26, 2021

---

**AECOM Energy and Construction, Inc.,**

*Plaintiff,*

v.

**THE UNITED STATES,**

*Defendant.*

---

### STANDING ORDER ON CHAMBERS RULES

These Standing Chamber Rules apply to all cases assigned to Judge David A. Tapp. References herein to "Parties" include Counsel. Parties should familiarize themselves and comply with the following:

1. **Local Rules**

   Absent a contrary order of the Court, the Parties shall comply with the Rules of the U.S. Court of Federal Claims ("RCFC"), available at https://www.uscfc.uscourts.gov/rules.

2. **Communications with Chambers**

   Parties may not contact Chambers by telephone except in case of an actual emergency or when requested by the Court. Parties may contact Chambers staff at Tapp_Chambers@cfc.uscourts.gov regarding scheduling inquiries. Contact with Chambers on any case-related topic by written or digital means shall be simultaneously provided to all Parties. Copies of correspondence between Parties shall not be provided to Chambers except as specifically directed by the Court. Facsimile messages are prohibited. Chambers staff will not provide legal advice of any kind or discuss the merits of any case.

3. **Service of the Complaint & Standing Order**

   Plaintiff must promptly serve the Complaint in accordance with RCFC Rule 4; shall file proof of service with the Court in accordance with RCFC Rule 5.3; and shall ensure that all Parties receive a copy of this Standing Order.

4. **Amended Pleadings**

   Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

5. **Initial Scheduling Conference & Order**

   After Defendant files an Answer, the Court will order the Parties to meet and confer to discuss each of the matters set forth in RCFC Rule 16(c)(2) and to file a Joint Preliminary Status Report addressing all topics listed in RCFC Rule 16(c)(2). After submission of the Report, the Court will, if necessary, schedule an Initial Scheduling Conference. Following submission of the Joint Preliminary Status Report or following the Initial Scheduling Conference, the Court will issue a Scheduling Order that will govern proceedings in the case.

6. **Rescheduled Hearings**

   Requests to reschedule hearings are discouraged. If a Party seeks to change a previously scheduled hearing date, the Party must meet and confer with the Opposing Party and <u>file a motion at least one week prior to the scheduled hearing</u> that shows good cause and proposes four alternative dates and times that would be convenient for all Parties. If the Parties' suggested dates and/or times are not available on the Court's calendar, the Court will select an alternative date and/or time. In the Court is closed or has a delayed opening due to inclement weather or unforeseen circumstances, affected hearings will be rescheduled by Chambers staff.

7. **Motions Generally**

   a. **Proposed Orders**

      Proposed Orders submitted by an ECF user in an ECF case shall be filed in PDF format and attached to the electronically filed document to which they pertain.

      In addition, proposed orders shall be submitted in Word format to Tapp_Chambers@cfc.uscourts.gov.

   b. **Format**

      Every memorandum of points and authorities must:

      1. If ten pages or greater in length, contain a Table of Contents and Table of Authorities, regardless of whether the memorandum is filed in support of or in opposition to a motion;

      2. Contain page numbers at the bottom of each page;

      3. Be formatted with one-inch margins and all text in the main body must be double-spaced and in twelve-point Times New Roman font, while all footnotes must be singled-spaced and in twelve-point Times New Roman font. RCFC Rule 5.4 establishes the applicable page limitations. Requests to exceed applicable page limitations are discouraged;

      4. Not include the excessive use of footnotes;

      5. Define uncommon acronyms on first usage;

      6. If a memorandum includes more than one exhibit, the memorandum shall contain an index of exhibits. Exhibits shall be properly edited to exclude irrelevant material and to direct the Court's attention to pertinent portions

  **c. Courtesy copies**

Parties shall submit to Chambers upon filing 2 courtesy copies of any filing that exceeds twenty-five (25) pages, including exhibits and, where applicable, relevant portions of the administrative record. For filings over 250 pages, Parties should contact Chambers staff at Tapp_Chambers@cfc.uscourts.gov prior to submission.

