IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AECOM ENERGY & CONSTRUCTION INC,   )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 20-2016 C
                                   )        (Judge Tapp)
THE UNITED STATES,                 )
                                   )
            Defendant.             )

<u>DEFENDANT'S ANSWER</u>

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.    The allegations contained in the paragraph 1 constitute conclusions of law and/or plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise, they are denied.

2.    The allegations contained in paragraph 2 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.    Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the second sentence of paragraph 3.

4.    Admits the allegations contained in paragraph 4 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations

of paragraph 4.

5.      Admits that, prior to the execution of Modification 35, the parties conferred about the schedule and work required to decontaminate the SPRU site; avers that, prior to the execution of Modification 35, URS submitted an Integrated Recovery Plan that purportedly reflected URS's current plans for completing the remaining work required under the task order. Denies the remaining allegations contained in paragraph 5.

6.      Admits the allegations contained in paragraph 6 to the extent supported by the contents of Modification 35 and the associated task order and contract, which are the best evidence of their contents; otherwise denies the allegations.

7.      Admits the allegations contained in paragraph 7 to the extent supported by the contents of Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

8.      The allegations contained in paragraph 8 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.      Admits that "Modification 35 provided for completion of the project within eleven months" to the extent that allegation is supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9 of the complaint.

10.      Denies the allegations contained in the first sentence of paragraph 10.   With respect to the allegations contained in the second sentence of paragraph 10, admits that a tropical storm affected the hillside adjacent to H2; otherwise denies the allegations contained in the

second sentence of paragraph 10.  Denies the allegations contained in the third sentence of paragraph 10.

11.     The allegations contained in paragraph 11 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     Denies.

13.     The allegations contained in paragraph 13 are conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

14.     Admits.

15.     Admits.

16.     The allegations contained in paragraph 16 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted only to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, they are denied.

17.     The statement contained in paragraph 17 is not a factual allegation, and therefore, no answer is required.

18.     The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

19.     Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 19 constitute

conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.    Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the second and third sentences of paragraph 20 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the fourth sentence of paragraph 20 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations; further admits the allegation contained in the fourth sentence of paragraph 20 that DOE has not reimbursed URS $416,187.

21.    The allegations of paragraph 21 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22.    Admits.

23.    Admits.

24.    Admits.

25.    Admits the allegations contained in the first sentence of paragraph 25.  Admits the allegations contained in the second sentence of paragraph 25 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations.

26.    Admits the allegations contained in paragraph 26 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations.

27.     Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted

28.     Admits the allegations contained in the first sentence of paragraph 28 that the DOE conducted open air demolition of the site; denies the remaining allegations contained in the first sentence of paragraph 28, including characterization of that decision to be "notwithstanding the 1999 report." Denies allegations contained in the second through fourth sentences of paragraph 28.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations.

31.     With respect to the allegations contained in the first sentence of paragraph 31: admits that, at the time of the issuance of Task Order No. DE-AT30-08CC60014/SP16, the DOE office administering the SPRU task order did not provide a copy of the 1999 report to URS; avers that the relevant officials in that office were unaware of the existence of the report. As for the allegation that URS did not obtain a copy of the report from any other component of DOE, denies the allegation for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 31.

32.     Admits.

33.     Admits the allegations contained in the first sentence of paragraph 33 that URS devoted resources to remediating and restarting D&D work. Denies the remaining allegations contained in the first sentence of paragraph 33. Admits the allegation contained in the second

sentence of paragraph 33 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation. Denies the remaining allegations contained in the second sentence of paragraph 33. Admits the allegation contained in the third sentence of paragraph 33 that URS and DOE corresponded about the plan. Denies the remaining allegations contained in the third sentence of paragraph 33.

34.    Admits the allegations contained in the first sentence of paragraph 34. Admits the allegations contained in the second sentence of paragraph 34 to the extent supported by Modification 35 and the Task Order, which are the best evidence of their contents; otherwise denies the allegations.

35.    Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the second sentence of paragraph 35.

36.    Admits the allegations contained in paragraph 36 to the extent supported by Modification 35 and the task order, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37.    With respect to the allegation in paragraph 37 that "URS's January 24, 2011 IRP . . . included an eleven-month schedule, cost estimates, and technical details for the proposed path forward," admits the allegation to the extent supported by the IRP itself, which is the best evidence of contents; otherwise denies the allegation. With respect to the remaining allegations contained in paragraph 37, admits that the parties discussed the IRP as part of the negotiations of Modification 35; otherwise denies the allegations contained in paragraph 37.

38.    Denies.

7

39.　　Admits the allegations contained in the first sentence of paragraph 39.  Admits the allegations contained in the second and third sentences of paragraph 39 to the extent supported by the HSA, which is the best evidence of its contents; otherwise denies those allegations.

40.　　Admits the allegations contained in the first, second, third and fourth sentences of paragraph 40.  Admits the allegation contained in the fifth sentence of paragraph 40 that the project team interviewed individuals with knowledge of the site.  Denies the remaining allegations contained in the fifth sentence of paragraph 40.

41.　　Admits the allegations contained in the first sentence of paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.  Admits the allegation contained in the second sentence of paragraph 41. Admits the allegations contained in the third sentence of paragraph 41 to the extent supported by the DOE-Environmental Management Separations Process Research Unit (SPRU) Disposition Project December 2006 Facility EE/CA Response to Comments Document Fact Sheet, which is the best evidence of its contents; otherwise denies the allegations.

42.　　Denies.

43.　　Admits the allegations contained in the first sentence of paragraph 43 that URS performed characterization prior to the 2010 contamination incident. Denies the remaining allegations contained in the first sentence of paragraph 43.   Denies the allegations contained in the second sentence of paragraph 43.

44.　　Denies the allegations contained in the first sentence of paragraph 44.With respect to the allegations contained in the second sentence, admits that "[t]he SPRU facilities

were very large," and that some areas of the site were inaccessible or only partially accessible at the time of the contamination incident in 2010; otherwise denies the allegations contained in the second sentence of paragraph 44. Admits the allegations contained in the third and fourth sentences of paragraph 44.

     45.     Denies.

     46.     Denies.

     47.     Denies.

     48.     Admits the allegations contained in the first sentence of paragraph 48 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. The allegations contained in the second and third sentences of paragraph 48 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

     49.     The allegations contained in the first sentence of paragraph 49 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. With respect to the allegations contained in the second sentence of paragraph 49, the assertion that URS was "directed by the Task Order and Modification 35" to "use[] and rel[y] on the information in the HAS to develop the workplan, schedule, and estimates that were shared with DOE in the IRP" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. As to the allegation that "URS used and relied on the information in the HAS to develop the workplan, schedule and estimates that were shared with DOE in the IRP," denies the allegation for lack of knowledge or information sufficient to form a belief as to

9

its truth.  As to the allegation that "the workplan, schedule, and estimates that were shared with

DOE in the IRP . . . provided the basis for Modification 35," admits that the IRP was shared with

DOE, but denies that it "provided the basis for Modification 35."

50.    Denies the allegations contained in the first sentence of paragraph 50.  The

allegations contained in the second sentence of paragraph 50 concerning the purported materiality

of the IRP and the parties' mutual understanding constitute conclusions of law and/or plaintiff's

characterization of its case, to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.   Admits the remaining allegations contained in the second

sentence of paragraph 50 to the extent supported by the IRP, which is the best evidence of its

contents; otherwise, denies the allegations.

51.    Denies.

52.    Denies the allegations contained in the first sentence of paragraph 52.  With

respect to the allegations contained in the second sentence of paragraph 52, the allegation that

"the EECA prepared by DOE estimated a cost of $160 million to demolish and remove the SPRU

buildings" is admitted to the extent supported by the document cited, which is the best evidence

of its contents; otherwise, the allegation is denied.  Denies the remaining allegations contained in

the second sentence of paragraph 52.

53.    The allegations contained in paragraph 53 constitute conclusions of law and/or

plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

54.    Denies.

55.     Denies the allegations contained in the first sentence of paragraph 55.  With respect to the second sentence, denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation that "[u]p to this point, URS had incurred costs of approximately $75 million."  Admits the allegation that Modification 35 set a "Target Cost" of "approximately $70 million" to the extent supported by Modification 35, which is the best evidence of its contents; otherwise, it is denied.  Denies any remaining allegations contained in paragraph 55, including those in the third sentence of the paragraph.

56.     Admits the allegation contained in the first sentence of paragraph 56 that DOE and URS negotiated cost risk in the Mod 35 negotiations.  Denies the allegation that the parties "grappled" with URS's offered contribution for lack of knowledge sufficient to form a belief as to the truth of the allegation in light of the vagueness of that term as it used in this context.  Denies the remaining allegations contained in the first sentence of paragraph 56, including any characterization of URS's "offered contribution." Denies the allegations contained in the second sentence of paragraph.

57.     With respect to the allegations contained in the first sentence of paragraph 57, admits to the extent supported by an email dated January 25, 2011 between Ralph Holland and Leo Sain, which is the best evidence of its contents; otherwise denies the allegation.    Denies the remaining allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

58.     Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the allegations contained in the second sentence of

11

paragraph 58, admits that Modification 35 contained a "cost-sharing formula subject to several key exceptions" to the extent that allegation is supported by Modification 35 itself, which is the best evidence of its contents; otherwise denies the allegation. Denies the remaining allegations contained in the second sentence of paragraph 58.

59.      Admits the allegations contained in the first sentence of paragraph 59 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. The allegations contained in the second sentence of paragraph 59 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.      Admits the allegations contained in paragraph 60 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

61.      Admits the allegations contained in paragraph 61 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

62.      The allegations contained in paragraph 62 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.      Denies.

64.      Denies the allegations contained in the first sentence of paragraph 64 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second sentence of paragraph 64 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

65.     Admits the allegations contained in paragraph 65 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

66.     Admits the allegations contained in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

67.     Admits the allegations contained in the first sentence of paragraph 67 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  The allegations contained in the second sentence of paragraph 67 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     Admits the allegations contained in paragraph 68 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

69.     Admits the allegations contained in paragraph 69 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

70.     Admits the allegations contained in paragraph 70 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

71.     Denies the allegations contained in paragraph 71 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

72.     Denies the allegations contained in the first sentence of paragraph 72.  As to the allegations contained in the second sentence of paragraph 72, denies that "the parties looked" to the "GAO Rocky Flats Report . . . when negotiating Modification 35."  Admits the remaining allegations contained in the second sentence to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in

the third sentence of paragraph 72 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.    Denies.

74.    Admits the allegations contained in paragraph 74 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

75.    Denies.

76.    The allegations contained in paragraph 76 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77.    Admits the allegations contained in the first sentence of paragraph 77.  Admits the allegations contained in the second sentence of paragraph 77 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the third sentence of Modification 35 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the fourth sentence of paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

78.    Denies the allegations contained in the first sentence of paragraph 78.  Admits the allegations contained in the second sentence of paragraph 78 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

79.    Admits that "URS joined a call with DOE and EPA" soon after the execution of Modification 35; otherwise denies the allegations contained in paragraph 79.

80.       Denies the allegations contained in the first and second sentences of paragraph 80.  With respect to the allegations contained in the third sentence of paragraph 80, admits that DOE did not discuss with URS the extent to which pre-construction permits would or would not be required for AECOM's work; otherwise denies the allegations contained in the third sentence of paragraph 80.

81.       Admits the allegations contained in the first and second sentences of paragraph 81 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the third sentence of paragraph 81 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.       Admits the allegations contained in paragraph 82 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

83.       Admits the allegations contained in paragraph 83 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

84.       Admits the allegations contained in paragraph 84 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

85.       The allegations contained in the first sentence of paragraph 85 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second, third, and fourth sentences of paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

86.     Admits the allegations contained in the first and second sentences of paragraph 86 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of paragraph 86 for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

87.     Denies the allegations contained in the first sentence of paragraph 87.  With respect the allegations contained in the second sentence of paragraph 87, admits the allegation that "[t]he IRP schedule provided that the enclosures and ventilation systems for Buildings G2 and H2 would be completed by March 2011 and April 2011, respectively," to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the remaining allegations contained in the second sentence of paragraph 87, denies for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the third sentence of paragraph 87.

88.     Denies the allegations contained in the first sentence of paragraph 88 for lack of knowledge sufficient to form a belief as to the truth of the matter asserted. Admits the allegation contained in the second sentence of paragraph 88 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

89.     Denies the allegations contained in the first and second sentences of paragraph 89.  With respect to the allegations contained in the third sentence of paragraph 89, the assertion in the third sentence of paragraph 89 that "Modification 35 did not require URS to obtain pre-construction permits for the enclosures and PVUs" is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining

allegations contained in the third sentence of paragraph 89, including the allegation that "the December 31, 2011 completion date agreed to by the parties reflected their understanding that URS would not need to obtain the permits."

90.    Denies.

91.    With respect to the allegations contained in the first sentence of paragraph 91, admits that on December 9, 2010, EPA informed DOE that EPA believed that the SPRU site was out of compliance with Rad NESHAP; otherwise denies the allegations contained in the first sentence. Denies the allegations contained in the second and third sentence of paragraph 91.

92.    Admits the allegations contained in paragraph 92 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

93.    Admits the allegations contained in paragraph 93 to the extent supported by the February 7, 2011 letter from Paul Giardina, Chief Radiation and Indoor Air Branch, EPA to Frank Marcinowski, Deputy Assistant Secretary for Technical and Regulatory Support (EM 40), DOE, which is the best evidence of its contents; otherwise denies the allegations.

94.    Admits the allegations contained in paragraph 94 that URS was not present at the meetings referenced in paragraphs 92 and 93; otherwise denies the allegations contained in paragraph 94.

95.    Admits the allegation that DOE and EPA had engaged in months of discussions regarding NESHAP compliance prior to Mod 35 being signed.  Admits the allegation that DOE did not inform URS that EPA was planning to implement a compliance order prior to Mod 35 being signed.  Denies the remaining allegations contained in paragraph 95.

