# In the United States Court of Federal Claims

No. 20-2016

Filed: February 7, 2022

**AECOM ENERGY & CONSTRUCTION, INC.,**

        *Plaintiff,*

v.

**THE UNITED STATES,**

        *Defendant.*

## PROTECTIVE ORDER

Upon the stipulation of the Parties, and the Court having determined that good cause exists within the meaning of Rule 26(c) of the Rules of the Court of Federal (RCFC) to limit disclosure of certain documents and information that the Parties expect to exchange in the course of discovery in the above-captioned matter, **IT IS HEREBY ORDERED** as follows:

1. Definitions

   a. "URS" shall refer to Plaintiff AECOM ENERGY & CONSTRUCTION, INC., formerly known as URS Energy & Construction, Inc., including its current and former parents Amentum Holdings LLC and AECOM.

   b. "Challenging Party" shall refer to a Party or Non-Party who challenges the designation of Confidential Material under this Protective Order.

   c. "Confidential Material" shall refer to material a Party in good faith believes contains trade secrets or nonpublic technical, commercial, financial, personal, or business information; or is the subject of another confidentiality agreement; or is subject to the Privacy Act, 5 U.S.C. § 552a.

   d. "Disclose" (or forms thereof) means to give, show, discuss, distribute, provide, or otherwise convey or make available for access, viewing, or copying (including by summarizing, paraphrasing, or characterizing) a document or the information contained within it.

   e. "Designating Party" shall refer to a Party or Non-Party that designates Material as Confidential.

    f.      "Expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in connection with this Litigation.

    g.      "Litigation" shall refer to AECOM Energy & Construction, Inc. v. United States, Case No. 20-2016 C, and any direct appeals therefrom.

    h.      "Material" shall refer to all documents, electronically stored information, tangible things, deposition testimony, discovery responses and other materials, oral or written, produced or created in this Litigation.

    i.      "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party.

    j.      "Party" shall refer to URS, the United States, or any other party to this Litigation.

    k.      "Producing Party" shall refer to a Party or Non-Party that produces Material in this Litigation.

    l.      "Professional Vendors" shall refer to persons or entities who provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    m.      "Receiving Party" shall refer to any Party or Non-Party that receives Material produced in this Litigation.

    n.      "United States" shall refer to Defendant United States of America.

2.    This Protective Order shall govern the Disclosure and use of all Material produced, exchanged, or provided during the course of this Litigation by (a) URS, (b) the United States, and (c) any Non-Party. Any information copied or extracted from the Confidential Material, all copies, excerpts, summaries, descriptions, or compilations of Confidential Material, and any testimony, conversations, or presentations by Parties or their counsel that reveals Confidential Material, shall be treated as Confidential Material. This Protective Order pertains to all documents and materials provided in connection with this Litigation, even if the documents or materials are not specifically requested by a request for production. For avoidance of doubt, this Protective Order constitutes a Court order under the Privacy Act, 5 U.S.C. § 552a(b)(11), authorizing disclosure of records that may be requested in discovery during this action.

3.    All Confidential Material shall be subject to the following restrictions:

    a.      A Receiving Party may use Confidential Material only for the purpose of this Litigation.

b. Confidential Material may not be Disclosed except as provided herein or as otherwise required by federal statutory law.

c. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Material.

d. Confidential Material may only be disclosed to the following individuals as provided below:

i. Court reporters, videographers, and their employees used in connection with this Litigation;

ii. Counsel of record in this Litigation and the attorneys, paralegals, investigators, clerical and other staff working with such counsel who are assisting with this Litigation;

iii. Current employees of the Parties who are assisting with this Litigation;

iv. Any person with prior authorized access to the Confidential Material, to whom disclosure is reasonably necessary for this Litigation;

v. Any mediator or arbitrator who is assigned to hear this matter, and his or her staff;

vi. Professional Vendors retained by the Parties or their counsel, to whom disclosure is reasonably necessary for this Litigation;

vii. Professional jury or trial consultants retained by the Parties or their counsel, to whom disclosure is reasonably necessary for this Litigation;

viii. Mock jurors retained by the Parties or their counsel, to whom disclosure is reasonably necessary for this Litigation;

ix. Retained Experts, to whom disclosure is reasonably necessary for this Litigation;

x. Witnesses, potential witnesses, and deponents (other than current employees of a Party, who are treated in accordance with subparagraph 3(d)(iii)), at, or in preparation for, any deposition or hearing in this matter and counsel for any such witness.

xi. Any individual who was the author or recipient of the Confidential Material (other than current employees of a Party, who are treated in accordance with subparagraph 3(d)(iii)), to whom disclosure is reasonably necessary for this Litigation;

      xii.    Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered; and

      xiii.    This Court, including any judicial officer to whom this Court may refer this matter for settlement purposes, and its personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this action.

