# In the United States Court of Federal Claims

| | |
|---|---|
| AECOM ENERGY & CONSTRUCTION, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 20-2016C<br>(Filed: September 26, 2023) |

**ORDER**

      This case arises out of two decisions denying AECOM's requests for payment under a contract to decontaminate and decommission a former nuclear experimental site. AECOM alleges that the government breached its contract, among other claims.

      On May 22, 2023, the court granted the parties' joint motion to extend deadlines in the case, amending a previous discovery deadline, and ordered that document production be substantially completed by August 31, 2023.[1] ECF. No. 29. That order also required the parties to submit a joint status report on or before September 8, 2023, confirming that document production had been substantially completed and proposing a schedule for ongoing proceedings. *Id.* The parties filed this report on time, but the report neither confirms completion of document production nor proposes a new schedule for ongoing proceedings. ECF No. 32.

      In this latest status report, the parties assert that the government requires additional time to complete its document production. ECF No. 32 at 2. Since May 22, progress has been made—the government has provided plaintiffs with "nearly four million responsive documents in connection with the recollection of [U.S. Department of Energy (DOE)] custodial emails at the mailbox level," across twelve productions. *Id.* at 2-3. But there appears to be substantially more document production still to be done: (1) revising a subset of search terms for the DOE mailbox collection effort; (2) negotiating search terms to limit the scope of the collected Environmental Protection Agency documents; and (3) completing production of documents from the Naval Reactors Laboratory Field Office. *Id.* at 3.

      On September 8, the government further indicated that it would "propose a revised document production deadline within the week," at which time the parties would negotiate a new deadline for the government to complete document production and then jointly move for entry of a scheduling order setting deadlines for the completion of document production, as well as fact

---

[1] That order also vacated all other deadlines set under the previous scheduling order.

discovery, expert discovery, dispositive motions, and trial. ECF No. 32 at 3. Alternatively, if no agreement is reached, the parties stated that they would move separately. *Id.* The parties did not provide the court with any deadlines by which they would jointly or separately move for entry of a scheduling order.

Because it has been more than two weeks since the joint status report was filed and because no new deadlines have been proposed by the parties for ongoing proceedings, the court orders the parties to jointly submit a status report proposing a schedule (or separate schedules if the parties cannot agree), including (1) dates by which all search terms will be determined, (2) a new document production deadline for the government, and (3) proposed deadlines for fact discovery, expert discovery, dispositive motions, and trial. This joint status report shall be submitted on or before October 10, 2023.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge