IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMENTUM ENVIRONMENT & ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | No. 20-2016C <br> (Judge Silfen) |

### **DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**

Defendant, the United States of America, submits this motion to extend the scheduling order deadlines pursuant to Court of Federal Claims Rules 6(b) and 6.1. Despite substantial progress on fact discovery, as reflected in the parties' most recent Joint Status Report filed on February 18, 2025, ECF No. 63, the parties require additional time beyond the current deadline of March 14, 2025, in which to complete nine necessary depositions, five of which were identified in the Joint Status Report. Accordingly, defendant respectfully requests a modest extension of 70 days (10 weeks), to May 23, 2025, for the deadline for the close of fact discovery and modification of subsequent deadlines to otherwise maintain the prior case timeline. This is the seventh request for an enlargement of time for this purpose. Plaintiff, Amentum Environment & Energy, Inc., formerly known as URS Energy & Construction, Inc. (URS), opposes this request, unless we agree not to seek any further extension for any reason, except on the basis of unforeseen, extraordinary circumstances. As explained below, delays in scheduling and completing depositions—often imposed by URS—make such a commitment unfeasible at this stage. That said, we intend to avoid seeking any further extension to the below schedule, and in such circumstances the parties should endeavor to seek only an extension that will be no greater than strictly necessary.

1

We respectfully submit that good cause exists to grant the requested enlargement in its entirety.  Plaintiff has demanded approximately $314 million in alleged damages for delay, differing site conditions, and breach of contract on a complex nuclear clean-up project that spanned a period of over ten years.  Although we recognize our own previous delays in collecting and producing documents, *see* ECF No. 33, since that time the parties have made significant progress on finishing the depositions of fact witnesses.  However, due to delays by plaintiff, nine depositions remain to be scheduled (three of plaintiff's depositions, and six of defendant's depositions).

The current schedule provides for a phased discovery period involving (1) completion of fact depositions; and (2) expert discovery.  Under that schedule, fact discovery is to close on March 14, 2025.  ECF No. 57.  As stated in the February 18, 2025 Joint Status Report, the parties had yet to schedule five additional individual fact witness depositions and two additional Rule 30(b)(6) depositions.  Currently, the parties have noticed—but have yet to schedule and take— seven individual fact witness depositions and two additional Rule 30(b)(6) depositions.  The current schedule contemplated completion of all fact depositions by March 14, 2024, but given the number of outstanding depositions, this is not currently possible.

The parties have made significant progress on taking and scheduling depositions, beginning in July 2024.  In total, plaintiff has noticed three 30(b)(6) depositions and ten fact witness depositions, while defendant has noticed one 30(b)(6) deposition and 13 fact witness depositions.  So far, the parties have taken the following 16 depositions, two of which are 30(b)(6) depositions noticed by plaintiff, seven fact witness depositions noticed by plaintiff, and seven fact witness depositions noticed by defendant:

| Deponent | Noticing Party | Notice Date | Date of Deposition |
|---|---|---|---|
| 30(b)(6) of the DOE | Plaintiff | July 19, 2024 | October 8-10, 2024 |
| William Duggan | Defendant (with additional direct by Plaintiff) | September 19, 2024 | October 24, 2024 |
| Frank Marcinowski | Plaintiff | September 13, 2024 | November 12, 2024 |
| Brent Blunt | Defendant | September 19, 2024 | November 14, 2024 |
| Peggy Hamilton | Defendant | September 19, 2024 | November 20, 2024 |
| Jeanette Eng | Plaintiff | September 13, 2024 | December 10, 2024 |
| David Lowe | Defendant (with additional direct by Plaintiff) | September 19, 2024 | December 12-13, 2024 |
| Derrick Franklin | Plaintiff | September 13, 2024 | January 14, 2025 |
| Wendy Bauer | Plaintiff | September 13, 2024 | January 16, 2025 |
| Kevin Collins | Defendant (with additional direct by Plaintiff) | September 30, 2024 | February 5-6, 2025 |
| 30(b)(6) of the EPA | Plaintiff | August 30, 2024 | February 12, 2025 |
| Daniel Macias | Defendant | September 30, 2024 | February 20-21, 2025 |
| Tim Vitkus | Plaintiff | December 12, 2024 | February 25, 2025 |
| Hugh Davis | Plaintiff | September 13, 2024 | March 4, 2025 |
| Steven Feinberg | Plaintiff (with additional direct by Defendant) | September 13, 2024 | March 6-7, 2025 |
| Craig Anderson | Defendant | February 21, 2025 | March 13, 2025 |
| Craig Anderson | Plaintiff | February 25, 2025 | Scheduled for March 20, 2025 |

Plaintiff has three outstanding depositions—a 30(b)(6) of Naval Reactors,[1] Thomas Cochran,[2] and Kimberly Tate,[3] while defendant has six outstanding depositions—the URS 30(b)(6),[4] Keith Stone, Michael Gavin,[5] Karl Axelson,[6] James Smith, and Cheryl Cabbil.[7]  This disparity, however, is not the fault of defendant, but rather, plaintiff's refusal to provide defendant with available deposition dates for these witnesses.

