## Meyer, Ioana C (CIV)

| | |
|---|---|
| **From:** | Speth, Charles <Charles.Speth@wilmerhale.com> |
| **Sent:** | Monday, January 6, 2025 11:35 AM |
| **To:** | Meyer, Ioana C (CIV) |
| **Cc:** | Gostin, Isley; Bertoni, Daniel (CIV); Adair, Thomas (CIV); Golden, Augustus J. (CIV); Tuttle Newman, Jake |
| **Subject:** | [EXTERNAL] RE: AECOM - further discovery updates |

Ioana,

Happy New Year.  Thanks for your email below.  Responses to some of the items are below.

**EPA 30(b)(6) Deposition.** Please let us know the details when you can, including who EPA intends to designate as it its witness(es).

**Franklin and Bauer.** We have not heard back from you regarding Ms. Bauer's availability since your below email.  In light of that uncertainty, we would propose scheduling both depositions (we would like to make a single trip to Dayton for these) during the week of January 20, January 27 or February 17, in Dayton, Ohio.  If those weeks do not work for Ms. Bauer and Mr. Franklin, but the week of January 13 does, we should be able to make dates that week work, but please let us know today if that is the case.

**Collins.** As requested, we reached out to Mr. Collins regarding his availability during the first week of February and he is available to be deposed on February 5th and 6th. Please confirm that those dates work for the government.

Thank you,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Thursday, December 19, 2024 2:46 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

Sounds good, we've responded below.

**EPA 30(b)(6) Deposition.** The week of February 10 works for the EPA. The EPA have said they prefer their office, so I will check with them on the exact logistics and get back to you.

**Bauer and Franklin.** Yes, these are confirmed for the week of January 13, although I do not believe we had confirmed a location. The WH offices in Dayton work for us. In terms of timing, I think you meant January 15 and 17 right? I cannot

do the 17, so how about Tuesday January 14 and Thursday January 16? Based on their individual schedules, Mr. Franklin can do the 14. I just found out today that Ms. Bauer's availability that week is dependent on a family member's medical condition, which she will update us about on 12/26. Tentatively though we can schedule her for Thursday, January 16, and we will update you as soon as we find out more.

**Collins.** If a second day is necessary, I won't be able to do January 30 and 31 because I am unavailable the 28-30. The next week does work though and any day that week would work.

**Feinberg and Davis.** The week of March 3 should work, although we will need to do those in Cincinnati. One day between the two depositions is fine. We do not consent to making Mr. Feinberg available for more than the 7 hours permitted by the rules.

**Giardina.** I will check with Mr. Giardina on what his availability is after the week of February 10 and get back to you.

**Direct/Redirect.** That sounds great re cooperating on the deposition logistics and letting us know ahead of time whether you will need an additional day for a direct. And we do agree that cross-noticing is not required, though we cannot agree ahead of time to limit the objections we may make, so long as those objections are permitted by the rules. We also cannot agree to limit what testimony we may or may not seek to exclude in the future, so long as that is also permitted by the rules. I did see your request for a meeting on this point, I'm just not sure what we have to discuss considering we have let you know our position and you have let us know yours and we largely seem to be in agreement.

**Other depositions.** We are still waiting on deposition dates for Michael Gavin, Dan Macias, and Keith Stone, as well as for the government 30(b)(6). We are also still waiting for a deposition notice with questions for the NR 30(b)(6). We will not consent to taking any of these depositions outside of the fact discovery window.

Best,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Friday, December 13, 2024 3:24 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** [EXTERNAL] Re: AECOM - further discovery updates

Ioana,

We wanted to reach out to keep moving the ball forward on deposition scheduling.

**EPA 30(b)(6) Deposition:**  Would it be possible to do the EPA deposition the week of February 10 (rather than the week of February 3)?  Also, we would prefer to do the deposition at our offices in New York if the EPA and DOJ are willing; however, we are willing to come to the EPA Region 2 office if that is preferred by EPA and DOJ.

**Bauer and Franklin**:  These are confirmed for the week of January 13 at WH's Dayton office.  Would it be possible to do Bauer on Wednesday January 17and Franklin on Friday January 19?  In any event, please let us know their availability.  We would like to have one open day of spacing in between their depositions.