**8. Motions for Extension of Time**

  **a. Generally**

Motions for extension of time are discouraged. <u>Any such motion should be filed at least three (3) business days prior to the deadline</u> and conform with the requirements of RCFC Rule 6.1. Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties/Counsel.

  **b. Content**

Motions for extension of time must include the following:

1. The original date of the deadline the motion is seeking to extend;
2. The number of previous extensions of time granted to each Party;
3. The good cause supporting the motion;
4. The effect, if any, that the granting of the motion will have on existing deadlines;
5. For requests seeking to extend the deadline of a motion, suggested deadlines (reached in consultation with the opposing Party) for the filing of any memoranda in opposition and replies; and
6. A statement fairly characterizing the opposing Party's position on the motion, including any reasons given for refusing to consent. *See* RCFC Rule 6.1(b).

  **c. Opposition**

If a Party intends to file an opposition to a motion seeking an of extension of time, it must file the opposition by 5:00 PM the business day after the motion is filed.

**9. Discovery Disputes**

Parties shall make a good faith effort to resolve or narrow all areas of disagreement. If unable to resolve the dispute, Parties shall arrange for a telephonic, pre-motion to compel conference with the Court by contacting Chamber's staff at Tapp_chambers@cfc.uscourts.gov. Not more than two (2) business days prior to a pre-

motion to compel conference, the Parties shall jointly submit a letter of no more than five (5) pages summarizing the dispute to Tapp_chambers@cfc.uscourts.gov.

10. **Motions in Limine**

    Memoranda in support of motion(s) in limine are limited to a single memorandum per party and shall be filed not less than twenty-eight (28) days prior to the final pre-trial conference. Responses shall be filed fourteen (14) days thereafter. Replies shall be filed seven (7) days thereafter. Motions and responses are limited to twenty-five (25) pages in length. Replies are limited to ten (10) pages in length. Where possible, the Court will issue rulings on motions in limine in advance of trial. If, in the Court's discretion, oral argument would be beneficial, the Court will permit argument during such portion of the trial as the Court determines.

11. **Trial Procedures**

    a. **Pretrial Scheduling Orders**

        The Court will generally issue a pretrial scheduling order upon conclusion of dispositive motion, or where there are no dispositive motions filed, upon conclusion of any deadlines for the filing of dispositive motions. The pretrial scheduling order will set a final preconference date and time, trial date and location of the trial, and related pretrial deadlines.

    b. **Exhibits**

        To the extent possible, trial exhibits must be pre-marked in the order in which they will be offered at trial. Parties must provide their exhibits directly to Chambers not later than ten (10) business days prior to trial. Parties are encouraged to meet and confer regarding admission of all exhibits with a view to avoid duplication and to resolving foundation disputes.

    c. **Trial Memoranda**

        Except as otherwise directed, each party shall submit to the Court ten (10) days in advance of trial a memorandum not exceeding twenty-five (25) pages describing the factual, legal, and evidentiary issues anticipated at trial. Exhibits to a Trial Memorandum are prohibited.

    d. **Courtroom Technology**

        Parties intending to utilize any form of courtroom technology, *i.e.*, Elmo, projectors, PowerPoint, etc., are encouraged to confer with the Clerk of the Court in advance of trial to ensure compatibility and capability of the technology. Delays attributable to compatibility issues may result in the exclusion or limitation on the use of technology at trial.

e. **Objections**

Objections made at trial to offers of evidence shall be succinct except as the Court requires discussion, *i.e.*, "Objection, hearsay," "Objection, leading," and where possible, shall include citation to the applicable rule of evidence or case. Generally, where a Party is represented by multiple counsel, argument regarding an objection is limited to one counsel per side.

f. **Argument and Examination of Witnesses**

Other than with leave of the Court, counsel shall address the Court and examine witnesses using the podium. Counsel may, unless the Court directs otherwise, approach witnesses without seeking permission of the Court. Counsel is solely responsibility for ensuring that the record is complete in those instances in which counsel is away from the podium.

**IT IS SO ORDERED.**

s/    David A. Tapp
DAVID A. TAPP, Judge