17

96.      Denies the allegations contained in the first sentence of paragraph 96.  Admits the allegations contained in the second sentence of paragraph 96 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

97.      Admits.

98.      Denies.

99.      Denies.

100.      Denies the allegations contained in the first sentence of paragraph 100.  Admits the allegations contained in the second sentence of paragraph 100 to the extent supported by the document cited; otherwise denies the allegations.  Denies the allegations contained in the third and fourth sentences of paragraph 100.

101.      Denies.

102.      Denies.

103.      Denies the allegation that obtaining NESHAP permits had a "significant impact . . . on the project schedule."  Denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation that URS sent the referenced letter based on URS's belief that "requiring NESHAP permits" would have a "significant impact . . . on the project schedule." Admits that URS sent a letter to the contracting officer dated February 21, 2011.  As to the allegation that the letter "notif[ied] DOE's contracting officer that URS considered obtaining a NESHAP permit for the enclosures to be a contract change," admits the allegation to the extent supported by the letter itself, which is the best evidence of its contents; otherwise denies the allegation.

104.     With respect to the allegations contained in the first sentence of paragraph 104, admits that representatives of DOE, EPA, and URS attended a meeting on February 23, 2011, at which NESHAP requirements were discussed; otherwise denies the allegations.  Admits the allegation contained in the second sentence of paragraph 104 that "EPA stated that any ventilation systems designed and fabricated in advance of NESHAP approval ran the risk of non-approval."  Denies the remaining allegations contained in the second sentence of paragraph 104.

105.     With respect to the allegations in the first sentence of paragraph 105, admits that a participant at the February 23, 2011 meeting asked "if PVUs could be used for decontamination of the high contamination areas in the sludge tent;" otherwise denies the allegations.  With respect to the allegations contained in the second sentence of paragraph 105, admits that an EPA representative stated that a permit would have to be approved for application of PVUs; otherwise denies the allegations.

106.     Admits that on March 5, 2011, URS submitted a letter to the DOE contracting officer concerning permits. Admits the remaining allegations contained in paragraph 106 to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations.

107.     Admits that the contracting officer sent a letter to URS on March 7, 2011. Admits the remaining allegations contained in paragraph 107 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.

108.     Admits that URS sent a letter to the DOE contracting officer on April 29, 2011. Admits the remaining allegations contained in paragraph 108 to the extent supported by that letter, which is the best evidence of its contents; otherwise denies those allegations.

109.    With respect to the allegations contained in the first sentence of paragraph 109, admits that URS prepared draft applications for NESHAP permits and that preparing the draft applications was a time–sensitive process.  The allegation that URS undertook that activity "pursuant to DOE's order" is a legal conclusion, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.   Admits the allegations contained in the second sentence of paragraph 109.

110.    Admits that the H2 application was submitted to the EPA on June 28, 2011, and that the G2 application was submitted on July 22, 2011; otherwise denies the allegations contained in the first sentence of paragraph 110.  Admits the allegations contained in the second sentence of paragraph 110.  Denies the allegations contained in the third sentence of paragraph 110.

111.    Denies.

112.    Admits that URS submitted a request for equitable adjustment on August 5, 2011; admits the remaining allegations contained in the first sentence of paragraph 112 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits that URS submitted a separate request for equitable adjustment concerning alleged delay purportedly related to obtaining NESHAP permits; otherwise denies the allegations contained in the second sentence of paragraph 112.

113.    Admits that, "[i]n 2012, DOE paid URS 850,000 to settle" URS's REA 11-005; otherwise denies the allegations contained in paragraph 113.

114.    Admits that DOE has not paid URS any additional compensation based on its claim of delay in connection with the preparation of NESHAP permits; otherwise denies the allegations contained in paragraph 114.

115.    Denies the allegations contained in the first sentence of paragraph 115.  With respect to the allegations in the second sentence of paragraph 115, admits that "URS specifically stated that this was a key assumption in developing its cost and schedule estimates in its IRP" to the extent that allegation is supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.  Denies the remaining allegations contained in the second sentence of paragraph 115.  Denies the allegations contained in the third and fourth sentences contained in paragraph 115.

116.    Denies.

117.    Denies.

118.    Admits the allegations contained in the first sentence of paragraph 118.  Admits the allegations contained in the second sentence of paragraph 118 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

119.    Admits the allegation contained in the first sentence of paragraph 119 that torrential rains caused a hillside failure, denies the remaining allegations contained in the first sentence of paragraph 119.  Admits the allegation contained in the second sentence of paragraph 119 that hillside stability operations took several months, and admits that DOE ordered URS to stop using heavy equipment on the edge of the hillside.  Denies the remaining allegations contained in the second sentence of paragraph 119.  Admits the allegation contained in the third

sentence of paragraph 119 that the hillside required immediate repairs; denies the remaining allegations contained in the third sentence of paragraph 119.

120.    The allegations contained in the first sentence of paragraph 120 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, admits that DOE has reimbursed URS for certain costs related to hillside instability; otherwise denies the allegations contained in the first sentence of paragraph 120.  Denies the allegations contained in the second sentence of paragraph 120 for lack of knowledge or information sufficient to form a belief as to their truth, and avers that DOE has reimbursed URS for all allowable costs related to hillside instability.

121.    Admits the allegations contained in the first and second sentences of paragraph 121.  Admits the allegations contained in the third sentence of paragraph 121 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

122.    The allegations contained in the first sentence of paragraph 122 constitute a conclusion of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second and third sentences of paragraph 122 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

123.    Admits the allegations contained in the first sentence of paragraph 123 that torrential rains caused a hillside failure; denies the remaining allegations contained in the first sentence of paragraph 123.  Admits the allegations contained in the second, third, and fourth sentences of paragraph 123.

124.    Admit the allegations contained in the first and second sentences of paragraph 124 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.  Denies the allegations contained in the third sentence of paragraph 124.

125.    Admits the allegations contained in paragraph 125 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

126.    Admits.

127.    Admits that URS sent a letter to the contracting officer on September 1, 2011. With respect to all other allegations contained in paragraph 127, admits to the extent those allegations are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

128.    Admits the allegations contained in paragraph 128 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

129.    The allegations contained in the first sentence of paragraph 129 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent that URS proposed options for DOE's approval.  Denies the remaining allegations contained in the first sentence of paragraph 129, including the characterization that URS proposals presented options for "quickly and efficiently" remediating the hillside instability.  Denies the allegations contained in the second, third, and fourth sentences of paragraph 129.

130.    Admits to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies.

131.    Admits the allegations contained in paragraph 131 to the extent supported by the proposal referenced, which is the best evidence of its contents; otherwise, denies the allegations.

132.    Admits the allegations contained in the first two sentences of paragraph 132 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the allegations contained in the third sentence of paragraph 132, admits that the contracting officer stated "the extent to which impacts to the project are solely attributable to Hurricane Irene or the stand down associated with the heavy equipment are yet to be determined and will be subject to further investigation;'" to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation. Denies the remaining allegations contained in the third sentence of paragraph 132.

133.    Admits the allegations contained in the first sentence of paragraph 133. Admits the allegations contained in the second and third sentences of paragraph 133 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

134.    Admits the allegations contained in the first three sentences of paragraph 134. Denies the allegations contained in the fourth and fifth sentences of paragraph 134.  Admits the allegation contained in the sixth sentence of paragraph 134 that URS advised DOE's contracting officer of its view that the delay was impacting the critical path schedule.   Denies the remaining allegations contained in the sixth sentence of paragraph 134, including the suggestion that those delays actually occurred.

135.    Admits the allegations contained in paragraph 135 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegations.

136.    Admits the allegations contained in the first sentence of paragraph 136 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 136. Admits the allegations contained in the third sentence of paragraph 136.  Admits the allegations contained in the fourth sentence of paragraph 136 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

137.    Admits the allegations contained in the first sentence of paragraph 137 that, six months after Hurricane Irene caused hillside failure at the SPRU site, DOE granted URS approval to begin the first phase of remediating hillside instability.   Denies the remaining allegations contained in the first sentence of paragraph 137.  Admits the allegations contained in the second sentence of paragraph 137 that on February 24, 2012 DOE approved URS' proposal for Phase I of the hillside stabilization work and that the work took approximately 10 months and included meetings, work-package approvals and revisions.  Denies the remaining allegations contained in the second sentence of paragraph 137.

138.    Denies the allegation contained in the first sentence of paragraph 138 that micropiles were proposed to support the hillside sump.  Admits the allegation contained in the first sentence of paragraph 138 that micropiles were proposed to support the foundation for the H2 enclosure ventilation system.  Admits the allegations contained in the second sentence of paragraph 138.

139.    Admits.

140.    Admits the allegations contained in the first and second sentence of paragraph 140.  Admits the allegations contained in the third sentence of paragraph 140 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the fourth sentence of paragraph 140.

141.    Admits.

142.    Admits the allegations contained in the first three sentences of paragraph 142.  Admits the allegations contained in the fourth sentence of paragraph 142 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

143.    Admits the allegations contained in the first sentence of paragraph 143.  Admits the allegation contained in the second sentence of paragraph 143 that URS completed the installation of the ventilation system foundation micropiles on December 18, 2012.  Denies the remaining allegations contained in the second sentence of paragraph 143.

144.    Admits that URS submitted Proposal 12-009 to the contracting officer on March 26, 2012; admits the remaining allegations contained in paragraph 144 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

145.    Admits the allegations contained in paragraph 145 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations, including the allegation that the payments demanded by the proposal accurately represented the amounts actually payable to URS based upon hillside-related work.

146.     Admits the allegation contained in the first sentence of paragraph 146 that the proposal addressed necessary redesign of some Modification 35 base scope work as a result of hillside instability to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegation contained in the first sentence of paragraph 146 that the proposal included activities that were a prerequisite to critical path work. Admits the allegations contained in the second sentence of paragraph 146 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

147.     The allegations in paragraph 147 constitute a conclusion of law to which no response is required.  To the extent they may be deemed allegations of fact, admits the allegation contained in paragraph 147 that DOE funded CLIN 003 to the URS task order. Denies the remaining allegations contained in paragraph 147.

148.     The allegations in paragraph 148 constitute a conclusion of law to which no response is required.  To the extent they may be deemed allegations of fact, admits the allegations contained in paragraph 148 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

149.     With respect to the allegations contained in the first sentence of paragraph 149, admits that URS submitted an invoice for costs allegedly payable under CLIN 0003, and that DOE paid that invoice in part.  Denies the remaining allegations contained in the first sentence of paragraph 149. Admits the allegations contained in the second sentence of paragraph 149.  With respect to the allegations contained in the third sentence of paragraph 149, admits that DOE reimbursed URS for certain costs claimed in connection with "urgent hillside repairs; Phase I

micropiles; the Phase II buttress wall; schedule delays due to hillside instability; Proposal 12-009 costs related to both project work and schedule days; and programmatic support costs." Denies the remaining allegations contained in the third sentence of paragraph 149

150.    With respect to the allegations contained in the first sentence of paragraph 150, admits that DOE has reimbursed URS for both direct costs and certain claimed delay costs asserted resulting from "hillside instability issues." Denies the remaining allegations contained in the first sentence of paragraph 150. With respect to the allegations contained in the second sentence of paragraph 150, admits to the extent supported by the document cited, which is the best evidence of its contents, that "the contracting officer's 2019 COFD held that URS's hillside instability claim had 'partial merit'"; otherwise denies that allegation. Denies the remaining allegations contained in the second sentence of paragraph 150. With respect to the allegations contained in the third sentence of paragraph 150, admits that DOE partially denied as meritless URS's claim for additional compensation based upon alleged hillside instability issues. Denies the remaining allegations contained in the third sentence of paragraph 150.

151.    Admits.

152.    Denies.

153.    Admits the allegations contained in the first sentence of paragraph 153. Admits the allegations contained in the second sentence of paragraph 153 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations.

154.    Denies.

155.    Admits.

156.    Admits the allegations contained in the first sentence of paragraph 156 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 156.

157.    The allegations contained in paragraph 157 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

158.    Admits the allegations contained in paragraph 158 to the extent consistent with the document cited, which is the best evidence of its contents; otherwise denies the allegations.

159.    Admits the allegations contained in paragraph 159 to the extent consistent with the document cited, which is the best evidence of its contents; otherwise denies the allegations.

160.    Admits the allegations contained in the first two sentences of paragraph 160 to the extent consistent with the document cited, which is the best evidence of its contents, otherwise denies the allegations.  Admits the allegations contained in the third sentence of paragraph 160 that the IRP stated "that the principal purpose of the enclosures was 'weather protection, prevention of water intrusion, or improving work conditions to allow all-weather and 24/7 access to enclosed work areas'" to the extent supported by the documented cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the remaining allegations contained in the third sentence of paragraph 160.

161.    Admits the allegations contained in the first sentence of paragraph 161 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the second sentence of paragraph 161 constitute conclusions of law, to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.  Admits the allegations contained in the third, fourth, and fifth sentences of paragraph 161 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

162.    Denies.

163.    Admits the allegation contained in the first sentence of paragraph 163 that URS submitted a design for the H2 enclosure system on February 7, 2011.  Denies the remaining allegations contained in the first sentence of paragraph 163. Admits the allegation contained in the second sentence of paragraph 163 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

164.    Admits the allegations contained in the first sentence of paragraph 164 regarding what URS planned to install in order to meet the reference performance specifications. Denies the allegation contained in the first sentence of paragraph 164 that installing single train HEPA filtration systems would have met the referenced performance specifications.  Denies the allegations contained in the second sentence of paragraph 164 for lack of knowledge or information as to how URS intended to fabricate the H2 ventilation system.  With respect to the allegations contained in the third sentence of paragraph 164, the assertion that "it met all DOE requirements for a Category 3 nuclear facility" is a legal conclusion, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  As to the remaining allegations contained in the third sentence of paragraph 165, denies those allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

165.    Admits the allegations contained in paragraph 165 that URS's submission was a final design reflecting pre-Modification 35 discussions and comments.  The remaining allegations

contained in paragraph 165 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

166.    Admits the allegation contained in paragraph 166 that on February 21, 2011, DOE sent URS comments on the preliminary design, copying DOE's contracting officer.  Denies the remaining allegations contained in paragraph 166.