4.    Persons referenced in subparagraphs 3(d)(ii)-(iii) automatically are subject to the terms of this Protective Order and may access, view and copy Confidential Material without further action.  Confidential Material may be disclosed to any other person referenced in subparagraphs 3(d)(iv)-(xi) above only after such person is given a copy of this Protective Order and executes the certification attached as Exhibit A or Exhibit B, as appropriate.  Notwithstanding the foregoing, the execution of the certification attached as Exhibit B of an authorized representative of a person or entity referenced in subparagraphs 3(d)(v)-(vii) or (ix) is sufficient to permit disclosure of Confidential Material to all employees of such person or entity, consistent with the terms of this Protective Order.

5.    Any Confidential Material that is filed with the Court must be filed under seal in accordance with the RCFC and/or redacted from any filing that is publicly available.  If a Party determines that a previously produced or filed document contains Confidential Material, that Party may give notice in writing to the Court and the other Parties that the document is to be treated as Confidential, and thereafter the designated document must be treated in accordance with the terms of this Protective Order.  No information designated as Confidential Material shall lose such status under this Protective Order as a result of the use of such document or information in any hearing or other court proceeding in this Litigation, provided that such use is consistent with the terms of this Protective Order.

6.    The Parties shall endeavor to limit Designation of Confidential Material only to those documents that qualify under the appropriate standards or under the definition of Confidential Material in paragraph 1(c) above.

7.    For documents produced in discovery, Confidential Material shall be designated as follows.  For documents produced in paper or an electronic format that allows endorsement or similar designation on the image, the following or substantially similar language shall appear on each page of the document: **"Confidential – Subject to Protective Order"** (the "Confidential Designation").  For electronic information provided in native format or a format that is not amenable to endorsement on the image, the file name shall begin with **"Contains Protected Information,"** to the extent reasonably practicable, or else the file shall be produced with a slip sheet with the following or substantially similar language: **"Document produced in native format;" "Confidential – Subject to Protective Order."**  If documents are produced with a database load file, the load file shall include the Confidential Designation in a field, if applicable.

8.    In the event Material is produced for inspection at a Party's facilities, such documents may be produced for inspection before being marked as Confidential.  During the inspection and before the designation, all of the material made available for inspection shall be

treated as Confidential. Once specific documents have been designated for copying by the inspecting Party, any documents containing Confidential Material shall then be marked with the Confidential Designation before delivery to the inspecting Party.

9. For interrogatory answers and responses to requests for admission, Confidential Material shall be designated by placing the Confidential Designation within each answer or response.

10. For depositions, information or testimony disclosed by a witness during a deposition may be designated as Confidential Material if the Designating Party (i) declares on the record at the deposition that the entire transcript or that a specific item or category of information that is disclosed in the transcript is "Confidential" or (ii) gives written notice to all other Parties that the entire transcript or that a specific item or category of information disclosed in the transcript is "Confidential" within twenty-one (21) days after the Designating Party's receipt of the final transcript. If Confidential Material is designated, the Confidential Designation also shall be placed on the front of the original and each copy of the deposition transcript. If the deposition was filmed, both the recording storage medium (e.g., CD, DVD) and its container also shall be labeled with the Confidential Designation. Counsel for any Designating Party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive or access Confidential Material based on the designation of such Confidential Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Material.

11. For any other document produced in discovery in this action not falling within paragraphs 7-10 above, Confidential Material shall be designated by labeling the document or its container with the Confidential Designation. If only a portion of the information in the container is Confidential Material, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

12. A Party other than the Producing Party may designate Material as Confidential within 30 days of the Designating Party's receipt of the Material from the Producing Party, by giving written notice with a further copy of the Material designated as Confidential in accordance with paragraph 7. Such written notice should be as specific as possible in identifying the information subject to a Confidential designation.

13. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any document or information.

14. An inadvertent failure to designate qualified Confidential or Competitive Sensitive Material does not waive the Designating Party's right to secure protection under this Protective Order for such material. In the event that a Designating Party inadvertently fails to designate Confidential or Competitive Sensitive Material, the Producing Party shall give written notice of such inadvertent production and shall reproduce copies of the Material that are labeled with the appropriate confidentiality designation. Upon receipt of such a notice, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected

Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of written notice of the inadvertent failure to designate. In addition, upon receipt of notice of inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation. No Party shall be found to have violated this Order solely for treating Material based on its original designation prior to receiving a notice of inadvertent failure to designate, provided such Party complies with the other terms of this paragraph.

15. Pursuant to Federal Rule of Evidence 502(d), a Party's disclosure in connection with this action of any communication, document, or information protected by the attorney-client privilege or work-product doctrine shall not waive such privilege in this action or in any other federal or state court action. The Parties agree to follow RCFC 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed communication, document, or information subject to such privilege.