Although defendant noticed the URS 30(b)(6) deposition on September 20, 2024, the first time plaintiff proposed a date was on January 30, 2025—over four months after the initial notice. Notably, we requested a date for this deposition on October 28, 2024, November 4, 2024, November 21, 2024, and December 19, 2024.  Ex. A at 1-2; Ex. B at 5; Ex. C at 10, 1-2.  We did not receive any proposed dates in response to any of these requests.  *Id.*  Further, on January 30, plaintiff proposed the week of March 10, 2025—incidentally the final week of discovery, and a week during which the attorneys for defendant were not available for that deposition.  Ex. D at 11.  Since January 30, plaintiff has refused to provide another date for the URS 30(b)(6) deposition, claiming this refusal is because we have not explained our lack of availability during the week of March 10.  *Id.* at 4.  This claim is made despite the fact that we informed plaintiff that we would not be available for the three days of a 30(b)(6) deposition during that week due to obligations in other cases—particularly considering each undersigned attorney handles a full case load of at least 10-15 other cases.  *Id.* at 7.

---

[1] Noticed on January 14, 2025.
[2] Noticed on December 19, 2024.
[3] Noticed on January 30, 2025.
[4] Noticed on September 20, 2024.
[5] Keith Stone and Michael Gavin were both noticed on September 30, 2024.
[6] Noticed on December 20, 2024.
[7] James Smith and Cheryl Cabbil were both noticed on March 10, 2025, after plaintiff had disclosed both as possible trial witnesses on February 28, 2025 (on which date we informally requested deposition dates for both witnesses via email).

Also on January 30, plaintiff offered the date of February 19 or 20, 2025, for the deposition of Michael Gavin. *Id.* at 11. Again, we had noticed Mr. Gavin's deposition on September 30, 2024, and despite requesting dates for this deposition on October 28, 2024, November 4, 2024, November 21, 2024, and December 19, 2024, we did not receive a proposed date until the end of January 2025. Ex. A at 1-2; Ex. B at 5; Ex. C at 10, 1-2. We responded, stating that due to other case considerations, we would be unable to cover two depositions on the same day,[8] and that 20-days' notice would not be sufficient time to prepare. Ex. D at 10. In addition, we have been requesting deposition dates for Keith Stone since September as well, repeating our request on each of the dates outlined above. Despite these requests, we have still not received a proposed deposition date for Mr. Stone. And finally, despite noticing the deposition of Karl Axelson on December 20, 2024, we have yet to receive a proposed deposition date, despite repeatedly requesting one.

Nevertheless, we have proposed deposition dates for all three of plaintiff's outstanding depositions. For the Naval Reactors 30(b)(6) deposition, we repeatedly proposed dates, which then needed to be postponed due to plaintiff's request based on unresolved issues over clawed-back documents. Ex. D at 3. For Ms. Tate, on February 25, we proposed a number of dates in March, *id.* at 2-3, and for Mr. Cochran, we again proposed a number of dates in March. Ex. D at 1. In addition, on February 11, 2025, we raised with plaintiff the fact that given the remaining depositions to be scheduled, the already full schedule, and the seeming unavailability of witnesses, a schedule extension would likely be necessary. Ex. D at 8. Following that date, due to the already full deposition schedule through the current end of discovery, we proposed dates outside of the discovery window, particularly because plaintiff stated it would consider the

---

[8] Daniel Macias' deposition had already been scheduled for February 20-21, 2025.

proposed schedule extension. *Id.* at 1-7.  However, at that point, plaintiff refused to provide any additional deposition dates.  Ex. E at 4, 1.  Accordingly, our cooperation with plaintiff over scheduling depositions has resulted in us not being able to complete discovery on the current schedule.

We thus respectfully request that the Court find good cause to modify the current deadlines identified in the Court's October 17, 2024 Scheduling Order (ECF No. 57) as follows:

| **Event** | **Current Deadline** | **Requested New Deadline** |
|---|---|---|
| Close of Fact Discovery | March 14, 2025 | May 23, 2025 |
| Joint status report due that updates the court on a first settlement discussion | April 4, 2025 | June 13, 2025 |
| Exchange of Expert Reports | May 9, 2025 | July 18, 2025 |
| Exchange of Rebuttal Expert Reports | July 3, 2025 | September 12, 2025 |
| Close of Expert Discovery | August 29, 2025 | November 7, 2025 |
| Joint status report due that (1) updates the court on a second settlement discussion, and (2) proposes a schedule for further proceedings.  The dispositive-motion briefing schedule shall include four deadlines: (1) URS's affirmative motion; (2) the government's cross-motion and response; (3) URS's response and reply; and (4) the government's reply. | September 12, 2025 | November 21, 2025 |

In addition, consistent with this Court's October 17, 2024 Order, the parties will continue to jointly submit a status report on the every-30-day schedule through the close of expert discovery, the last one due on November 21, 2025.

6

| | |
|---|---|
| March 14, 2025 | Respectfully submitted, |

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

<u>Lisa L. Donahue</u>
LISA L. DONAHUE
Assistant Director

<u>/s/ Ioana C. Meyer</u>
IOANA C. MEYER
DANIEL BERTONI
THOMAS ADAIR
AUGUSTUS GOLDEN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0001
Ioana.C.Meyer@usdoj.gov

*Attorneys for Defendant*

*Of Counsel:*

BRANDON MIDDLETON
Chief Counsel
BRADY L. JONES, III
Assistant Chief Counsel for Acquisition and Litigation
SKY W. SMITH
Trial/Procurement Counsel Office of Chief Counsel Environmental Management Consolidated Business Center
U.S. Department of Energy