**Collins:**  Per your request, we proposed alternative dates for his deposition of January 30 and 31 at WH's DC office.  We anticipate a full day of our own questioning.  We are proceeding with the understanding that those dates work for you, but if not please let us know by Tuesday COB.

**Feinberg and Davis:**  At the Lowe deposition, Sky and I discussed potentially doing these the week of March 3 at the WilmerHale offices in Dayton (rather than in Albany).  That agreement would work for us.  Please confirm if that works for you.  We also believe, given his central role in all aspects of this case, Mr. Feinberg's deposition may require more than the default seven hours provided for in the rule.  Please let us know if the government will consent to making Mr. Feinberg available for two days.  As with Bauer and Franklin, we would like to have one day of spacing in between their depositions.

**Giardina**:  Please provide us with weeks following the EPA deposition that Mr. Giardina will be available for deposition.

Thank you,
Charlie

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Friday, December 6, 2024 8:56 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

Ioana – one additional update concerning depositions.  Kevin Collins is available on January 30 and 31.  We expect a second day will be required.  Please let us know if those dates will work.  Thanks.

---

**From:** Speth, Charles
**Sent:** Friday, December 6, 2024 9:19 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

Ioana,

Thanks very much for your email.  Regarding the technology for Ms. Eng's deposition, we will be using Planet Depos as the court reporter and technology service provider. You or Ms. Eng should feel free to reach out to Jackie Geller at Planet Depos who can connect you with the Tech Support team for a demo.  Her contact info is here:

Jackie Geller | Planet Depos
t 888.433.3767 | m 646.271.0075
jackie.geller@planetdepos.com
planetdepos.com

Some additional responses are below.

**Lowe Deposition.**  Our Denver Office has wifi available for use by guests.  We can plan to start at 9 am mountain time on Thursday.  Please let us know attendees when you are able.

**EPA 30(b)(6) Deposition.**  We are checking on these dates and will get back to you.

**Feinberg/Davis**.  We are not able to do four depositions during the week of January 13.  You mentioned you were checking on March 3 for Feinberg and Davis; please let us know if that week will work.

**Direct/Redirect**.  It sounds like you agree that cross-noticing is not required regardless of the scope of the questioning, but please let us know if that is not the case.  Do you likewise agree that you will not rely on any "scope" objections to later seek to exclude otherwise admissible testimony?  We just want to confirm that you are not going to try to exclude testimony on this basis, which would clearly be contrary to our prior agreement for the reasons we've already said.  In our view, that substantive agreement is separate from the logistics point, where, as we've said before, we happy to work collaboratively with you and your team to try to estimate in advance and provide notice regarding whether multiple days of testimony are likely to be necessary.  Again, we think it would be helpful to confer via phone (or via Zoom) about this issue and we therefore asked for your availability; perhaps you missed that that request.  If you are willing to confer via phone (or virtually or in person), please let us know your availability.

**Tim Vitkus.**  Thank you for that information.  We would similarly ask to be copied on any subpoenas you serve and/or documents you receive.

Thanks,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Wednesday, December 4, 2024 4:49 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

That sounds great, thanks. Not a problem – if you could just let us know this week so that we can make sure the technology works for Ms. Eng, that would be great. In addition, we anticipate that we may have about 30 minutes or so of our own direct of Ms. Eng.

**Lowe Deposition.** I'm assuming yes, but just in case, is there wifi in the Denver WH office that we'll be able to use?

**EPA 30(b)(6) Deposition.** The EPA has proposed the week of February 3 for their 30(b)(6) deposition. The EPA region 2 offices are located in lower Manhattan and they are happy to host the deposition there in one of their conference rooms.

**Wk of Jan 13 Deps.** Both Steve Feinberg and Hugh Davis are available to travel to Ohio during the week of January 13, so we could do all four depositions that week. We aren't planning on doing a direct of any of them (just likely redirects), so a day for each should be sufficient. Would that work for you? All four witnesses are available any day that week.