167.    Admits the allegations contained in paragraph 167 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

168.    Admits.

169.    Admits that a DOE representative sent a letter concerning URS's H2 enclosure and ventilation system designs on March 4, 2011, and admits to the extent supported by the letter, which is the best evidence of its contents, the allegation that the letter contained the language block-quoted in paragraph 169; otherwise denies the allegation. The allegations contained in the final sentence of paragraph 160 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

170.    Admits the allegations contained in the first sentence of paragraph 170 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the second sentence of paragraph 170 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 170.

171.    Denies the allegations contained in the first sentence of paragraph 171.  Admits the allegations contained in the second sentence of paragraph 171 to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the third and fourth sentences of paragraph 171

172.     The allegations contained in paragraph 172 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

173.     Admits the allegations contained in the first sentence of paragraph 173 that the contracting officer was copied on the March 4, 2011 letter sent to URS, and that the contracting officer did not direct URS to "disregard" that letter. Denies the remaining allegations contained in the first sentence of paragraph 173. Admits the allegation contained in the second sentence of paragraph 173 that URS sent a letter on May 23, 2011. Admits that the letter contained the quoted language to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in that sentence. The allegations contained in the third sentence of paragraph 173 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

174.     The allegations contained in the first sentence of paragraph 174 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. With respect to the allegations contained in the second sentence of paragraph 174, admits to the extent supported by the document cited, which is the best evidence of its contents, the allegation that the IRP contained the quoted language; otherwise denies that allegation. Denies the remaining allegations contained in the second sentence of paragraph 174. With respect to the allegations contained in the third sentence of paragraph 174, admits to the extent supported by the document cited, which is the best evidence of its contents, the allegation

that the IRP contained the quoted language; otherwise denies that allegation. Denies the remaining allegations contained in the third sentence of paragraph 174.

175. The allegations contained in the first sentence of paragraph 175 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 175 that URS produced seventy-two designs drawings and thirty-one specific procedures, calculations, and specifications and had design work performed by an architect-engineer.  The allegations contained in the second sentence of paragraph 175 that the deliverables were not required under Modification 35 constitute conclusion of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third, fourth and fifth sentences of paragraph 175.

176. The allegations contained in paragraph 176 constitute characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

177. The allegations contained in the first sentence of paragraph 177 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 177 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the third sentence of paragraph 177.

178. Admits the allegations contained in paragraph 178 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

179.    Admits the allegations contained in paragraph 179 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

180.    Denies the allegation contained in paragraph 180 that the letter referenced was "received on February 6, 2012" for lack of information or information sufficient to form a belief as to its truth.  Admits the remaining allegations contained in paragraph 180 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

181.    Admits the allegations contained in paragraph 181 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

182.    With respect to the allegations contained in the first sentence of paragraph 182, the allegation that DOE "add still further requirements" is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the remaining allegations contained in the first sentence of paragraph 182 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the second sentence of paragraph 182 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the allegations contained in the third sentence of paragraph 182, admits that DOE required compliance with fire-safety standards that URS was contractually obligated to meet.  Denies the remaining allegations contained in the third sentence of paragraph 182.

183.    The allegations contained in paragraph 183 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

184.    With respect to the allegations contained in the first sentence of paragraph 184, admits that URS eventually cured its failure to submit a design that met applicable contract requirements for fire protection.  Denies the remaining allegations contained in the first sentence of paragraph 184.   The allegations contained in the second and third sentences of paragraph 184 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the fourth sentence of paragraph 184, admits that URS "installed and programmed a video camera-based system with both flame and smoke detection capabilities." Denies the remaining allegations contained in the fourth sentence of paragraph 184.

185.    The allegations contained in the first sentence of paragraph 185 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the second sentence of paragraph 185, denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations that "URS planned to install lighting in line with what it had used for similar projects and in line with industry custom and practice;" the remaining allegations contained in the second sentence of paragraph 185 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 185 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the fourth sentence of

35

paragraph 185.  The allegations contained in the fifth sentence of paragraph 185 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

186.    Denies the allegations contained in the first sentence of paragraph 186.  Admits the allegations contained in the second sentence of paragraph 186.  With respect to the allegations contained in the third sentence of paragraph 186, admits that the "hillside behind the G2 and H2 buildings failed," and that DOE issued a change order, memorialized in a contract modification, instructing URS to perform certain remedial hillside work; otherwise denies the allegations contained in the third sentence.   Admits the allegations contained in the fourth sentence of paragraph 186 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. Denies the allegations contained in the fifth sentence of paragraph 186.

187.    Admits the allegation contained in the first sentence of paragraph 187 that URS completed construction of the east side, west side, and roof of the H2 enclosure by the end of January, 2012.  Denies the remaining allegations contained in the first sentence of paragraph 187. Admits the allegation contained in the second sentence of paragraph 187 that micropile installation was completed on December 18, 2012. Denies the remaining allegations contained in the second sentence of paragraph 187.

188.    Admits the allegations contained in the first sentence of paragraph 188.  Admits the allegations contained in the second sentence to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

189.     The allegations contained in the first sentence of paragraph 189 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation contained in the second sentence of paragraph 189 that DOE provided funding to URS for the accelerated work schedule.  Denies the remaining allegations contained in the second sentence of paragraph 189.

190.     With respect to the allegations contained in the first sentence of paragraph 190, admits that DOE has compensated URS for ordered acceleration; denies the remaining allegations contained in the first sentence.  With respect to the allegations contained in the second sentence of paragraph 190, admits that URS ultimately rescheduled certain tent enclosure activities until after start-up of the H2 ventilation system.  Denies the remaining allegations contained in the second sentence of paragraph 190.   Admits the allegations contained in the third, fourth and fifth sentences of paragraph 190.   Denies the allegations contained in the sixth sentence of paragraph 190.

191.     Denies.

192.     Admits that DOE has reimbursed URS for certain costs claimed as a result of ordered acceleration; otherwise denies the allegations contained in paragraph 192.

193.     Admits the allegations contained in the first sentence of paragraph 193.  Admits the allegations contained in the second sentence of paragraph 193 that, at the time DOE and URS agreed to Modification 35, URS had made progress on the sludge removal operations and the parties did not anticipate that the remaining work would be difficult or time consuming.  Denies the remaining allegations contained in the second sentence of paragraph 193.

194.     Denies.

195.    Admits.

196.    Admits.

197.    Admits.

198.    Admits the allegations contained in paragraph 198 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

199.    Admits the allegations contained in paragraph 199 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

200.    Admits the allegations contained in paragraph 200 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

201.    Admits the allegations contained in paragraph 201 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

202.    Denies.

203.    Admits the allegations contained in the first sentence of paragraph 203 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence.  Denies the allegations contained in the second and third sentences of paragraph 203.

204.    Admits the allegation that "the circulation pumps in Tank 509E failed," "causing the sludge to settle in the tank and to no longer be ready for removal." Denies the remaining allegation contained in paragraph 204, including the allegation that there was a "lengthy delay."

205.      Admits the allegations contained in the first sentence of paragraph 205 that once the pumps failed, those pumps could no longer be used to remove the sludge and needed to be redesigned. Denies the suggestion in the first sentence of paragraph 205 that the pumps failed because of any delays caused by DOE or within its responsibility.   Denies the remaining allegations contained in the first sentence of paragraph 205.  Admits the allegations contained in the second sentence of paragraph 205 that URS, DOE and Energy Solutions met to discuss how to proceed.  Denies the remaining allegations contained in the second sentence of paragraph 205.

   Admits the allegation contained in the third sentence of paragraph 205 that new pumps would be required. Denies the remaining allegations contained in the third sentence of paragraph 205. Denies the allegations contained in the fourth sentence of paragraph 205.  Admits the allegations contained in the fifth sentence of paragraph 205 that once the pumps failed it proved more cost effective to replace the entire system however, denies that this need for replacement was related to any delays.

205.      With respect to the allegations contained in the first sentence of paragraph 206, admits that replacing the sludge-processing system and meeting related contract requirements caused URS to incur costs.  Denies the remaining allegations contained in the first sentence of paragraph 206..  Denies the allegations contained in the second sentence of paragraph 206 for lack of knowledge or information sufficient to form a belief as to their truth.

207.      Admits.

208.      With respect to the allegations contained in the first sentence of paragraph 208, admits that URS, to comply with its contractual obligations, was required to incur the expense associated with sending "[r]adiologically contaminated water" "to a specialized facility."  Denies

the remaining allegations contained in the first sentence of paragraph 208. Denies the allegations

contained in the second, third, and fourth sentences of paragraph 208.

209.    With respect to the allegations contained in the first sentence of paragraph 209,

admits that, during its performance of the SPRU task order prior to November 2010, URS

discharged water from SPRU's groundwater collection system into the Mohawk River after on-

site treatment.   Denies the remaining allegations contained in the first sentence of paragraph 209.

Admits the allegations contained in the second sentence of paragraph 209 to the extent supported

by the referenced letter, which is the best evidence of its contents; otherwise denied.  .

210.    Admits the allegations contained in the first sentence of paragraph 210 to the

extent supported by the contents of the document cited, which is the best evidence of its contents;

otherwise denies the allegations.  With respect to the allegation contained in the second sentence

of paragraph 210, admits that a DOE employee contacted officials at DOE headquarters on

December 9, 2010, and asked to engage again on the issue of disposal of water from the SPRU

site at a DuPont facility.  Denies the remaining allegations contained in the second sentence of

paragraph 210.  With respect to the allegations contained in the third sentence of paragraph 210,

admits that, on December 10, 2010, an employee at DOE headquarters sent an email to an

employee at the DOE Environmental Management Consolidated Business Center addressing

URS's proposed plan for disposing of SPRU water at the DuPont facility; further admits the

allegations contained in the third sentence to the extent supported by that email, which is the best

evidence of its contents; otherwise denies the allegations.  With respect to the allegations

contained in the fourth sentence of paragraph 210, admits that a DOE employee emailed a draft

guidance document to URS on December 14, 2010; further admits the allegations contained in

the fourth sentence of paragraph 210 to the extent supported by that email, which is the best evidence of its contents; otherwise denies the allegations.

211.    Admits the allegations contained in paragraph 211 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

212.    Admits.

213.    Admits that a DOE employee sent an email to URS on February 9, 2011, containing language quoted in part by plaintiff in paragraph 213; further admits the allegations contained in paragraph 213 to the extent supported by that email, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 213.

214.    Denies the allegations contained in the first sentence of paragraph 214 for lack of knowledge or information sufficient to form a belief as to its truth.  Admits the allegations contained in the second sentence of paragraph 214 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

215.    Admits the allegations contained in the first sentence of paragraph 215 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 215.

216.    Admits the allegations contained in paragraph 216 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

217.    Denies.

218.    Admits.

219.    Admits the allegations contained in the first and second sentence of paragraph 219 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. Admits the allegations contained in the third sentence of paragraph 219.

220.    With respect to the allegations contained in the first sentence of paragraph 220, admits to the extent supported by the documents cited, which are the best evidence of their contents, the allegation that "DOE-EM substantially incorporated URS's comments;" otherwise denies that allegation; admits that a DOE-EM official approved the memorandum on March 14, 2011. Denies the remaining allegations contained in the first sentence of paragraph 220. With respect to allegations contained in the second sentence of paragraph 220, admits that a DOE-SPRU official submitted a copy of the memorandum to an official at DOE's Office of Nuclear Safety, Quality Assurance, and Environment on March 31, 2011; otherwise denies the allegations contained in the second sentence of paragraph 220. Admits the allegations contained in the third sentence of paragraph 220.

221.    Admits the allegation contained in paragraph 221 that URS received final approval on April 12, 2011. Denies the remaining allegations contained in paragraph 221.

222.    Admits the allegation contained in the first sentence of paragraph 222 that the capacity of the onsite storage was exceeded and URS was required by contract to treat and then ship the water to offsite disposal. Denies the remaining allegations contained in the first sentence of paragraph 222. Admits the allegation contained in the second sentence of paragraph 222 that offsite disposal at Perma-Fix was more expensive than DuPont due to its distance. Denies the remaining allegations contained in the second sentence of paragraph 222.

223.    Denies that "URS would have been able to ship water for disposal to DuPont at a cost of $0.80 per gallon"; admits that URS shipped water for disposal at the Perma-Fix facility. Denies the remaining allegations contained in paragraph 223.

224.    The allegation contained in the first sentence of paragraph 224 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in the second sentence of paragraph 224 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

225.    Admits that URS submitted more than one baseline, as required by Modification 35. Denies the remaining allegations contained in paragraph 225.

226.    Admits the allegation contained in the first sentence of paragraph 226 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the second and third sentences of paragraph 226. With respect to the allegations contained in the fourth sentence of paragraph 226, the allegations that "BCP 124 reflected the schedule agreed upon in Modification 35 and was consistent with the requirements in Modification 35" constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; admits that DOE determined that the submission failed to meet contract requirements and requested that URS cure defects. Denies the remaining allegations contained in the fourth sentence of paragraph 226.

227.    Admits the allegation contained in paragraph 227 that the referenced February 21, 2011 letter that URS wrote to DOE's contracting officer was after URS first learned of the

NESHAP permitting requirement.  Admits the remaining allegations contained in paragraph 227 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

228.    Admits that, on March 7, 2011, after URS sent its February 21, 2011 letter refusing to incorporate certain NESHAP requirements into its baseline schedule without written direction from the contracting officer, the contracting officer responded in writing.  Further admits, to the extent supported by that written response, which is the best evidence of its contents, the allegations that the contracting officer "ordered URS to obtain NESHAP pre-construction permits for the H2 and G2 enclosures and ventilation systems and instructed that URS 'shall include this direction into the revised baseline and submit it to DOE by March 11, 2011;'" otherwise denies those allegations.  Denies the remaining allegations contained in paragraph 228.

229.    Denies.

230.    Admits the allegations contained in the first sentence of paragraph 230 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in the first sentence.  With respect to the allegations contained in the second sentence of paragraph 230, admits that URS submitted BCP 133 on May 23, 2011. Denies the remaining allegations contained in the second sentence of paragraph 230.  Admits the allegations contained in the third and fourth sentences of paragraph 230 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the fifth sentence of paragraph 230.