16. If a Receiving Party, or a person to whom a Receiving Party has disclosed Confidential Material in accordance with this Protective Order, discloses Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Material subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Material and to prevent further unauthorized disclosures of the Confidential Material, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order by executing the certification attached as Exhibit A or Exhibit B, as appropriate; and (c) within seven days, notify the Producing Party and all other Parties of the identity of the person to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Material that was the subject of the unauthorized disclosure.

17. If it comes to a Designating Party's attention that information designated as Confidential Material does not qualify or no longer qualifies for protection, the Designating Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

18. All copies of Material designated as Confidential must be immediately stamped with the appropriate designation if it does not already appear.

19. Challenging Confidential Designations

    a. A Receiving Party shall not be obliged to challenge the propriety of a Confidential Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

      b.      The Receiving Party may initiate a challenge to the designation of any Confidential Material by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

      c.      The Receiving Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within fourteen days after the Designating Party receives notice from the Receiving Party. During the meet-and-confer process, the Receiving Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision to the Receiving Party within fourteen days after commencing the meet and confer process.

      d.      If the Designating Party decides to withdraw its designation, it shall give notice of this change to all Parties.

      e.      If the Receiving Party and the Designating Party cannot come to a resolution within the time set forth in subparagraph 19(c) above, either party may file a motion seeking a determination from the Court.

      f.      Any information designated as Confidential Material shall be treated as Confidential Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Material or (b) the Court rules that such information should not be treated as Confidential Material.

      g.      Within fourteen days after a designation as Confidential Material is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents that are free from any markings or designations as Confidential Material. The replacement documents shall be provided in the same format as the documents being replaced.

20.      If a Receiving Party or anyone subject to this Protective Order receives a subpoena under RCFC 45 (or an equivalent mechanism under other federal or state law) seeking Confidential Material, the Receiving Party or such individual shall give written notice, by e-mail, to the Producing Party (and to the Designating Party, if different) (a) within 7 days of receipt of the subpoena or demand at issue, or (b) more than 3 days before the time specified for compliance in the subpoena or demand at issue, whichever is earlier, and shall not disclose any Confidential Material until the Producing Party (and the Designating Party, if different) has had a reasonable opportunity to inform the subpoenaed person either that it (a) does not object to the production of the Confidential Material or (b) will seek appropriate relief or protection from the proper court to prevent its production. The Producing Party (and the Designating Party, if different) shall bear the burden and expense of seeking protection of its designated Confidential Material, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

21. A Designating Party that has designated Material as Confidential may de-designate the Material at any time.

22. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds not specifically addressed in this Order, or to object to the admission in evidence at any hearing or trial in this action of any Material discovered.

23. This Protective Order shall be without prejudice to, and does not impair, the rights of any Party to seek further limits on disclosure or protections for the confidentiality of any Material in addition to the limits and protections provided in this Order. The Parties reserve the right to amend this Protective Order to include additional levels of protection for particularly sensitive material.

24. The terms and limitations of this Protective Order shall not be modified or deviated from except upon order of the Court.

25. Nothing contained herein shall in any way affect or limit the right of a Party to use its own Confidential Material in any lawful way it chooses.

26. Nothing contained herein shall in any way affect or limit the right of a Party from lawfully using, as it wishes, any Material, whether or not designated Confidential, which:

    a. Was already known to the Receiving Party by lawful means prior to acquisition from, or disclosure by, the Producing Party in this Litigation;

    b. Is or becomes publicly known through no fault or act of the Receiving Party; or

    c. Is rightfully received by the Receiving Party from a Non-Party which has the authority to provide such Confidential Material and without restriction as to disclosure.

27. Nothing in this Order is intended to bar or otherwise prevent counsel for the Parties from rendering advice to their respective clients with respect to this Litigation and, in the course of rendering such advice, from relying upon their examination or knowledge of Confidential Material.

28. Within 30 days after the final termination of this action, including any appeals, counsel for the Parties shall return all Confidential Material (and any copies thereof) to counsel of record for the Producing Party or shall certify destruction thereof in writing. Notwithstanding the foregoing, counsel for the Parties may retain a file copy of court papers, deposition and trial transcripts, and attorney work product created in connection with this matter that include Confidential Material, provided that such material shall continue to be kept confidential pursuant to this Protective Order. In addition, nothing in this Order requires any Receiving Party to delete or destroy data which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other similar reasons, or any data that requires more than reasonable and practical actions to locate, identify, or destroy.

29.     Upon conclusion of this Litigation, any Materials that have been filed with the Court under seal will be retained by the court pursuant to RCFC 77.4(c).  Pursuant to RCFC 77.4(c), unless otherwise required by statute or order, the Clerk may unseal any document in the record five years after final entry of judgment or five years after disposition of the case by the appellate court. Copies of sealed documents may be returned by the Court to the Producing Parties for disposition in accordance with paragraph 28.

30.     Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed upon a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

31.     Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**IT IS SO ORDERED.**



s/     David A. Tapp
DAVID A. TAPP, Judge