**Direct/redirect**. Our position is that questions on redirect are limited to the scope of cross, and we have never agreed otherwise. While we agree that documents raised on redirect that were addressed during cross, or topics raised on redirect that were addressed during cross are within the scope, documents and topics that are entirely new are not within the scope of cross. To the extent a party wants to introduce new topics, that would be a direct exam, which has implications for timing and for payment of the court reporter services. We agreed that the formality of a cross-notice is not necessary, but we request at least 4-5 days notice of the intent to take a direct, particularly if that direct will entail another day of questioning.

**Trial witness disclosure.** Yes, we agree.

**Tim Viktus.** No, Mr. Viktus has not asked that we accept service on his behalf, so if you prefer to send him your subpoena directly I have no objection. I merely offered to accept it on his behalf to make things easier. I do not believe he is represented by counsel. ORISE/ORAU is represented by counsel and I will provide you their contact information. Can you please copy me on any subpoenas you send and any documents you receive?

    Rachel F. Lokitz, ORAU
    Chief Legal & Risk Officer
    Office: 865-241-8872
    Cell: 865-202-7229

Best,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Tuesday, December 3, 2024 2:17 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** [EXTERNAL] RE: AECOM - further discovery updates

Ioana –

Thanks.  We agree to do Ms. Eng's deposition fully remote.  We may be using a different court reporter service/vendor for her deposition that has better virtual capacities, and we can arrange for any members of your team and/or Ms. Eng to have a tutorial with that technology if you would like.  Below are some responses to the other points in your email.

**Direct/redirect.**  We did not discuss scope in the agreement that cross-notices need not be served because (a) if a cross-notice were served, the understanding would be that there was no scope limitation, and (b) the agreement would be meaningless otherwise because redirect within the scope of cross is always permitted whether or not a cross-notice has been served.  Separately—and as we have said—a redirect is not limited to only the documents used during direct or only the precise questions asked on cross.  We think it would be helpful to discuss this issue to see if we can reach an understanding.  Please let us know your availability for a call.

**Trial witness disclosure.**  I wanted to put our full agreement in one place to confirm that you still intend to abide by it.  Except as articulated in the agreement between the parties, we agree that both parties are expected to abide by and comply with the Court's rules and other applicable court deadlines.  The agreement is as follows (identical to my summary from September 30 to which you replied affirming your agreement):

1. The parties shall continue to disclose potential trial witnesses in good faith and with reasonable diligence on a rolling basis, so that such witnesses may be deposed in a timely manner.
2. After the date that is one month prior to the close of fact discovery, the disclosure of any additional trial witnesses (and the calling of such witnesses at trial) shall be permitted only upon good cause shown, as to be determined by the Court. The non-disclosing party shall have an opportunity to depose any such witness.
3. This does not apply to witnesses that may be called at trial solely for purposes of authenticating documents.

To the extent you have any concerns, we are happy to discuss.

**Tim Vitkus.** Has Mr. Vitkus authorized you to accept service on his behalf? Do you know whether Mr. Vitkus is represented by counsel and, if so, would you please provide us with their contact information? Separately, do you know whether ORISE/ORAU is represented by counsel and, if so, would you please provide us with their contact information? We'll need to serve document subpoenas soon so that documents are obtained sufficiently in advance of the deposition. We are happy to work with you on a date for Mr. Vitkus's deposition.

Thanks,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Monday, December 2, 2024 6:10 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

I'm responding in full to your prior email and checking in about Jeanette's deposition – are you fine with a remote deposition seeing as how she cannot travel and strongly prefers a remote deposition? We've discussed the requisite technology with her and will be testing it this week, though she seems to be comfortable with it.

**Naval Reactors.** A date in late January should work, I'll start discussing details on dates with NR counsel.

**Wendy Bauer and Derrick Franklin.** Working on dates.

**Eng.** As stated above.

**Steve Feinberg and Hugh Davis.** Checking on the week of March 3.

**Direct/Redirect.** It sounds like going forward we should be able to work together to figure out logistics in a timely manner that works for all involved. While we understand that letting the other side know at the time of deposition notice of the intention to take a direct of a witness may not be feasible, we do ask for a good faith notice of at least a one week of the intention to take a direct. With regards to scope, we did agree that parties would not need to serve

cross-notices, but the issue of scope did not come up and we have at no point agreed to waive any scope objections. Thus, we maintain our position on and the validity of our objections regarding scope.