231.    Admits the allegations contained in the first sentence of paragraph 231 to the extent supported by a letter from Wendy Bauer to John J. Barrett, III, dated June 8, 2012, which is the best of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in the first sentence of paragraph 231.  Admits the allegations contained in the second sentence of paragraph 231. Admits the allegations contained in the third sentence of paragraph 131 that DOE has reimbursed URS for these costs.  Admits the allegations contained in the fourth sentence of paragraph 231.

232.    Admits the allegation contained in the first sentence of paragraph 232.  Denies the allegations contained in the second sentence of paragraph 232.  With respect to the allegations contained in the third sentence of paragraph 232, admits that in December 2012, DOE gave URS conditional notice to proceed.  Denies the remaining allegations contained in the third sentence of paragraph 232.

233.    Admits the allegations contained in paragraph 233 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

234.    Admits that a DOE employee sent URS a letter on July 24, 2013; admits, to the extent supported by the letter, which is the best evidence of its contents, the allegations that the letter copied the contracting officer and requested "a revised baseline to 'provide a realistic schedule of performance of the task order work;'" otherwise denies those allegations.  Denies the remaining allegations contained in paragraph 234.

235.    Admits the allegations contained in the first and second sentences of paragraph 235 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of

paragraph 235.  The allegations contained in the fourth sentence of paragraph 235 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

236.    Denies.

237.    Admits the allegations contained in paragraph 237 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

238.    Admits.

239.    Admits the allegations contained in the first sentence of paragraph 239.  With respect to the allegations contained in the second sentence of paragraph 239, admits that DOE "compensated URS for its costs in developing BCP 154." Denies the remaining allegations contained in the second sentence of paragraph 239.  With respect to the allegations contained in the third sentence of paragraph 239, denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation that "URS has incurred unreimbursed activity-related costs related to the preparation of BCPs 133 and 178," and avers that URS is owed no additional compensation in connection with the preparation of the specified schedules.

240.    Denies.

241.    Denies the allegations contained in the first two sentences of paragraph 241. With respect to the allegations contained in the third sentence of paragraph 241, admits that, since April 2014, URS has asserted on numerous occasions that it is owed additional compensation for alleged "differing site conditions or pre-existing conditions." Denies the remaining allegations contained in the third sentence of paragraph 241.

242.    Denies.

243.    Admits, to the extent supported by the document cited, the allegation that "the HSA states that the equipment had been drained;" otherwise denies that allegation. Denies the remaining allegations contained in the first sentence of paragraph 243.  Admits the allegations contained in the second sentence of paragraph 243.  With respect to the allegations contained in the third sentence of paragraph 243, admits that URS had to properly characterize and dispose of the equipment. Denies the remaining allegations contained in the third sentence of paragraph 243.

244.    Denies the allegations contained in the first sentence of paragraph 244.  Denies the allegations contained in the second sentence of lack of information or knowledge sufficient to form a belief as to the truth of the allegations.  With respect to the allegations contained in the third sentence of paragraph 244, denies the allegation that the conditions were inconsistent with the HSA.  Admits the remaining allegations that quote the HSA to the extent supported by the HSA, which is the best evidence of its contents; otherwise denies the allegations.

245.    The allegations contained in paragraph 245 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

246.    With respect to the allegations contained in the first sentence of paragraph 246, admits that DOE compensated URS via task order modifications for certain costs that URS claimed were excluded from Modification 35's cost-sharing provision.  Denies the remaining allegations contained in the first sentence of paragraph 246.  With respect to the allegations contained in the second sentence of paragraph 246, admits that DOE denied some demands by

URS for additional compensation. Denies the remaining allegations contained in the second sentence of paragraph 246.

247.    Admits the allegations contained in paragraph 247 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

248.    Denies.

249.    The allegations contained in paragraph 249 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

250.    With respect to the allegations contained in the first sentence of paragraph 250, admits that the presence of the mixer-settler required URS to change its work schedule. Denies the remaining allegation contained in the first sentence of paragraph 250.  Admit the allegations contained in the second and third sentences of paragraph 250.

251.    Admits the allegations contained paragraph 251 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

252.    Denies for lack of knowledge the allegation contained in the first sentence of paragraph 252 that URS "discovered" the process piping following the execution of Mod 35. Admits the allegation contained in the second sentence of paragraph 252 that the piping was contaminated, and avers that the contamination was consistent with what should have been expected in building G2.

253.    Denies the allegation contained in the first sentence of paragraph 253 that URS first became aware of the G2 header vent in late 2011 for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.   Denies the allegation contained in the

second sentence of paragraph 253 that URS discovered internal contamination for lack of knowledge or information sufficient to form a belief as to the truth of the allegation. Denies the allegation contained in the second sentence of 253 that the vents had not been "flushed properly." Admits the allegations contained in the third and fourth sentences of paragraph 253 to the extent supported by the HSA, which is the best evidence of its contents; otherwise denies the allegations.

254.    Denies.

255.    Denies the allegation contained in the first sentence of paragraph 255 that the alpha was "two times higher than even those areas considered to be high contamination areas" for lack of knowledge or information sufficient to form a belief as to its truth and for vagueness as to what comparison is being made. Denies the allegation contained in the second sentence of paragraph 255, and avers that the contamination was consistent with what could be expected from G2 historical operations. Denies the allegations contained in the third sentence of paragraph 255.

256.    With respect to the allegations contained in the first sentence of paragraph 256, admits that, on October 1, 2015, URS asserted to the contracting officer "that the presence of contamination in the Building G2 roof header vent constituted a differing site condition or pre-existing site condition." Denies the remaining allegations contained in the first sentence of paragraph 256. Admits the allegations contained in the second sentence of paragraph 256.

257.    Admits the allegation contained in the first sentence of paragraph 257 that URS had to spend time and effort characterizing and removing the ventilation system. Denies the allegation contained in the first sentence of paragraph 257 concerning whether URS budgeted the work as part of the scope of its task order for lack of knowledge or information sufficient to form

49

a belief as to the truth of the matter asserted. Admits the allegation contained in the second sentence of paragraph 257 that URS incurred activity-related costs to remove the vent. Denies the remaining allegations contained in the second sentence of paragraph 257.

258.    Admits the allegation contained in the first sentence of paragraph 258. Admits the allegations contained in the second sentence of paragraph 258 that URS had to dispose of the contaminated lead, and that the work resulted in clean-up costs. Denies the remaining allegations contained in the second sentence of paragraph 258. Admits the allegation contained in the third sentence of paragraph 258 that URS disposed over 100,000 pounds of unanticipated contaminated lead from the pipe trench resulting in cleanup costs. Denies the remaining allegations contained in the third sentence of paragraph 258.

259.    Admits the allegations contained in the first two sentences of paragraph 259 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations. Admits the allegations contained in the third sentence of paragraph 259 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations in the third sentence of paragraph 259. Denies the allegations contained in the fourth sentence of paragraph 259.

260.    Admits the allegations contained in paragraph 260 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

261.    Admits the allegations contained in the first sentence of paragraph 261 that the trench itself was not visible except on drawings and photographs. Denies the remaining allegations in the first sentence of paragraph 261. Denies the allegations contained in the second sentence of paragraph 261.

262.    Denies the allegations contained in the first sentence of paragraph 261.  Denies the allegations contained in the second sentence of paragraph 261 for lack of knowledge or information sufficient to form a belief as to its truth.

263.    Admits the allegation contained in the first sentence of paragraph 263 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 263.  Admits the allegations contained in the second sentence of paragraph 263.

264.    Admits the allegations contained in the first sentence of paragraph 264 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the second sentence of paragraph 264.

265.    Admits the allegation contained in the first sentence of paragraph 265 that URS had to dispose of the lead.  Denies the remaining allegations contained in the first sentence of paragraph 265.    Admits the allegations contained in the second, third, fourth, fifth and sixth sentences of paragraph 265.

266.    Admits that URS incurred activity-related costs attributable to the presence of the lead.  Denies the remaining allegations contained in paragraph 266.

267.    Admits.

268.    Admits the allegations contained in the first, second, and third sentences of paragraph 268 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the last sentence of paragraph 268.

269.    Admits the allegations contained in paragraph 269 that the HSA contained information that mercury was present, avers that the amount could not be determined from the document itself.  Denies the remaining allegations contained in paragraph 269.

270.    Admits the allegation contained in the first sentence of paragraph 270 that, on March 31, 2015, URS detected mercury contamination near the Building H2 319-foot level pipe trench.  Admits the allegation contained in the first sentence of paragraph 270 concerning what the HSA indicates to the extent supported by the HSA, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in paragraph 270. Admits the allegations contained in the second sentence of paragraph 270.

271.    Admits.

272.    With respect to the allegations contained in the first sentence of paragraph 272, admits to the extent supported by the document cited, which is the best evidence of its contents, the allegation that "the HSA specifically identified the presence of mercury in certain locations, including the H2 tank vaults, but did not identify or indicate the presence of mercury elsewhere in Building H2 or the H2 Pipe Tunnel"; otherwise denies that allegation.  Denies the allegation contained in the first sentence of paragraph 272 regarding what URS planned to address for lack of knowledge or information sufficient to form a belief as to its truth.  Denies the allegations contained in the second sentence of paragraph 272.  Admits the allegation contained in the third sentence of paragraph 272 that removing Mercury may have impacted URS's costs.  Denies the remaining allegations contained in the third sentence of paragraph 272.

273.    Denies.

274.    Admits the allegation contained in the first sentence of paragraph 274 that URS incurred activity-related costs associated with mercury removal.  Denies the remaining allegations contained in the first sentence of paragraph 274.  Admits the allegations contained in the second sentence of paragraph 274 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 274.   Admits the allegations contained in the third sentence of paragraph 274.

275.    Admits.

276.    Admits, to the extent supported by the document cited, which is the best evidence of its contents, the allegation that "Section C.2.3 of Modification 35 provides a range of volumes of groundwater collected based on historical data;" otherwise denies that allegation. Denies the remaining allegations contained in the first sentence of paragraph 276.  Denies the allegation contained in the second sentence of paragraph 276 regarding URS's investigation for lack of knowledge or information sufficient to form a belief as to its truth. Denies the remaining allegations contained in the second sentence of paragraph 276.   Denies the allegations contained in the third sentence of paragraph 276.

277.    Admits the allegations contained in paragraph 277 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

278.    Admits the allegations contained in paragraph 278 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

279.    Denies.

280.    Admits the allegations contained in paragraph 280 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

281.    Denies.

282.    Admits the allegations contained in the first two sentences of paragraph 282. With respect to the allegations contained in the third sentence of paragraph 282, admits that DOE followed up on URS's concerns about the status of the suspected fire main break and any other evaluations NR had performed on the issue. Denies the remaining allegations contained in the third sentence of paragraph 282 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the fourth sentence of paragraph 282 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

283.    Admits that URS raised the issue of elevated water collection rates in a presentation during a workshop in April 2013; admits the remaining allegations contained in paragraph 283 to the extent supported by that presentation, which is the best evidence of its contents; otherwise denies the allegations.

284.    Admits the allegations contained in the first sentence of paragraph 284 that URS raised the issue of water infiltration. Denies the allegation contained in the first sentence of paragraph 284 as to whether URS raised the issue because someone had smelled chlorinated water for lack of knowledge or belief sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 284 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

Admits the allegations contained in the third and fourth sentence of paragraph 284 to the extent supported by the meeting notes of the August 26, 2014 technical issues workshop, which are the best evidence of their contents; otherwise denies the allegations.

285.    Admits the allegation that DOE-EM addressed URS's concerns in the August 26, 2014 technical issues workshop to the extent supported by that workshop's minutes, which are the best evidence of their contents; otherwise denies the allegations.

286.    Admits the allegations contained paragraph 286 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations in paragraph 286.

287.    Denies.

288.    Admits the allegations contained in the first three sentences of paragraph 288 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the fourth sentence of paragraph 288 that a DOE representative requested additional comparison data. Denies the remaining allegations contained in the fourth sentence of paragraph 288.

289.    Admits the allegations contained in the first sentence of paragraph 289.  Denies the allegations contained in the second sentence of paragraph 289.

290.    Admits the allegation contained in the first sentence of paragraph 290 that URS provided the requested additional comparison data after the meeting, and that URS asserted "that the varying annual precipitation data over the preceding ten years could not be correlated with the water collected in the H2 footer drain." Denies the remaining allegations contained in the first sentence of paragraph 290.  Admits the allegations contained in the second and third sentences of paragraph 290.

291.    Denies the allegations contained in the first sentence of paragraph 291. Admits the allegations contained in the second sentence of paragraph 291.

55

292.    Admits the allegations contained in the first sentence of paragraph 292.  Admits the allegations contained in the second sentence of paragraph 292 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the third sentence of paragraph 292.

293.    Denies the allegation contained in the first sentence of paragraph 293.  Denies the allegations contained in the second, third, fourth and fifth and sixth sentences about URS's 2018 water studies for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

294.    Admits the allegations contained in the first sentence of paragraph 294 that URS was required to expend time and resources collecting and shipping the water collected on the site.  Denies the remaining allegations contained in the first sentence of paragraph 294. Admits the allegations contained in the second sentence of paragraph 294.

295.    The allegations contained in the first and second sentences of paragraph 295 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

296.    Denies the allegations contained in the first sentence of paragraph 296 for  lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 296.

297.    Denies.

298.    Admits the allegations contained in paragraph 298 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

299.    Admits the allegations contained in the first sentence of paragraph 299 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  The allegations contained in the second and third sentences of paragraph 299 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

300.    Admits the allegations contained in the first sentence of paragraph 300 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the allegations contained in the second sentence, admits, to the extent supported by the document cited, which is the best evidence of its contents, the allegation that "Sections C.2.2 and C.2.3 of Modification 35 directed URS to utilize the information provided in the HSA for planning work"; otherwise denies the allegations.  Denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation that "URS used the data in the HSA to plan its decontamination efforts to meet contractual contamination limits."

301.    Admits the allegations contained in the first sentence of paragraph 301 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  Denies the allegations contained in the second sentence of paragraph 301.