**Collins.** That week will not work for us. Is he available starting the week of January 13 onwards?

**Trial Witnesses.** We agreed to disclose potential trial witnesses on a rolling basis and in good faith, up to one month prior to the close of fact discovery (except for authentication-only witnesses and for good cause), with the understanding that the opposing party would have the opportunity to depose any late-disclosed witnesses. But we did not agree to not abide by the rules and other applicable court deadlines – we only agreed to the above modification.

**Tim Viktus.** DOJ does not represent Mr. Viktus or ORISE/ORAU in this matter. We intend to serve our own subpoena on him and are happy to work with you to agree on a date – once we have all agreed on a date we can accept your subpoena (to make things easier).

Best,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Saturday, November 30, 2024 4:36 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** [EXTERNAL] RE: AECOM - further discovery updates

Ioana -

Thanks for your email.  I hope you had a nice Thanksgiving.  Regarding Jines, we are happy to withdraw the Jines deposition notice and take the deposition off the calendar at this time based on your decision to remove him from your trial witness list.  Although we presently have no plan or intent to depose Mr. Jines, our withdrawal of the notice is without prejudice to our right to re-notice his deposition at a later date should we decide his deposition is necessary.  Similarly, the withdrawal is without prejudice to your right to subsequently identify him as a trial witness, provided any such identification is consistent with our prior agreement concerning the timing of such identification and our right to depose him should you so identify him.  In other words, we'll proceed as though you had never identified him as a trial witness and we had never noticed his deposition.  Please let us know if you have any questions or objections.

Thanks very much,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Friday, November 29, 2024 2:00 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** RE: AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

I hope you had a happy Thanksgiving. I wanted to respond to some of your last message and will respond to your message in its entirety next week.

**Wendy Bauer and Derrick Franklin:** We will provide specific dates.

**Jeanette Eng:** Ms. Eng resides in Highland Park, NJ and has expressed a strong preference for a remote deposition. She is in her 70's and taking care of her husband and will not be able to travel to New York city. If you prefer to take the deposition in person, there are some hotels in the area where we could likely use the conference rooms, but a remote deposition may work best. If you do take the deposition remotely, we would also be remote.

**Steve Feinberg and Hugh Davis:** We will check on the week of March 3 and get back to you.

**Multiple attorneys:** Great, thank you.

**Alan Jines**: We intend to remove Mr. Jines from our trial witness list, please let us know whether you still intend to go forward with your deposition of him so that we can determine those logistics.

Best,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Saturday, November 23, 2024 8:06 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Subject:** [EXTERNAL] RE: AECOM - further discovery updates

Ioana,

Thank you for your emails.  Below are some responses:

**Naval Reactors**.  We will plan to send the notice next week.  We are likely to propose a date in late January.

**Wendy Bauer and Derrick Franklin:** I can confirm that we plan to take Ms. Bauer and Mr. Franklin's depositions during the week of January 13 in Dayton, Ohio.  We have an office in Dayton that we should be able to use as a location.  Please provide specific dates on which Ms. Bauer and Mr. Franklin are available during that week.

**Eng:**  Where does Ms. Eng reside in New Jersey?  We think it's preferable to make use of our New York office if that is an option.

**Steve Feinberg and Hugh Davis:** With apologies for the scheduling challenges, can you please inquire with Mr. Davis and Mr. Feinberg about their availability the week of March 3?

**Multiple attorneys:** We agree that, as a courtesy, each party will provide at least three-days' notice when more than one attorney will examine a witness.

**Direct/Redirect:** We are happy to work collaboratively with you and your team regarding deposition logistics and to try to estimate in advance whether multiple days of testimony are likely to be necessary. However, based on our experience to date, we do not share your understanding of how a redirect may be scoped or when a redirect becomes a direct. In general, we disagree with the "scope" objections that you have made during our redirects. In addition, we disagree that new exhibits are necessarily beyond the scope of a direct when, for example, a witness is questioned about a document without being shown the document or questioned about an issue to which the document relates. In any event, avoiding such disputes was precisely the purpose of our express agreement that "[p]arties do not need to serve cross-notices to be able to question a witness at a deposition noticed by the other party." Nevertheless, provided it is consistent with our prior agreement, we remain amenable to engaging in case-by-case discussions regarding the logistics of depositions.