302.    Denies the allegations contained in paragraph 302 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

303.    Admits the allegations contained in paragraph 303 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

304.    Denies.

305.    To the extent the first sentence of paragraph 305 alleges that URS "based its cost and schedule estimates in the IRP and the post-Modification 35 baseline schedule" solely or principally upon "the data in the HSA," denies that allegation. Denies the remaining allegations contained in the first sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second and third sentences of paragraph 305 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

306.    Denies the allegations contained in paragraph 306 that URS was not allowed to conduct any characterization on site after work was halted in September 2010 and that its limited characterization was reasonably performed. Denies the remaining allegations contained in paragraph 306 for lack of knowledge or belief sufficient to form a belief as to the truth of the matter asserted.

307.    Admits the allegation contained in the first sentence of paragraph 307 that URS could not survey the depth in some areas because of equipment blockage. Denies the remaining allegations contained in the first sentence. Admits the allegations contained in the second sentence characterizing the surveys and the original Task Order to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations. Denies the remaining allegations contained in the second sentence of paragraph 307.

308.    Denies.

309.    Denies.

310.    Admits the allegation contained in paragraph 310 that the loose contamination found in G2 was higher than indicated in the HSA.  Denies the remaining allegations contained in paragraph 310.

311.    Admits the allegations contained in the first and second sentences of paragraph 311 to the extent they are consistent with the 2016 SPRU Disposition Project Radiological Survey Report, which is the best evidence of its contents, otherwise denies the allegations.

312.    Denies.

313.    Admits the allegations contained in the first sentence of paragraph 313.  With respect to the allegations contained in the second sentence of paragraph 313, admits that there is a correlation between the loose and fixed contamination.  Denies the remaining allegations contained in the second sentence of paragraph 313.

314.    To the extent the first sentence of paragraph 314 purports to identify "the actual contractual requirement in Modification 35," the allegations contained in that sentence constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in the first sentence of paragraph for lack of knowledge or information sufficient to form a belief as to truth of the matter asserted.  The allegations contained in the second sentence of paragraph 314 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

315.    Denies.

316.    Admits the allegations contained in the first sentence of paragraph 316 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  Admits the allegations contained in the second sentence of paragraph 316.

317.    Denies the allegations contained in paragraph 317 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

318.    Admits.

319.    Denies the allegations contained in the first sentence of paragraph 319 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second, third and fourth sentences of paragraph 319 to the extent supported by the final survey data packages provided by URS in April 2016, which are the best evidence of their contents; otherwise denies the allegations.

320.    Denies the allegations contained in the first sentence of paragraph 320 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second sentence of paragraph 320.

321.    Denies the allegations contained in the first and second sentences of paragraph 321 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Denies the allegations contained in the third sentence of paragraph 321.

322.    Denies the allegations contained in the first sentence of paragraph 322 concerning what URS anticipated.  Admits the allegation contained in the second sentence of paragraph 322 that machine scabbling may not be as effective for contamination that has penetrated the surface of the concrete up to twelve inches deep.  Denies the remaining allegations contained in the second sentence of paragraph 322.

60

323.    Admits the allegations contained in paragraph 323 that URS had to partially or fully demolish under the enclosures and had to demolish certain portions of buildings where scabbling was not sufficient to remove the contamination.  Denies the remaining allegations contained in paragraph 323 regarding the efficacy of machine scabbling at different depths for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

324.    Denies the allegation contained in the first sentence of paragraph 324 that demolishing concrete with deeper contamination is less effective than scabbling.  Denies the allegation contained in the first sentence of paragraph 324 concerning what URS anticipated for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegation contained in the second sentence of paragraph 324.

325.    Denies the allegations contained in the first sentence of paragraph 325. With respect to the allegations contained in the second sentence of paragraph 325, admits that URS could not use traditional scabbling equipment in some areas due to space constraints and avers that this would have been realized by a reasonable inspection of the site in the years prior to Modification 35.  Denies the remaining allegations contained in the second sentence of paragraph 325.

326.    Admits.

327.    Admits.

328.    The allegation contained in the first sentence of paragraph 328 that URS "experimented with new equipment and techniques" "in line with the parties' mutual commitment in Section H.920 of Modification 35" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the

allegations contained in the first sentence of paragraph 328 regarding the motivation underlying URS' experimentation with new equipment and technique for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Admits the allegations contained in the second and third sentences of paragraph 328.

329.    Admits the allegations contained in the first sentence of paragraph 329. Admits the allegations contained in the second sentence of paragraph 329 that URS expended costs for equipment rentals and subcontracting costs. Denies the remaining allegations contained in the second sentence of paragraph 329.

330.    Admits the allegations contained in paragraph 230 that the contamination levels caused URS to incur activity-related costs associated with scabbling. Denies the remaining allegations contained in paragraph 330.

331.    Denies.

332.    Admits.

333.    Admits the allegations contained in the first sentence of paragraph 333 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the second sentence of paragraph 333.

334.    Admits the allegations contained in the first, second, third, and fourth sentences of paragraph 334 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the fifth sentence of paragraph 334.

335.    Denies.

336.    Denies the allegations contained in the first and second sentence of paragraph 336.  Denies the allegation contained in the third sentence regarding what URS anticipated for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

337.    Denies.

338.    Denies.

339.    Admits.

340.    Admits the allegations contained in the first sentence of paragraph 340 that, in some case, it was not reasonably feasible for URS to achieve Modification 35's open-air demolition requirements using typical methods, like scabbing.  Denies the remaining allegations contained in the first sentence of paragraph 340.  Admits the allegations contained in the second, third, and fourth sentence of paragraph 340.

341.    Denies.

342.    Admits the allegation contained in the first sentence of paragraph 342 that URS made DOE aware that URS encountered radiation in the sumps that required actions to decontaminate and remove.  The remaining allegations contained in the first sentence of paragraph constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 342.

343.    Admits the allegations contained in the first sentence of paragraph 343 that DOE reimbursed URS for activity-related and delay-related costs associated with the G2 Cell 1 sump.  Denies the remaining allegations contained in the first sentence of paragraph 343.  Admits the allegations contained in the second sentence of paragraph 343.

344.     Admits the allegations contained in the first sentence of paragraph 344 that the contamination of the sumps led to unreimbursed activity related costs.  Denies the allegations contained in the second sentence of paragraph 344.

345.     Denies.

346.     Denies the allegations contained in the first sentence of paragraph 346.  Denies the allegations contained in the second sentence of paragraph 346 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

347.     Denies.

348.     Denies.

349.     Admits the allegation contained in the first sentence of paragraph 349 that supplies and equipment were needed to perform the work.  Denies the remaining allegations contained in the first sentence of paragraph 349. Admits the allegation contained in the second sentence of paragraph 349.

350.     Admits the allegations contained in the first sentence of paragraph 350 that encountering chemical hazards required revisions to work packages.  Denies the remaining allegations contained in the first sentence of paragraph 350.  Admits the allegations contained in the second sentence of paragraph 350 that RADCON personnel had to conduct surveys, analyze samples and ship samples off-site.  Denies the remaining allegations contained in the second sentence of paragraph 350. Admits the allegations contained in the third sentence of paragraph 350 that the additional testing caused work stoppages.  Denies the remaining allegations contained in the third sentence of paragraph 350.

351.    Admits the allegation contained in the first sentence of paragraph 351 that URS had to sample and wait for results of samplings of concrete and dust placed into containers. Denies the remaining allegations contained in the first sentence of paragraph 351.   Denies the allegations contained in the second sentence of paragraph 351.  Admits the allegation contained in the third sentence of paragraph 351 that using both reusable and non-reusable containers would increase the cost of performance.  Denies the remaining allegations contained in the third sentence of paragraph 351.

352.    Admits the allegations contained in the first sentence of paragraph 352 that mitigating safety risks requires training, PPE, and conducting investigations to address safety issues.  Denies the remaining allegations contained in the first sentence of paragraph 352. Admits the allegation contained in the second sentence of paragraph 352.

353.    Admits the allegation contained in paragraph 353 that URS rotated personnel at the worksite to mitigate dose rates.  Denies the remaining allegations contained in the paragraph 353.

354.    Denies the allegations contained in the first sentence of paragraph 354.  Admits the allegations contained in the second, third, fourth, and fifth sentence of paragraph 354.

355.    Admits the allegations contained in the first sentence of paragraph 355 that URS had to use more engineering controls to ensure that its workers had sufficient respiratory protection.  Denies the remaining allegations contained in the first sentence of paragraph 355. Admits the allegations contained in the second sentence of paragraph 355.

356.    Admits the allegations contained in paragraph 365 and avers that the steps that URS had to take to protect its personnel had to be taken regardless of the extent to which URS anticipated the level of contamination.

357.    The allegations contained in paragraph 357 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

358.    The allegations contained in the first sentence of paragraph 358 concerning the type of contract under FAR Section 16.301-2(a) that is intended to be cost reimbursable constitutes conclusions of law to which not answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in the first sentence of paragraph 358. Denies the allegations contained in the second sentence of paragraph 358.

359.    The allegations contained in paragraph 359 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

360.    The allegations contained in the first sentence of paragraph 360 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 360 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

361.    The allegations contained in the first sentence of paragraph 361 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations

66

of fact, they are denied. The allegations contained in the second sentence of paragraph 361 regarding extra-contractual requirements and out-of-scope work constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits that there was some delay to the critical path with respect to building H2. Denies the remaining allegations contained in the second sentence of paragraph 361.

362.    The allegations contained in paragraph 362 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

363.    The allegations contained in paragraph 363 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

364.    The allegations contained in paragraph 364 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

365.    The allegations contained in the first three sentences of paragraph 365 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the fourth sentence of paragraph 365.

366.    The allegations contained in paragraph 366 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

367.    Admits the allegation that DOE issued Task Order modifications to reimburse URS for certain activity and delay-related costs.  Denies the remaining allegations contained in paragraph 367.

368.    Admits the allegations contained in paragraph 368 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

369.    Admits the allegations contained in paragraph 369 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

370.    Admits the allegations contained in paragraph 370 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

371.    The allegations contained in paragraph 371 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

372.    Admits the allegations contained in the first two sentences of paragraph 372 to the extent supported by Modification 139, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of paragraph 372.

373.    Admits the allegations contained in the first and second sentences of paragraph 373 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.  Denies the allegations contained in the third sentence of paragraph 373.

374.    Admits the allegations contained in the first sentence of paragraph 374.  Denies the allegations contained in the second sentence of paragraph 374.  Denies the allegations

contained in the third sentence of paragraph 374 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

375.    Admits the allegations contained in the first sentence of paragraph 375 that some leaching did occur requiring some re-cleaning and surveying.  Denies the remaining allegations contained in the first sentence of paragraph 375.  Denies the allegations contained in the second and third sentences in paragraph 375.

376.    Admits.

377.    Admits the allegations contained in paragraph 377 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations in paragraph 377.

378.    Admits the allegations contained in the first sentence of paragraph 378 that URS could not apply fixatives and perform final pre-demolition inspections until April 6, 2016. Denies the remaining allegations contained in the first sentence of paragraph 378.  Admits the allegations contained in the second sentence that URS was delayed in proceeding with the application of fixative, performing post-fixative surveys and declaring the area ready for open-air demolition.  Denies the remaining allegations contained in the second sentence of paragraph 378.

379.    Admits.

380.    Denies.

381.    Admits the allegations contained in paragraph 381 that, for Building H2, URS was delayed in starting open-air demolition.  Denies the remaining allegations contained in paragraph 381.

382.    Admits the allegations contained in the first sentence of paragraph 382. The allegations contained in the second sentence of paragraph 382 constitute conclusions of law for which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

383.    Admits the allegations contained in the first sentence of paragraph 383. Admits the allegations contained in the second sentence of paragraph 383 that, on October 12, 2017, DOE confirmed that it was satisfied that Building H2 was ready for open-air demolition. Denies the remaining allegations contained in the second sentence of paragraph 383.

384.    Denies.

385.    Admits the allegation contained in the first sentence of paragraph 385. Denies the allegations contained in the second sentence of paragraph 385.

386.    Denies.

387.    Admits the allegation contained in the first sentence of paragraph 387. Admits the allegation contained in the second sentence of paragraph 387 that URS had to re-clean the G2 cell liners before proceeding with demolition. Denies the remaining allegations contained in the second sentence of paragraph 387. Admits the allegations contained in the third sentence of paragraph 387 that URS incurred activity-related costs associated with this work. Denies the remaining allegations contained in the third sentence of paragraph 387.

388.    Denies.

389.    The allegations contained in the first sentence of paragraph 389 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence to the extent

supported by Modification 139, which is the best evidence of its content; otherwise denies the allegations.  Admits the allegations contained in the third sentence of paragraph 389 that URS developed and delivered the data packages for Buildings G2 and H2 and that DOE did not compensate URS for creating the data packages. Denies the remaining allegations contained in the third sentence of paragraph 139.

390.    The allegations contained in paragraph 390 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

391.    Denies the allegations contained in the first and second sentences of paragraph 391.  With respect to allegations contained in the third sentence of paragraph 391, the allegation that URS was "requir[ed] to abide by extracontractual demands instead of the requirements set forth in Modification 35" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the third sentence of paragraph 391 that DOE deferred to ORISE and referred to ORISE as "DOE experts."  Denies the remaining allegations contained in the third sentence of paragraph 391.

392.    The allegations contained in the first sentence of paragraph 392 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. With respect to the allegations contained in the second sentence of paragraph 392, admits that ORISE performed surveys using a standardized wipe technique over a 100 cm2 area.   Denies the remaining allegations contained in the second sentence of paragraph 392.  Denies the allegations contained in the third sentence of paragraph 392.

71

393.    The allegations contained in paragraph 393 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

394.    With respect to the allegations contained in the first sentence of paragraph 394, the allegation that URS "follow[ed] Modification 35 requirements" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the first sentence of paragraph 394 that URS's 1m2 wipes assessed average contamination area 100 times the size of the area assessed using ORISE's approach.  With respect to the allegations contained in the second sentence of paragraph 394, the allegation that "the contamination levels met the criteria in Modification 35 when appropriately averaged across a broader sample size" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations contained in the second sentence of paragraph that the surveys by ORISE identified "exceedances" in very small areas.