**Collins:** Mr. Collins is available for his deposition on December 18 and, if needed, December 19, at our offices in DC.

**Other URS witnesses:** We are still working on dates for Mr. Gavin, Mr. Stone, Mr. Macias, and the URS 30(b)6).

**Trial Witnesses:** Thank you for your revised list of witnesses. As you know, in addition to making efforts in good faith and with reasonable diligence to disclose potential trial witnesses on a rolling basis, so that those witnesses may be deposed in a timely manner, we also agreed that disclosure of any additional witnesses after the date that is one month prior to the close of fact discovery is not permitted in the absence of good cause shown as may be determined by the Court and that the non-disclosing party shall have the opportunity to depose any such late-disclosed witness. This agreement was made without regard to what is permissible under "the rules and applicable court deadlines." Please confirm that you are not now seeking to alter or disclaim that agreement.

**Tim Vitkus.** Does DOJ represent Mr. Vitkus and/or ORISE/ORAU in this matter? Will you accept service of a documents subpoena to Mr. Vitkus? ORISE/ORAU? Do we need to subpoena Mr. Vitkus for deposition or is a deposition notice sufficient? ORISE/ORAU? To the extent we subpoena the deposition of ORISE/ORAU, will you accept service of the deposition subpoena?

Best,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Friday, November 22, 2024 3:52 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>
**Subject:** RE: AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

9

One additional question regarding the Naval Reactors 30(b)(6) Notice. Do you have an estimated time for when you plan to send that notice, and for a date? NR would like to know so that they can figure out whether they need to begin the prep, or whether they should wait.

Thanks,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Meyer, Ioana C (CIV)
**Sent:** Thursday, November 21, 2024 1:43 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>
**Subject:** RE: AECOM - further discovery updates

Thanks for your response, I've responded in this same email to keep things in one email.

**Wendy Bauer, Derrick Franklin:** Are you able to confirm the week of January 13 in Ohio?

**Ms. Eng:** I will check with her whether she is able to travel Wilmer Hale's NYC office; the last I spoke with her she was unable to travel, but I will get back to you.

**Feinberg and Davis:** Unfortunately the week of February 24 does not work, but the week of February 18 does work.

**Multiple attorney questioning:** We agree with your proposal that more than one attorney can question a witness in a deposition (though obviously not at the same time), and that only one attorney will defend each deposition. We just ask as a courtesy that each party provide at least three days advance notice that there will be more than one attorney examining a witness.

**Direct / Redirect:** I was under the impression that the parties had agreed to limit the depositions to 15 per side, but I spoke to Meen-Geu and he let me know that the parties never set a hard limit on depositions.  He said the parties discussed that about 15 per side was what would be needed, but that there may be more. That understanding is fine with me.

However, it seems we need to clarify our agreement on cross-noticing: We're fine with the parties not being required to cross-notice a witness that the other side has noticed, with a caveat.  If the other party intends to take a direct of that witness, that party will let the other side know at the time the deposition is being scheduled so that we can best determine logistics and whether multiple days are necessary. In addition, knowing whether a party intends to take a direct will inform whether new exhibits can be introduced, whether the scope of cross can be exceeded, and how much time is allotted to that part of the deposition.  Let me know whether you agree.

**Marcinowski Deposition:** We do still intend to call Mr. Marcinowski as a trial witness, and any allegation that we are not acting in good faith is unfounded and inappropriate. The fact that we are not sharing our litigation strategy does not warrant an allegation of bad faith.

**Remaining Depositions:** We are withdrawing our deposition notice of Mr. Desrosiers. Regarding our notice of Kevin Collins, I believe you said you would have a date soon, do you have one? We are also still waiting on dates for Michael Gavin, Keith Stone, Dan Macias, and a URS 30(b)(6), all of which we noticed on September 30.