395.    With respect to the allegations contained in the first sentence of paragraph 395, admits that DOE listened to ORISE if it determined that locations within the facility exceeded the limits required for open air demolition.  Denies the remaining allegations contained in the first sentence of paragraph 395.  The allegations contained in the second sentence of paragraph 395 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the third sentence of paragraph 395, the allegations that "URS had to use two different sampling methods – one to comply with the loose contamination limits in Modification 35 and another to comply with the

72

heightened requirements extra-contractually imposed by DOE as a result of the contracting officer's order that URS must receive ORISE's verification before it could proceed with applying fixatives or demolition" constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits that URS asserted those same legal conclusions in a communication to the DOE contracting officer.  Denies the remaining allegations contained in the third sentence of paragraph 395.  The allegations contained in the fourth sentence of paragraph 395 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

396.     The allegations contained in the first sentence of paragraph 396 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the second sentence of paragraph 396, the allegation that "URS had to perform" "extra work" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits that the additional sampling added little value to the project.  Denies the remaining allegations contained in the second sentence of paragraph 396.

397.     Admits the allegations contained in the first sentence of paragraph 397.   With respect to the allegations contained in the second sentence of paragraph 397, admits that the contracting officer was aware of the referenced requirement.  The remaining allegations contained in paragraph 397 regarding contracting officer approval constitutes conclusions of law to which no answer is required, to the extent it may be deemed allegations of fact, they are denied.

398.    Admits the allegations contained in the first sentence of paragraph 398 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the second sentence of paragraph 398.

399.    The allegations contained in paragraph 399 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

400.    Admits that DOE directed URS to collect and analyze additional concrete samples as part of URS's surveying process.  The remaining allegations contained in paragraph 400 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

401.    With respect to the allegations contained in the first sentence of paragraph 401, admits that there are circumstances in which it is appropriate to measure residual contamination as an average of a full contamination and there are circumstances in which using an average is not appropriate, such as if a known area has a higher concentration and that area is close to populated buildings.  Admits that DOE expected URS to follow the agency's procedures that required URS to perform calculations to ensure that the agreed loose and fixed contamination limits were met.  Denies the remaining allegations contained in the first sentence of paragraph 401. The allegations contained in the second sentence of paragraph 401 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

402.    Admits the allegation contained in the first sentence of paragraph 402 that URS took nearly fifty concrete samples in G2 and thirty in H2 in 2014 and 2015.  Denies the

remaining allegations contained in the first sentence of paragraph 402. The allegations contained in the second sentence of paragraph 402 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

403.      Admits the allegations contained in the first sentence of paragraph 403.  Admits the allegation contained in the second sentence of paragraph 403 that DOE required each sampled area to individually meet fixed contamination limits.  Denies the remaining allegations contained in the second sentence of paragraph 403.  The allegations contained in the third sentence of paragraph 403 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

404.      Admits the allegations contained in paragraph 404 that DOE's contracting officer was copied on DOE's written directions to URS to take additional samples to verify radiological conditions and was aware that URS had to take additional samples for ORISE.  The remaining allegations contained in paragraph 404 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

405.      The allegations contained in paragraph 405 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

406.      Denies.

407.      The allegations contained in the first and second sentences of paragraph 407 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the third sentence of paragraph 407, admits that the contracting officer was included in communications concerning

the requirements and was aware of the work required of URS.  The remaining allegations contained in the third and fourth sentences of paragraph 407 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

408.    With respect to the allegations contained in the first sentence of paragraph 408, denies the allegation that any meetings that occurred were "additional."  Denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation that "URS expended personnel resources to prepare for and participate" in the meetings.  Denies for lack of knowledge or information sufficient to form a belief as to its truth the allegation contained in the second sentence of paragraph 408.

409.    The allegations contained in paragraph 409 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

410.    Admits the allegations contained in paragraph 410 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

411.    Admits the allegations contained in paragraph 411 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation.

412.    Denies.

413.    The allegations contained in the first sentence of paragraph 413 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the second sentence of paragraph 413, admits that URS sent the contracting officer a letter concerning alleged "excess

soil" on August 2, 2018, and its  alleged entitlement to an equitable adjustment for removal of alleged "excess soil;" admits that the contracting officer denied entitlement to an equitable adjustment on September 14, 2018. Denies the remaining allegations contained in the second sentence of paragraph 413.

414.     The allegations contained in the first sentence of paragraph 414 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the second sentence of paragraph 414, the allegation that "the bounding condition sets the level of contaminated soil to be removed to the exclusion of concrete and debris" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in the second sentence of paragraph 414 for lack of knowledge or information sufficient to form a belief as to their truth.

415.     Admits the allegation that URS incurred costs in connection with removing soil for excavation, load-out, waste disposal, waste management and to backfill certain areas.  Denies the remaining allegations contained in paragraph 415.

416.     Denies the allegations contained in the first sentence of paragraph 416.  Admits the allegations contained in the second sentence of paragraph 416.  Denies the allegation contained in the third sentence of paragraph 416.  Admits the allegations contained in the fourth sentence of paragraph 416.  Denies the allegations contained in the fifth and sixth sentence of paragraph 416.

417.     Admits.

418.    The allegations contained in paragraph 418 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

419.    Denies.

420.    Admits the allegations contained in paragraph 420 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

421.    Admits the allegations contained in paragraph 421 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

422.    The allegations contained in paragraph 422 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

423.    With respect to the allegations contained in the first sentence of paragraph 423, the allegations that URS's plans, as described in the complaint paragraph, were "[c]onsistent with the specific requirements of Modification 35's Exhibit E and Modification 192" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in the first sentence of paragraph 423.  Denies the allegations contained in the second sentence of paragraph 423.

424.    Admits the allegations contained in the first sentence of paragraph 424 that DOE rejected the referenced approach.  Denies the remaining allegations contained in the first sentence of paragraph 424.  Admits the allegations contained in the second sentence of paragraph 424 that DOE's objection was based on concerns expressed by KAPL that the qualified reuse

material might contain sufficiently elevated concentrations of contaminant such that KAPL would have to handle it with radiological controls in the future.  Denies the remaining allegations contained in the second sentence of paragraph 424.

425.    The allegations contained in paragraph 425 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

426.    Admits the allegations contained in paragraph 426 that DOE directed URS to place the qualified reuse material as near to the bottom layer in the excavation as possible. Denies the remaining allegations contained in paragraph 426.

427.    With respect to the allegations contained in the first sentence of paragraph 427, admits that a URS representative sent to a DOE employee an email containing the quoted language.  Denies the remaining allegations contained in the first sentence of paragraph 427. With respect to the allegations contained in the second sentence of paragraph 427, admits that a copy of the email was sent to the contracting officer.  Denies the remaining allegations contained in the second sentence of paragraph 427.

428.    With respect to the allegations contained in the first sentence of paragraph 428, admits that a DOE representative sent a communication containing the quoted language.  Denies the remaining allegations contained in the first sentence of paragraph 428.  Denies the allegations contained in the second sentence of paragraph 428.

429.    The allegations contained in the first sentence of paragraph 429 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph

79

429 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations. The allegations contained in the third and fourth sentences of paragraph 429 constitute conclusions to law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

430.    Denies.

431.    Denies.

432.    Denies the allegations contained in the first sentence of paragraph 432 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second and third sentences of paragraph 432 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

433.    The allegations contained in paragraph 433 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

434.    The allegations contained in paragraph 434 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

435.    Denies.

436.    Denies.

437.    The allegations contained in paragraph 437 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

438.    Denies the allegations contained in the first sentence of paragraph 438.  The allegations contained in the second sentence of paragraph 438 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

439.    Admits the allegation contained in the first sentence of paragraph that DOE "repeatedly consulted with NR." Denies the remaining allegations contained in the first sentence of paragraph 439. Admits the allegation contained in the second sentence of paragraph 439 that DOE asked NR to provide comments on URS's Decommissioning Plan.  Denies the remaining allegations contained in the second sentence of paragraph 439 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. .

440.    Admits the allegation contained in the first sentence of paragraph 440.  The allegations contained in the second sentence of paragraph 440 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

441.    Denies.

442.    Denies the allegations contained in the first sentence of paragraph 442. Admits the allegation contained in the second sentence of paragraph 442 that DOE permitted KAPL and other outside stakeholders to review and comment on various packages and plans. Denies the remaining allegations contained in the second sentence of paragraph 442.

443.    Denies the allegations contained in the first sentence of paragraph 443. Admits the allegations contained in the second sentence of paragraph 433.  Admits the allegation

contained in the third sentence of paragraph 443 that DOE denied the request. Denies the remaining allegations contained in the third sentence of paragraph 443.

444.    Admits the allegation contained in the first sentence of paragraph 444 that URS "procured and installed a new water treatment system" after the execution of Modification 35. Denies the remaining allegations contained in the first sentence of paragraph 444 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 444.

445.    Denies.

446.    Admits the allegation contained in the first sentence of paragraph 446. With respect to the allegations contained in the second sentence of paragraph 446, admits that one of the purposes of the SPRU Decommissioning Plan was to identify the modifications necessitated by the revised plan to completion. Denies the remaining allegations contained in the second sentence of paragraph 446.

447.    Admits.

448.    Admits the allegations contained in paragraph 448 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 448.

449.    Admits the allegation contained in the first sentence of paragraph 449 that DOE took three weeks to respond to URS's revisions. Denies the remaining allegations contained in the first sentence of paragraph 449. Admits the allegations contained in the second sentence of paragraph 449 that DOE had further comments to 39 of URS's responses. Denies the remaining allegations contained in the second sentence of paragraph 449. Admits the allegation contained

in the third sentence of paragraph 449 that URS and DOE went through multiple iterations. Denies the remaining allegations contained in the third sentence of paragraph 449.

450.    Admits the allegation contained in the first sentence of paragraph 450 that DOE required the submission of data packages as one of the task-order required deliverables. Denies the remaining allegations contained in the first sentence of paragraph 450. Admits the allegation contained in the second sentence of paragraph 450 that DOE required a level of documentation to meet the task order requirements. Denies the remaining allegations contained in the second sentence of paragraph 450.

451.    Denies.

452.    With respect to the allegations contained in the first sentence of paragraph 452, the assertion as to what Modification 35 did or "did not provide" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits that DOE-EM sometimes consulted with other entities in assessing URS's work. Denies the remaining allegations contained in the first sentence of paragraph 452. With respect to the allegations contained in the second sentence of paragraph 452, admits that Naval Reactors often would not review documents until DOE-SPRU conducted their review, which could result in DOE missing the contract review times. Denies the remaining allegations contained in the second sentence of paragraph 452. Admits the allegations contained in the third sentence of paragraph that DOE required URS to address comments from the demolition plans, including the open-air emissions analysis and the demolition methodology. Denies the remaining allegations contained in the third sentence of paragraph 452. Denies the allegations contained in the fourth sentence of paragraph 452.

453.    Denies the allegations contained in the first sentence of paragraph 453. With respect to the allegations contained in the second, third, and fourth sentences of paragraph 453, admits that DOE responded to all letters that indicated a potential impact to the critical path in an expeditions matter and that many letters that the agency considered sub-critical may not have been responded to as quickly.   Denies the remaining allegations contained in the second, third, and fourth sentence of paragraph 453 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted

454.    Denies the allegations contained in the first sentence of paragraph 454.   With respect to the allegations contained in the second sentence of paragraph 454, admits that URS sent DOE an email about the referenced issue,  admits the remaining allegations contained in the second sentence of paragraph 454 to the extent supported by that email, which is the best evidence of its contents; otherwise denies the allegations.

455.    Admits the allegations contained in paragraph 455 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

456.    The allegations contained in paragraph 456 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

457.    The allegations contained in the first sentence of paragraph 457 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 457.  With respect to the allegations contained in the third sentence of paragraph 457, the allegation that the referenced document "was anything but a notice to proceed" constitutes a

conclusion of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits that, on December 14, 2012, a DOE employee gave URS a letter with the words "Notice to Proceed" in the "Subject" block. Admits the remaining allegations contained in the third sentence to the extent supported by that document, which is the best evidence of its contents; otherwise denies the allegations. With respect to the allegations contained in the fourth sentence of paragraph 457, denies any allegation that the December 14, 2012 letter "specifically prohibit[ed]" URS "from beginning its work." The remaining allegations contained in the fourth sentence of paragraph 457 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

458.     Denies that any condition outlined in the December 14, 2012 letter constitutes "[DOE's] requirement," as opposed to a contract requirement. Admits that, on December 19, 2012, a URS employee sent the DOE contracting officer a letter asserting that DOE had imposed "requirements" that constituted "changes to the Task Order." Denies that any condition outlined in the December 14, 2012 letter constitutes: "[DOE's] requirement," as opposed to a contract requirement. Admits the remaining allegations contained in paragraph 458 to the extent supported by that letter, which is the best evidence of its contents; otherwise denies those allegations.

459.     Admits the allegations contained in the first sentence of paragraph 459. The allegations contained in the second sentence of paragraph 459 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

460.    Admits the allegation contained in the first sentence of paragraph 460 that by the end of 2012, URS was nearing the end of the H2 enclosure and would then commence intrusive D&D work.  Denies the remaining allegations contained in the first sentence of paragraph 460 concerning what URS expected for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 460.

461.    Admits.

462.    Admits the allegations contained in the first sentence of paragraph 462 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.  With respect to the allegations contained in the second sentence, the allegation that URS's proposed "alternative approach" was "[i]n line" with the requirements of Modification 35 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the remaining allegations contained in the second sentence of paragraph 462.

463.    The allegation that "URS's proposed alternative approach was allowed by and consistent with Modification 35's terms" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegation that DOE rejected on multiple occasions URS's redesigns in connection with URS's proposed alternative approach.  Denies the remaining allegations contained in paragraph 463.

464.    The allegations contained in the first sentence of paragraph 464 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations

contained in the second and third sentences of paragraph 464.  Admits the allegation contained in the fourth sentence of paragraph 464 that the March 21, 2014 letter contained the quoted language to the extent supported by the letter, which is the best evidence of its contents; otherwise denies that allegation. Denies the remaining allegations contained in the fourth sentence of paragraph 464.

465.    The allegations contained in the first sentence of paragraph 465 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied   With respect to the allegations contained in the second sentence of paragraph 465, admits that the quoted language is from the June 20, 2014 letter to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in the second sentence of paragraph 465.