**Trial Witnesses:** We reserve the right to amend our witness list at any time in accordance with the rules and applicable court deadlines, but continuing in good faith to honor the parties' agreement to disclose likely trial witnesses given the scope and other realities of this case, our updated potential trial witness list is:

- Steven Feinberg
- Hugh Davis
- Alan Jines
- Brent Blunt
- Paul Giardina
- Jeannette Eng
- Tim Viktus (new)
- Frank Marcinowski (new)
- Tom Cochran (new)

Best,
Ioana

**Ioana C. Meyer**
Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov

---

**From:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Sent:** Tuesday, November 12, 2024 8:09 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>
**Subject:** [EXTERNAL] RE: AECOM - further discovery updates

Ioana:

I am responding to a few points raised in your email and also providing a couple of updates.

**Blunt**. For Mr. Blunt's deposition on Thursday, please provide us with a list of attendees for our security list, including the court reporter / videographer.

**Eng.**  We understand that Ms. Eng is located in New Jersey near New York City.  We would propose to hold her deposition at WilmerHale's New York offices, which are located at 7 World Trade Center.  Please let us know if you are amenable to that location.

**Giardina.**  Thank you for the update.  We'll check our schedules and propose a date.

**Feinberg and Davis.**  With apologies for any inconvenience, we had our dates wrong and cannot conduct the Feinberg and Davis depositions the week of February 10.  Can you please see if Mr. Feinberg and Mr. Davis are available the week of February 24 instead?

**Questioning of Witnesses by Attorneys.**  We do not agree that only one lawyer for a party may question a witness during the deposition.  None of the cases you cite demonstrate that it would be improper to have one attorney question the witness on one set of topics, and then switch to another questioner to cover other topics, especially in a case of this breadth.  *See Cont'l Cas. Co. v. Compass Bank*, No. CV 04-0766-CB-C, 2005 WL 8158673, at *4, n.3 (S.D. Ala. Dec. 7, 2005) (senior attorney "interposed objections" while an associate was the defending counsel); *Applied Telematics, Inc. v. Sprint Corp.*, 1995 WL 79237, *4 (E.D. Pa. 1995) (holding that "only one attorney *at a time* shall be designated as the 'voice' of counsel at a deposition"); *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) (party conceded that it never intended to have more than one lawyer question the witness).  Indeed, *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D.

32, 35 (E.D. Pa. 1995), one of the cases you cite, expressly rejected this argument.  In that case, the Plaintiff asked the court to prohibit the defendants from switching to a different questioner for the second day of a witness's deposition, citing *Applied Telematics* and *Cummins*.  The court in *Caplan* rejected that argument:

> Ms. Della Rocco asks, in the alternative, that if her deposition does continue, that we order that it be continued by Mr. Kolaski, not Ms. Short. Ms. Della Rocco argues that under Federal Rule of Civil Procedure 30(c), depositions "may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." (emphasis added). Rule of Evidence 611(a) gives the Court the power to control the mode and order of presenting evidence, and Local Rule of Civil Procedure 37(a) provides that at trial, "only one attorney for any party shall examine or cross-examine any witness, unless otherwise permitted by the Court."  Ms. Della Rocco argues that the interaction of these Rules requires that when her deposition continues, Mr. Kolaski must be the attorney who takes it. At least two courts have made similar rulings based on these or similar rules. *Applied Telematics, Inc. v. Sprint Corp.*, No. 94–4603, 1995 WL 79237 at *4, 1995 U.S.Dist. Lexis 2191 at *11 (E.D.Pa. Feb. 22, 1995) (Naythons, M.J.); *In re Cummins*, 144 B.R. 426, 428 (Bankr.W.D.Ark.1992).
>
> Defendants argue that Ms. Della Rocco misconstrues Rule 30(c) because Rule 30(c) is designed to allow leading questions and the like, not govern who takes the deposition. Moreover, they argue that if Rule 30(c) does integrate Local Rule 37, the rules are only intended to prevent more than one attorney taking a deposition at the same time. They agree that this would be confusing to the witness.
>
> We agree with Defendants, and accordingly, will not preclude an attorney other than Mr. Kolaski from continuing the deposition.  Because this is not a trial or video-taped deposition, there is not as much need to relieve jury and witness confusion, which is the interest protected by Local Rule 37.  We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing.