466.    With respect to the allegations contained in the first sentence of paragraph 466, admits that the quoted language is from a July 21, 2014 letter to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in the first sentence of paragraph 466.  Denies the allegations contained in the second sentence of paragraph 466.

467.    Admits the allegation contained in paragraph 467 that the VOC plume was an area of chemical contamination that had to be worked around and was not within URS's scope. Denies the remaining allegations contained in paragraph 467.

468.    Admits the allegation contained in the first sentence of paragraph 468.  The allegation contained in the second sentence of paragraph 468 that DOE's purported failure to use

87

its best efforts to cooperate constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in the second sentence of paragraph 468.

469.     Denies.

470.     Admits the allegations contained in paragraph 470 to the extent supported by the characterization surveys, which are the best evidence of their contents, otherwise denies the allegations.

471.     Admits the allegation contained in paragraph 471 that the parties conferred about the schedule and work required to decontaminate the SPRU site. Denies the remaining allegations contained in paragraph 471.

472.     The allegations contained in the first sentence of paragraph 472 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 472.

473.     Denies.

474.     Admits the allegations contained in the first sentence of paragraph 474.  With respect to the allegations contained in the second sentence of paragraph 474, admits that URS was required to comply with the task order that required decontamination before removal and that DOE was under no obligation to accept URS's proposals if those proposals might increase the risk of harmful contamination entering into the environment.  Admits that DOE did not give URS permission to adopt the referenced alternatives and URS proceeded with removal.  Denies the remaining allegations contained in the second sentence of paragraph 474.  Admits the allegations

contained in the third sentence of paragraph 474 that there was an increased risk for URS workers that required them to work more slowly.  Denies the remaining allegations contained in paragraph 474.

474.

475.    Denies the allegations contained in the first sentence of paragraph 475.  Admits the allegations contained in the second sentence of paragraph 475.  The allegations contained in third sentence of paragraph 475 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

476.    Admits the allegation contained in the first sentence of paragraph 476.  Admits the allegations contained in the second sentence of paragraph 476 that URS invested time and effort developing alternative approaches.  Denies the remaining allegations contained in the second sentence of paragraph 476.

477.    Denies the allegation contained in the first sentence of paragraph 477.  Admits the allegations contained in the second sentence of paragraph 477.  Denies the allegations contained in the third sentence of paragraph 477.

478.    Denies the allegations contained in the first and second sentences for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Denies the allegations contained in the third sentence of paragraph 478.

479.    The allegations contained in paragraph 479 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

480.    Denies.

481.    The allegations contained in paragraph 481 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

482.    Denies the allegations contained in the first sentence of paragraph 482. The allegations contained in the second and third sentences of paragraph 482 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

483.    Admits the allegation contained in the first sentence of paragraph 483 that URS raised the issue in December 2013.  Denies the remaining allegations contained in the first sentence of paragraph 483. Admits the allegations contained in the second sentence of paragraph 483.  The allegations contained in the third sentence of paragraph 483 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

484.    The allegations contained in paragraph 484 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

485.    Denies.

486.    With respect to the allegations contained in paragraph 486, admits that DOE facility representatives told URS that it may not be in compliance with task order requirements to maintain differential pressure when the airlock doors are open.  Admits that once URS demonstrated that it could maintain differential pressure when one airlock door open the issue was resolved.  Denies the remaining allegations contained in the first sentence of paragraph 486.

With respect to the allegations contained in the second sentence of paragraph 486, admits that, as a result of DOE's requirement, URS had to stop work several times during a portion of the demolition work to move the intermodals or other containers outside of the enclosure. Denies the remaining allegations contained in the second sentence of paragraph 486.

487.    The allegations contained in paragraph 487 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

488.    Denies.

489.    Denies the allegations contained in paragraph 489 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

490.    Denies the allegations contained in the first sentence of paragraph 490 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. The allegations contained in the second sentence of paragraph 490 constitute conclusions of law and/or plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

491.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

492.    The allegations contained in paragraph 492 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

493.    Denies the allegations contained in the first and second sentence of paragraph 493. The allegations contained in the third sentence constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

494.    Denies.

495.    The allegations contained in paragraph 495 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

496.    The allegations contained in paragraph 496 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

497.    Defendant's responses to paragraphs 1 through 496 of the complaint are incorporated by reference.

498.    The allegations contained in paragraph 498 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

499.    Denies.

500.    Denies.

501.    Denies.

502.    The allegations contained in paragraph 502 constitute conclusions of law, to which no answer is required; to the extent they may be allegations of fact, they are denied.

503.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

504.    Admits that the quoted language is from Section H.920 of the parties' contract, to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations. The remaining allegations contained in paragraph 404 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

505.    Admits the allegations contained in paragraph 505 to the extent supported by H.902 of the parties' contract, which is the best evidence of its contents; otherwise denies the allegations.

506.    The allegations contained in paragraph 506 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

507.    The allegations contained in the first sentence of paragraph 507 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 507.

508.    The allegations contained in paragraph 508 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

509.    The allegations contained in paragraph 509 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

510.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

511.     The allegations contained in paragraph 511 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

512.     The allegations contained in the first sentence of paragraph 512 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 512.

513.     Denies the allegations contained in the first sentence of paragraph 513.  The allegations contained in the second sentence of paragraph 513 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

514.     The allegations contained in paragraph 514 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

515.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

516.     Admits the allegations contained in paragraph 516 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations

517.     Denies.

518.     The allegations contained in paragraph 518 constitutes conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

519.     The allegations contained in paragraph 519 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

520.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

521.     The allegations contained in the first sentence of paragraph 521 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  With respect to the allegations contained in the second sentence of paragraph 521, admits that, consistent with URS's obligations under Modification 35, DOE directed URS to provide EPA the information referenced in the quotation.  Denies the remaining allegations contained in the second sentence of paragraph 521.

522.     With respect to the allegations contained in the first sentence of paragraph 522, admits that, consistent with URS's obligations under Modification 35, DOE directed URS to obtain pre-construction permits for the G2 and H2 enclosures and ventilation systems and PVUs. Denies the remaining allegations contained in the first sentence of paragraph 522.

523.     Admits the allegation contained in paragraph 523 that URS notified DOE of its position that obtaining the pre-construction permits for the enclosures and PVU constituted a change to the contract entitling URS to an equitable adjustment. Denies the remaining allegations

contained in paragraph 523, including any suggestion that obtaining the permits constituted a change to the contract or that URS

524.    Admits the allegations contained in the first sentence of paragraph 523 that DOE paid URS for the referenced costs.  Denies the remaining allegations contained in the first sentence of paragraph 524.  Denies the allegations contained in the second sentence of paragraph 524.

525.    The allegations contained in paragraph 525 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

526.    The allegations contained in paragraph 526 constitute conclusion of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

527.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

528.    The allegations contained in paragraph 528 concerning whether URS was obligated to perform hillside remediation under Modification 35's scope of work constitutes conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegations contained in paragraph 528 that DOE issued the referenced change orders.

529.    The allegations contained in paragraph 529 regarding a purported breach of DOE's express duties and implied duty to cooperate constitute  conclusions of law, to which no

answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in paragraph 529.

530.    With respect to the allegations contained in the first sentence of paragraph 530, admits that URS performed hillside mediation.  Denies the remaining allegations contained in paragraph 530.  Admits the allegations contained in the second sentence of paragraph 530 that URS notified DOE of its belief that it possessed a right to an equitable adjustment.  Denies the remaining allegations contained in the second sentence of paragraph 530.

531.    The allegations contained in the first sentence of paragraph 531 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 531 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

532.    Admits the allegations contained in paragraph 532 regarding Modification 48 to the extent supported by that document, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations regarding the exclusion of hillside stabilization from the release contained in Modification 35 to the extent supported by that document, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in paragraph 532.

533.    The allegations contained in paragraph 533 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

534.    The allegations contained in paragraph 534 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

535.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

536.    Admits the allegations contained in paragraph 536 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

537.    The allegations contained in paragraph 537 constitutes conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

538.    The allegations contained in the first, second, and third sentence of paragraph 538 constitute conclusions of law, to which no answer is required; to the extent that they may deemed allegations of fact, they are denied.  Denies the allegations contained in the fourth sentence of paragraph 538.

539.    Denies.

540.    The allegations contained in the first sentence of paragraph 540 concerning purported extra-contractual requirements and what was contemplated by Modification 35 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in the first sentence of paragraph 540.  The allegations contained in the second sentence of paragraph 540 constitute conclusion of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98

541.     Admits the allegations contained in the first sentence of paragraph 541 that URS notified DOE of its belief regarding the referenced information.  Denies the remaining allegations contained in the first sentence of paragraph 541.  Denies the allegations contained in the second sentence of paragraph 541.

542.     The allegations contained in paragraph 542 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

543.     The allegations contained in paragraph 543 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

544.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

545.     The allegations contained in paragraph 545 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

546.     Denies.

547.     With respect to the allegations contained in the first sentence of paragraph 547, admits that the pumps circulating the sludge failed, which allowed the sludge to settle.  Denies the remaining allegations contained in the first sentence of paragraph 547.  With respect to the allegations contained in the second sentence of paragraph 547, admits that URS installed new mixing pumps.  Denies the remaining allegations contained in the second sentence of paragraph 547.  Denies the allegations contained in the third sentence of paragraph 547.  The allegations

contained in the fourth sentence of paragraph 547 concerning what was contemplated by Modification 35 constitutes conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in the fourth sentence of paragraph 547.  The allegations contained in the fifth sentence of paragraph 547 concerning what work was out of scope constitutes conclusions of law, to which no answer if required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in the fifth sentence of paragraph 547.

548.    The allegations contained in paragraph 548 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

549.    The allegations contained in paragraph 549 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

550.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

551.    Admits the allegations contained in the first sentence of paragraph 551.  With respect to the allegations contained in the second sentence of paragraph 551, admits that the quoted language comes from the IRP, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in the second sentence of paragraph 551.  Admits the allegations contained in the third sentence of paragraph 551 to the extent supported by the IRP, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the fourth sentence of paragraph 551 to the extent supported

100

by the IRP and Modification 35, which are the best evidence of their contents; otherwise denies the allegations.

552.    Admits the allegation contained in the first sentence of paragraph 552.  Denies the allegations contained in the second sentence of paragraph 552.

553.    Admits the allegations contained in the first sentence of paragraph 553 that DOE-SPRU submitted the proposal to DOE Headquarters on March 31, 2011.  Denies the remaining allegations contained in the first sentence of paragraph 553.  Admits the allegations contained in the second sentence of paragraph that 11 days after DOE Headquarters received the proposal, it approved the proposal without comment.  Denies the remaining allegations contained in the second sentence of paragraph 553.  Admits the allegations contained in the third sentence of paragraph 553 that URS's water tanks reached capacity and URS shipped the water to a more expensive radiological treatment facility.  Denies the remaining allegations contained in the third sentence of paragraph 553.

554.    The allegations contained in paragraph 554 constitutes conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. .

555.    The allegations contained in paragraph 555 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

556.    The allegations contained in paragraph 556 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

557.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

558.    The statements contained in paragraph 558 constitute plaintiff's characterization of its claim, to which no response is required.

559.    Admits the allegations contained in paragraph 559 to the extent supported by the FAR clause and the Task order contract, which are the best evidence of their contents; otherwise denies the allegations.

560.    Admits.

561.    Denies.

562.    Admits the allegation contained in the first sentence of paragraph 562 that DOE-SPRU submitted the proposal to DOE Headquarters on March 31, 2011.  Denies the remaining allegations contained in the first sentence of paragraph 562.  Admits the allegations contained in the second sentence that DOE Headquarters approved the proposal eleven days after it received the proposal.  Denies the remaining allegations contained in the second sentence of paragraph 562.   Admits the allegations contained in the third sentence of paragraph 562 that URS's water tank reached capacity and URS shipped the water to a more costly radiological treatment facility.  Denies the remaining allegations contained in the third sentence of paragraph 562.

563.    Denies the allegations contained in the first sentence of paragraph 563. The allegations contained in the second and third sentences of paragraph 563 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

564.    The allegations contained in paragraph 564 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

565.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

566.    The allegations contained in paragraph 566 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

567.    The allegation contained in paragraph 567 that DOE's actions constituted a change to the contract's requirements constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegations that DOE directed URS to prepare three additional project baselines.  Denies the remaining allegations contained in paragraph 567.

568.    Admits the allegation contained in the first sentence of paragraph 568.  Denies the allegations contained in the second sentence of paragraph 568.  The allegations contained in the third sentence of paragraph 568 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

569.    With respect to the allegations contained in the first sentence of paragraph, admits that DOE had to repeatedly ask URS to submit BCP 178.  Denies the remaining allegations contained in the first sentence of paragraph 569.  Denies the allegations contained in the second sentence of paragraph 569.  The allegations contained in the third sentence of

paragraph 569 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

570.    Denies.

571.    Admits the allegations contained in the first sentence of paragraph 571 that URS notified DOE of its belief that the failure to address outstanding contractual issues were changes to Modification 35.  Denies the remaining allegations contained in the first sentence of paragraph 571.  Denies the allegations contained in the second sentence of paragraph 571.

572.    The allegations contained in paragraph 572 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

573.    The allegations contained in paragraph 573 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

574.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

575.    Admits the allegations contained in paragraph 575 concerning the incorporation of the HSA into the original Task Order to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 575 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

576.    The allegations contained in paragraph 576 concerning what the original Task Order and Modification 35 required constitute conclusions of law, to which no answer is

104

required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 576.

577.    Admits the allegations contained in paragraph 577 to the extent supported by the HSA, which is the best evidence of its contents, otherwise denies the allegations.

578.    Denies.

579.    Denies the allegations contained in the first sentence of paragraph 579. The allegations contained in the second sentence of paragraph 579 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

580.    The allegations contained in paragraph 580 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

581.    Denies.

582.    Denies.

583.    The allegations contained in paragraph 583 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

584.    The allegations contained in paragraph 584 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

585.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

586.     Admits the allegations contained in paragraph 586 concerning the incorporation of HSA into the original Task Order and Modification 35 to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 586 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

587.     The allegations contained in paragraph 587 concerning what was required under both the original Task Order and Modification 35 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in paragraph 587.