In addition, at issue in the cases you cite were local rules providing that at trial, only one lawyer for a party may cross-examine a witness.  As noted above, the court in *Caplan* held that the relevant local rule did not apply to depositions and, in any event, we are aware of no such rule in the Court of Federal Claims.  Finally, there is no risk of jury confusion because, even if these depositions are played at trial, the trial will be a bench trial, and there is no unfairness to the witness because we have provided notice of how the questioners will be divided by topic and been clear on which attorney is questioning the witness.  We further note that your email below is the first time that you have objected to this.  We will agree, however, that only one attorney will defend each witness during questioning by the Government.

**Questioning of a Witness Noticed by the Other Party.**  With respect to your question, we note initially that in the one relevant deposition thus far (Mr. Duggan's), our questioning did not exceed the scope of your questioning.  In any event, it is not our understanding that the questioning of a witness by a party in a deposition originally noticed by the other side counts towards any deposition limit—in fact, that is clearly contrary to the understanding under which the parties have been operating.  We agreed nearly nine months that, given the breadth of topics and potential witnesses in the case, we would work cooperatively to identify trial witnesses such that each side could have the opportunity to depose those individuals in a timely and efficient manner.  We first disclosed our presumptive trial witnesses in February 2024, have on several occasions checked in regarding these lists and the estimated number of depositions that would be required, and agreed to keep each other apprised of any additions.  We also memorialized before any deposition was taken our agreement that each side need not serve cross-notices to question a witness originally noticed by the other side—the intent of which was clearly to allow questioning by the non-noticing party that was beyond the scope of the noticing party.  At that time, we again discussed how many depositions may be needed for each side, and reaffirmed that 15 depositions a side seemed like a reasonable projection.  That estimate was based on the number of potential trial witnesses that had been identified by the parties at the time—nine current or former government employees (five identified by you and four by URS) and nine current or former URS employees (four identified by you and five by URS)—plus three 30(b)(6) depositions, plus some additional witnesses that would need to be deposed based on identification of additional trial witnesses by each side.  The notion that a witness questioned by the non-noticing party pursuant to our agreement would count against an estimated number of depositions is therefore not only clearly contrary to the

parties' agreement on cross-notices—the numbers simply don't add up.  We assume that is why you did not raise this argument in our discussions with you until November 8, even while you requested on October 25 that we let you know as a courtesy whether we intended to question URS witnesses that you had noticed (which we of course agreed to do) and the parties adjusted schedules to ensure that witnesses could be questioned by each party.

**Marcinowski Deposition**.  As you know, we emailed you on November 4 offering to withdraw the deposition of Frank Marcinowski given that you had not disclosed him as a trial witness, assuming you would confirm that you still did not intend to call him at trial.  You responded on November 4 that you were "still working on our list of trial witnesses" and "will have a better answer as to Frank most likely later this week," and you wrote on November 5 that you were "in the process of determining whether [Frank] should be a trial witness and will let you know once we have made that determination."  At my request, we then had a call on Thursday November 7, during which you indicated that you were identifying Mr. Marcinowski as a trial witness.  We understand based on Mr. Marcinowski's testimony that you interviewed him between the time of our request on November 4 and our call on November 7, but please let us know if that is inaccurate.  In any event, at his deposition today, Mr. Marcinowski was continuously unable to recall basic facts and information concerning the key events of the case, despite being shown documents in an unsuccessful attempt to refresh his recollection.  Given his complete lack of recall, it is difficult to comprehend that you would intend to rely on Mr. Marcinowski as a trial witness.  Our agreement to disclose potential trial witnesses—which we made in February 2024 and reiterated on several occasions over the past nine months—is premised on and expressly reflects that the parties will disclose trial witnesses "in good faith" "on a rolling basis," "so that such witnesses may be deposed in a timely manner."  The purpose of the parties' agreement was both to make sure parties have the opportunity to depose all potential trial witnesses and to avoid spending time on depositions of individuals that will not be called as witnesses at trial.  Your decision to identify Mr. Marcinowski as a trial witness, particularly considered with your request only one day later for confirmation that our questioning of witnesses you noticed would somehow "count" against us, causes concern that you no longer intend to adhere to our mutual agreement to disclose potential trial witnesses for deposition in good faith.