588.     Admits the allegations contained in paragraph 588 to the extent supported by the HSA, which is the best evidence of its contents; otherwise denies the allegation.

589.     Denies.

590.     Denies the allegations contained in the first sentence of paragraph 590.  The allegations contained in the second sentence of paragraph 590 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

591.     Admits the allegation contained in the first sentence of paragraph 591 that URS did not cause the roof header vent.  Denies the remaining allegations contained in the first sentence of paragraph 591.  The allegations contained in the second sentence of paragraph 591

106

constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

592.    Denies the allegations contained in the first sentence of paragraph 592 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 592.

593.    Admits the allegations contained in paragraph 593 that, as a result of the roof header vent, URS had to perform work related to the characterization, decontamination, and removal of the contaminated piping system.  Denies the remaining allegations contained in paragraph 593.

594.    The allegations contained in paragraph 594 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

595.    The allegations contained in paragraph 595 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

596.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

597.    Admits the allegations contained in paragraph 597 concerning the incorporation of the HSA into the original Task Order and Modification 35 to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 597 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

598.    The allegations contained in paragraph 598 concerning what was required under the original Task Order and Modification 35 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in paragraph 598.

599.    Denies.

600.    Denies.

601.    Denies the allegations contained in the first sentence of paragraph 601. The allegations contained in the second sentence of paragraph 601 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

602.    Admits the allegations contained in the first sentence of paragraph 602 that URS did not cause the contaminated lead in the 319-foot level pipe trench and that URS's acts or omissions contribute to any expense or remediation cost.  The remaining allegations contained in the first sentence of paragraph 602 constitute conclusions of law, to which no answer is required, to the extent they may be deemed allegations of fact, they are denied.   The allegations contained in the second sentence of paragraph 602 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

603.    Denies the allegations contained in the first sentence of paragraph 603 for lack of knowledge of information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 603.

604.     Denies.

605.    The allegations contained in paragraph 605 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

606.    The allegations contained in paragraph 606 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

607.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

608.    Admits the allegations contained in paragraph 608 concerning the incorporation of the HSA into the original Task Order and Modification 35 to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 608 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

609.    The allegations contained in paragraph 609 concerning what was required under the original Task Order and Modification 35 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remaining allegations contained in paragraph 609.

610.    Denies.

611.    Denies.

612.    Denies the allegations contained in the first sentence of paragraph 612.  The allegations contained in the second sentence of paragraph 612 constitute conclusions of law, to

which no response is required; to the extent they may be deemed allegations of fact, they are denied.

613.    Admits the allegations contained in paragraph 613 that URS did not cause the mercury contamination.  The remaining allegations contained in paragraph 613 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

614.    Denies.

615.    Denies.

616.    The allegations contained in paragraph 616 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

617.    The allegations contained in paragraph 617 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

618.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

619.    Admits the allegation contained in paragraph 619 regarding the incorporation of RCRA Groundwater Report into the original Task Order and Modification 35 to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 619 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

621.    Admits the allegations contained in paragraph 621 to the extent supported by the RCRA Groundwater report, which is the best evidence of its contents; otherwise denies the allegations.

622.    Denies.

623.    Denies the allegations contained in the first and second sentences of paragraph 623 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.   The allegations contained in the third sentence of paragraph 623 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

624.    Denies the allegation contained in the first sentence of paragraph 624 concerning whether URS caused the leak for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Denies the remaining allegations contained in the first sentence of paragraph 624.   The allegations contained in the second sentence of paragraph 624 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

625.    Denies the allegations contained in the first sentence of paragraph 625 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  The allegations contained in the second sentence of paragraph 625 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

626.    Denies.

627.    The allegations contained in paragraph 627 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

628.    The allegations contained in paragraph 628 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

629.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

630.    Admits the allegations contained in paragraph 630 concerning the incorporation of the HSA into the original Task Order and Modification 35 to the extent supported by those documents, which are the best evidence of their contents; otherwise denies the allegations. The remaining allegations contained in paragraph 630 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

631.    The allegations contained in paragraph 631 concerning what is required under the original Task Order and Modification 35 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 631.

632.    Denies.

633.    Denies.

634.    Denies the allegations contained in the first sentence of paragraph 634.  The allegations contained in the second sentence of paragraph 634 constitute conclusions of law, to

which no response is required; to the extent they may be deemed allegations of fact, they are denied.

635.    Admits the allegation contained in the first sentence of paragraph 635 that URS did not cause the contamination. Denies the remaining allegations contained in the first sentence of paragraph 635.  The allegations contained in the second sentence of paragraph 635 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

636.    Denies.

637.    Denies.

638.    The allegations contained in paragraph 638 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

639.    The allegations contained in paragraph 639 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

640.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

641.    Admits the allegations contained in paragraph 641 regarding the incorporation of HSA into the original Task Order and Modification 35.  The remaining allegations contained in paragraph 641 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

642.     The allegations contained in paragraph 642 regarding what the original Task Order and Modification 35 required constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 642.

643.     Denies.

644.     Denies.

645.     Admits the allegation contained in the first sentence of paragraph 645 that URS discovered high levels of radiation and contamination in the sumps and that the material from the G2 Cell 1 sump is potential transuranic waste.   Denies the remaining allegations contained in the first sentence of paragraph 645.  The remaining allegations contained in paragraph 645 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

646.     Admits the allegations in the first sentence of paragraph 646 that URS did not cause the high levels of radiation and contamination in the sumps, nor did URS's acts or omissions contribute to any expense or remediation cost.  The remaining allegations contained in the first sentence of paragraph 646 constitute conclusions of law to which no answer is required, to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 646 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

647.     Denies.

648.    Denies the allegations contained in the first sentence of paragraph 648.  Admits the allegations contained in the paragraph 648.  Denies the allegations contained in the third sentence of paragraph 648.

649.    The allegations contained in paragraph 649 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

650.    The allegations contained in paragraph 650 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

651.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

652.    Admits the allegations contained in the first sentence of paragraph 652 and avers that DOE's direction did not preclude URS from relying upon URS's own characterization and sampling.  Denies the allegations contained in the second and third sentence of paragraph 652.

653.    Admits the allegation contained in paragraph 653 that the HSA inaccurately indicated that that the mixer settler was removed from Cell 3.  Denies the remaining allegations contained in paragraph 653.

654.    Denies.

655.    Denies the allegations contained in the first sentence of paragraph 655. Denies the allegations contained in the second sentence of paragraph 655 for lack of knowledge or

information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the third sentence of paragraph 655.

656.     The allegations contained in paragraph 656 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

657.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

658.     The allegations contained in paragraph 658 regarding what is a material fact constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 658.

659.     Denies.

660.     Denies.

661.     Denies.

662.     Denies.

663.     The allegations contained in paragraph 663 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

664.     The allegations contained in paragraph 664 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

665.     The allegations contained in paragraph 665 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

666.     Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

667.     Admits the allegations contained in the first sentence of paragraph 667.  Admits the allegations regarding Modification 139 to the extent supported by that document, which is the best evidence of its contents; otherwise denies the allegations.

668.     Denies the allegations contained in paragraph 668 regarding the number of meetings URS attended for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Admits that URS and DOE attended PSRB and SMRT meetings. Denies the allegation that DOE directed URS to attend the meetings.  The remaining allegations contained in paragraph 668 regarding what was required under the contract constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

669.     The allegations contained in paragraph 669 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

670.     Admits that URS incurred the activity-related costs that are identified in the contracting officer's final decision; otherwise denies the allegations contained in paragraph 670.

671.    The allegations contained in paragraph 671 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

672.    The allegations contained in paragraph 672 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

673.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

674.    The allegations contained in paragraph 674 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

675.    Denies.

676.    Denies.

677.    Admits the allegations contained in the first sentence of paragraph 677 that URS demolished the sumps under the enclosures.  Denies the remaining allegations contained in the first sentence of paragraph 677.  Admits the allegations contained in the second sentence of paragraph 677 that URS demolished other areas of the Building H2 Pipe Tunnel and connected channels and the vault sumps within the enclosures to gain access to the sumps and channels. Denies the remaining allegations contained in the second sentence of paragraph 677.

678.    Admits that the contracting officer determined there was an eleven-day delay caused by the ORISE verification work on Building H2.  Denies the remaining allegations contained in paragraph 678.

679.    The allegations contained in paragraph 679 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

680.    The allegations contained in paragraph 680 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

681.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

682.    The statement contained in paragraph 682 constitutes plaintiff's characterization of its claim, to which no answer is required.

683.    The allegation contained in paragraph 683 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

684.    Denies

685.    Denies.

686.    Admits the allegations contained in paragraph 686 that URS submitted the Building H2 data packages on September 26, 2017, and that DOE completed its review and confirmed that the Building was ready for demolition on October 12, 2017.  Denies the remaining allegations contained in paragraph 686.

687.    With respect to the allegations contained in the first sentence of paragraph 687, admits that the contracting officer determined that there were critical path delays for which URS was entitled to reimbursement in connection with the ORISE verification process.  Denies the

remaining allegations contained in the first sentence of paragraph 687.  The allegations contained in the second sentence of paragraph 556 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

688.    The allegations contained in paragraph 688 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

689.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

690.    Admits the allegations contained in paragraph 690 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

691.    Admits the allegations contained in the first sentence of paragraph 691 to the extent supported by Modification 35, which is the best evidence of its contents, otherwise denies the allegations.  The allegations contained in the second and third sentences of paragraph 691 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

692.    The allegations contained in paragraph 692 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

693.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

694.    Admits the allegations contained in paragraph 694 to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.

695.    The allegations contained in paragraph 695 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

696.    The allegations contained in the first sentence of paragraph 696 concerning purported extra-contractual requirements constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the first sentence of paragraph 696 that that URS notified DOE of its objections. Admits the allegation contained in the second sentence of paragraph 696 that URS complied with DOE's direction.  Denies the remaining allegations contained in the second sentence of paragraph 696.

697.    The allegations contained in paragraph 697 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

698.    The allegations contained in paragraph 698 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

699.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

700.    Denies.

701.    The allegations contained in paragraph 701 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

702.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

703.    The allegations contained in paragraph 703 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

704.    Admits the allegations contained in the first sentence of paragraph 704. Denies the allegations contained in the second sentences of paragraph 704. The allegations contained in the third sentence of paragraph 704 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

705.    The allegations contained in the paragraph 705 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

706.    The allegations contained in paragraph 706 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

707.    The allegations contained in paragraph 707 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

708.    Defendant's responses to paragraphs 1 through 490 of the complaint are incorporated by reference.

709.    Admits the allegations contained in paragraph 709 to the extent supported by Modification 35, which is the best evidence of its contents, otherwise denies the allegations.

710.    Denies the allegations contained in the first sentence of paragraph 710 concerning what URS believed for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second sentence of paragraph 710.

711.    Denies the allegations contained in the first sentence of paragraph 711.  Admits the allegations contained in the second sentence of paragraph 711 that plaintiff did not complete the project until 2019.  Denies the remaining allegations contained in the second sentence of paragraph 711.  Admits the allegations contained in the third sentence of paragraph 711 concerning the project costing $70 million for remaining work per the parties' expectations to the extent supported by Modification 35, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remaining allegations contained in the third sentence of paragraph 711 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

712.    Denies the allegations contained in paragraph 712 concerning the amount of URS's unreimbursed costs for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Denies the remaining allegations contained in paragraph 712.

713.    Admits the allegations contained in the first sentence that there were some unforeseen costs for which DOE compensated URS.  Denies the remaining allegations contained in the first sentence of paragraph 713. The allegations contained in the second sentence of paragraph 713 that URS did not assume the risk of the costs constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in the second sentence of paragraph 713.

714.     The allegations contained in paragraph 714 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

715.     Denies plaintiff is entitled to any of the relief set forth in the "Prayer for Relief" clause immediately following paragraph 714, or to any relief whatsoever.

716.     Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

717.     Plaintiff's claims are barred by the doctrine of release of claims as all of its claims other than the Count IV have been released pursuant to the terms of Modification 35.

### Second Affirmative Defense

718.     Plaintiff's claims are barred by the doctrine of concurrent delay (Counts VI, VII, VIII, IX, XI, XXVII).  This defense is based upon concurrent delays caused by plaintiff in connection with claims contained within the referenced counts of plaintiffs' complaint,

### Third Affirmative Defense

719.     Plaintiff's claims are barred by the doctrine of accord and satisfaction (Counts VI, VII, XII, XXIV). This defense rests upon the defendant's payment of several claims in connection with the referenced counts of plaintiff's complaint, as well as defendant's payment for work that falls within the cost-sharing provisions of Modification 35.

<u>Fourth Affirmative Defense</u>

720.    Plaintiff's claims are barred by the doctrine of failure to mitigate (Counts IX, XI, XII, XIII, XIV, XV, XVI, XVII, XIX, XXI, XXV, XXVI, XXIX). Plaintiff failed to mitigate its damages with respect to claims contained in the referenced counts of its complaint to the extent that plaintiff chose the means and methods of performance and plaintiff's choices, in that regard, caused it additional harm.

<u>Fifth Affirmative Defense</u>

721.    Plaintiff's claims are barred by the doctrine of Assumption of Risk (Counts V, VI, IX, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XXI, XXV, XXVI). Plaintiff had as much information as defendant regarding the contamination levels in the facility. Plaintiff also had the contractual obligation to comply with environmental regulations. By failing to negotiate bounding conditions for contamination levels and executing a task order that assigned the risk to plaintiff, plaintiff assumed the risk the contamination levels may be higher than anticipated based on historical documentation.


        WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.


                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Acting Assistant Attorney General

                        MARTIN F. HOCKEY, JR.

Acting Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director


s/ P. Davis Oliver
P. DAVIS OLIVER
Senior Trial Counsel
BRET VALLACHER
IOANA CRISTEI
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0516
Fax: (202) 307-0972
P.Davis.Oliver@usdoj.gov
*Attorneys for Defendant*

*Of Counsel:*


BRANDON MIDDLETON
Chief Counsel
BRADY L. JONES, III
Assistant Chief Counsel for Acquisition and Litigation
SKY W. SMITH
Trial/Procurement Counsel Office of Chief Counsel Environmental Management
Consolidated Business Center
U.S. Department of Energy


                                May 21, 2021




126