Please let me know if you'd like to discuss any of the above.

Best,
Charlie

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Friday, November 8, 2024 5:57 PM
**To:** Speth, Charles <Charles.Speth@wilmerhale.com>
**Cc:** Gostin, Isley <Isley.Gostin@wilmerhale.com>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>
**Subject:** AECOM - further discovery updates

**EXTERNAL SENDER**

Charlie,

A few updates:

**Wendy Bauer, Derrick Franklin:** Both are available the week of January 13 in Ohio. Steve Feinberg has been out of town, so we are still waiting on his availability, as well as Hugh Davis' but should have that soon.

**Paul Giardina:** He says he is no longer available in December, but is available after January 1. He lives in New York state.

**Tuesday logistics:** I forgot that you will have to go through a metal detector when you come into the building, but as long as you don't have any weapons, pepper spray, etc. on you, there will not be an issue.

- When you're in the lobby, the numbers you can call to have us come get you are:
    - Ioana: 202-305-0001
    - Tom: (202) 860-9947 or (202) 353-7955

**Number of depositions:** I believe we agreed to both sides taking 15 depositions, right? The direct depos you are taking of your own witnesses count in that number and I don't believe we ever agreed otherwise, but let me know if there was ever a different agreement.

**Multiple attorneys taking depositions:** We should have raised this previously, but multiple attorneys taking and defending one deposition is not permitted. *See Cont'l Cas. Co. v. Compass Bank*, No. CV 04-0766-CB-C, 2005 WL 8158673, at *4 (S.D. Ala. Dec. 7, 2005):

> Rule 30(c) provides that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence[.]" Fed.R.Civ.P. 30(c). Moreover, pursuant to Rule 30(c) and a party's motion for protective order, courts have directed attorneys to designate one attorney as "the 'voice' of counsel at a deposition." *Applied Telematics, Inc. v. Sprint Corp.*, 1995 WL 79237, *4 (E.D. Pa. 1995); *see also id.* ("[O]nly one attorney for each party shall be permitted to act as counsel during a deposition. The examination and cross-examination during a deposition proceed in the same manner as at trial.... Therefore, in order to proceed in a[n] effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition."); *see Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 32, 35 (E.D. Pa. 1995) ("We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing."); *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) ("The Court agrees that examination by multiple attorneys representing one party may be oppressive.... Accordingly, the Court will direct that only one attorney for each party may examine or cross-examine Hays during his deposition.").

Additionally, only one counsel per party may object to questions asked at a deposition. *See Gavrity v. City of New York*, 2014 WL 4678027 at * 1 (E.D.N.Y. 2014) ("Only one attorney may lodge objections during a deposition.") (citing *United States v. Frayer*, 9 F.3d 1367, 1374 (8th Cir. 1993) (criminal case) ("affirming the district court's ruling that the defense attorneys should not 'double team' a witness with respect to objections, that only one co-defendant's counsel could lodge objections during a cross-examination, and that other counsel who wished to lodge an objection should confer with the attorney designated to defend during cross-examination"); Fed. R. Civ. P. 30(c) ("'The examination and cross-examination of a deponent proceed as they would at trial . . . .'")); *cf. Baines v. City of New York*, 2016 WL 3042787 at * 4 n.3 (S.D.N.Y. 2016) ("[I]t is not appropriate for two lawyers to take turns asking questions of a deponent."); *Riley v. Murdock*, 156 F.R.D. 130, 132 (E.D.N.C.1994).

Let me know if you'd like to discuss.

Best,
Ioana

**Ioana C. Meyer**

Trial Attorney
United States Department of Justice
Civil Division-Commercial Litigation Branch
National Courts Section
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Tel. (202) 305-0001
Email:  Ioana.C.Meyer@usdoj.gov


For overnight deliveries, please use:
1100 L Street NW, Room 10516, Washington, DC 20005


*This message may contain privileged and/or confidential communications and should be read only by the intended recipient.  If you believe you have received this message in error, please delete it and contact the sender.*