# Exhibit F

| | |
|---|---|
| **From:** | Tuttle Newman, Jake |
| **Sent:** | Monday, March 17, 2025 5:51 PM |
| **To:** | Meyer, Ioana C (CIV); Adair, Thomas (CIV); Golden, Augustus J. (CIV); Bertoni, Daniel (CIV) |
| **Cc:** | Speth, Charles; Gostin, Isley |
| **Subject:** | RE: SPRU - Deposition Logistics |

Ioana,

URS has never refused to schedule depositions outside of the discovery window. Rather, URS has consistently taken the view that fact discovery in this case should be concluded as soon as possible and objected to the government's efforts to delay, postpone, and unilaterally move depositions outside the fact discovery window when those depositions could (and should) have been completed prior to the close of fact discovery.

Now that the government has moved for an extension, it is our expectation that the government will not continue to delay scheduling depositions by insisting that we wait for a court order until outstanding depositions can be scheduled. To that end:

- Please provide the earliest available date for Ms. Tate's deposition, ideally within the next week.
- Please provide Mr. Cochran's location—as we requested on March 4—so that URS can determine whether it will be proceeding with that deposition in person, and please provide Mr. Cochran's availability for either an in-person or virtual deposition (you previously only provided blackout dates for a virtual deposition).
- We will provide proposed dates for several of the remaining URS witnesses this week

Thank you for that confirmation on the clawbacks. We will file our motion.

Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Monday, March 17, 2025 2:53 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Hi Jake,

Since we still don't have an answer on whether discovery will be extended, based on your prior email of refusing to schedule depositions outside of the discovery window, Ms. Tate's deposition tomorrow cannot go forward. As soon as we hear regarding the schedule, we will reach back out with witness availabilities.

Regarding the clawbacks, we explained our position below and in the supplemental privilege log, and continue to maintain that all three documents are privileged.

Best,

_____

**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Monday, March 17, 2025 10:12 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

Following up again regarding Ms. Tate's availability for a virtual deposition **tomorrow**, March 18, which URS first requested on February 27.

Also, please provide an answer to my below email regarding the clawbacks. I am available to meet and confer to narrow the areas of disagreement, if possible, and we will otherwise move forward with our motion.

Thank you,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

---

**From:** Tuttle Newman, Jake
**Sent:** Wednesday, March 12, 2025 2:09 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

Ioana,

Following up on a couple of items from the below.

**Tate.** The parties previously discussed holding this deposition virtually on March 18 and you indicated you were confirming with Ms. Tate. Have you been able to confirm that date?

**Clawbacks.** Your explanations completely fail to engage with the points in my February 27 email. If you would like to meet and confer to provide explanations for how—in light of the facts reflected in that message—the government believes it is appropriate to assert privilege over these documents, I'm available to do so. Otherwise, we will move the Court for a ruling with respect to these documents, filing them under seal as required by Rule 26(b)(5)(B).

2

Thanks,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Monday, March 10, 2025 7:18 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Jake,

We've set forth our responses below:

**Case Schedule.** Addressed in the other email chain.

**Remaining deposition dates.** From your prior email, it sounds like AECOM will not schedule any additional depositions while discovery is set to close on March 14. Accordingly, let's discuss the deposition schedule once the court has ruled on an enlargement motion. By my notes, the remaining depositions to schedule / confirm are as follows:

NR 30(b)(6)
URS 30(b)(6)
Tom Cochran
Kimberly Tate
Michael Gavin
Keith Stone
Karl Axelson
Cheryl Cabbil
James Smith

Though we requested deposition dates for Ms. Cabbil and Mr. Smith when you added them to your trial witness list, I've attached formal deposition notices for both.

**Craig Anderson.** We will keep our noticed deposition date of March 13 because we are not available on the 20th. We have no objection if you prefer to reschedule for the 13th as well. If the discovery schedule does get extended, we are happy to discuss a mutually agreeable date.

**Clawbacks:**

    **DEFPROD23274001.** This is a set of three emails from Jeffrey Steele of Naval Reactors to Frank Putzu of Naval Reactors dated between December 10 and December 12, 2010, with the subject line: "EPA Meeting." The attorney for NR discussed the document with the relevant personnel; based on her information we are asserting

privilege over this document because the summary provided by Jeff Steele was requested by Frank Putzu (the attorney) so that senior leaders and others at NR could meet to discuss the legal strategy of the case.

**DEFPROD16478482.** This is a January 11, 2011 email from Paul Giardina responding to a January 11, 2011 email from Evans Stamataky (EPA counsel). In the email chain, Mr. Stamataky is directing Mr. Giardina and Jeanette Eng (copied on the email, regarding potential DOE violation of particular regulations and discussing those regulations with respect to the draft consent order. Thus the email chain is entirely confidential communications between an attorney and his clients providing legal advice/analysis. To the extent you have found other copies of this document, we request that you destroy them all in accordance with the protective order.

**DEFPROD1132069.** This is an email and attachments from John Rampe to Sky Smith (DOE counsel) and Wendy Bauer, copying other DOE employes and two other attorneys (Mell Roy and Brady Jones), dated March 7, 2013. Mr. Rampe is attaching a draft merit evaluation for the hillside instability claim from URS as well as DOE talking points from a negotiation session. Mr. Rampe is requesting legal advice regarding DOE's response to a URS claim.

I have attached a privilege log for all three of these documents.

**Admissibility of 30(b)(6) transcripts.** To make sure we are on the same page, you are seeking to confirm that 30(b)(6) deposition testimony is admissible as an exception to hearsay under FRE 801(d)(2) to bind the United States as a whole and not just one agency. We agree that if the testimony is relevant to the case, and the witness is testifying on a subject that aligns with their scope of employment, then that testimony would generally be admissible against the United States as long as it met the other requirements of FRE 801(d)(2) and the Court ruled as such. *Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 96 (2004) ("[T]he only requirement is that the subject matter of the admission match the subject matter of the employee's job description."). This would be determined on a case by case basis however, and do not intend for this email to be interpreted as an agreement to admit all 30(b)(6) testimony pursuant to FRE 801.

However, the question of whether the testimony is binding on the government is based on the scope of the role of the witnesses and the notices, so although a deposition could be considered a "government admission" per FRE 801, that admission is not automatically binding. *See, e.g. King v. United States*, 119 Fed. Cl. 277, 285 (2014); *Akpeneye v. United States*, 138 Fed. Cl. 512 (2018), *aff'd*, 990 F.3d 1373 (Fed. Cir. 2021).

For admissibility other than under FRE 801, the nature of the specific testimony determines whether the testimony is admissible against the United States as a whole, or against a particular agency.

Best,

_____

**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Monday, March 10, 2025 10:26 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

Following up on our emails from last week, we are still awaiting responses related to the following (non-exhaustive) time-sensitive items:

- Confirmation regarding the date(s) for Mr. Anderson's deposition(s)
- The schedule for this matter including the government's position on mediation
- The government's position on the status of the United States as a party pursuant to CFC precedent
- An explanation for the government's conflicting positions on the week of March 10
- The government's position on clawbacks made weeks ago
- Confirmation of a date for the Naval Reactors 30(b)(6) (and, if necessary, an explanation for why the date changed)

Thank you,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Friday, March 7, 2025 4:57 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Jake,

We will respond as soon as possible. In the meantime however, we have not waived any clawback, nor is there any basis for your statement that we have waived any clawback.

_____

**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Tuesday, March 4, 2025 5:40 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

**Government Clawbacks.** The EPA 30(b)(6) deposition was three weeks ago at this point. The Bauer deposition was a month before that. There are only three documents in question, and your failure to state your position on each document suggests that the government did not have an adequate basis to claw the documents back in the first instance. You said last week that you would provide your position by the end of the week. There is no reason

5

that the government should need additional time. Please provide an answer by no later than March 7, or URS will assume that the government is no longer asserting privilege over these documents for the reasons stated in my email below.

**URS Clawbacks.** We are unclear on why the government is seeking separate identification of documents that URS clawed back that are reflected in its privilege log. URS clawed these documents back of its own accord prior to URS's production of its privilege log, and these are not documents that were clawed back at a deposition or about which the government has raised any challenges. URS's privilege log contains all of the information that the government needs to assess URS's assertion of privilege over all documents that have been withheld, including those that have been clawed back.

**Week of March 10.** URS offered dates for Mr. Gavin's deposition (multiple times) and the URS 30(b)(6) that were within the still-operative close-of-fact discovery deadline and the government has refused to explain why it was unable to take those depositions on the dates provided. As we have now requested multiple times, please provide an explanation for why the government was unable to schedule a single deposition during the final week of fact discovery (except for its third-party subpoena to a previously undisclosed witness).

**URS 30(b)(6).** The dates you are requesting are after the close of fact discovery, so we are not able to confirm them until the government explains why it was unable or unwilling to take this deposition during the time allotted for fact discovery and the parties agree on any schedule extension.

**Gavin.** We will reach out to Mr. Gavin regarding the date you have suggested, but for the reasons previously noted, are unable to accept dates beyond the close of fact discovery until the parties agree on any scheduled extension.

**Tate/Cochran.** If Ms. Tate has a medical condition that necessitates proceeding virtually, please let us know if there are any additional limitations that her condition poses so that we can best accommodate. URS does not agree to take Mr. Cochran's deposition remotely. As you know, the parties agreed that either party may choose to take or defend a deposition in person. Please provide Mr. Cochran's location so that URS can determine whether it will be proceeding in person or virtually.

**NR 30(b)(6).** The Government stated that a witness would be available during the week of March 17. Again, please either confirm the date during that week as originally agreed or provide an explanation for why those dates are no longer available. And, as previously requested, please provide the identity of the witness.

**Stone, Axelson, Cabbil, Smith**. We are working to provide dates for these witnesses.

Thanks,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Monday, March 3, 2025 6:27 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Jake,

**Clawbacks.** We are reviewing the clawed back documents and will let you know once we have determined our position. For URS's clawed back documents, are those separately identified in the privilege log? If not, could you please identify those in the privilege log?

**URS 30(b)(6).** We propose the dates of April 1 through April 3, please let us know asap whether this will work.

**Gavin.** Will March 25 work for a deposition of Mr. Gavin? Where is Mr. Gavin located? And does he prefer an in-person or a virtual deposition?

**Tate**. We will confirm whether March 18 works for Ms. Tate. Due to medical issues, her deposition will need to be virtual.

**NR 30(b)(6).** March 25 will work best for this deposition.

**Cochran.** Mr. Cochran is available by virtual deposition in March except the following dates: March 3, 6, 7, and 13.

**Stone, Axelson, Cabbil, Smith**. We are still waiting for deposition availabilities for these witnesses.

Best,

_____

Ioana C. Meyer
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Thursday, February 27, 2025 11:32 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

Thanks for your responses. In turn, below please find some further responses and clarifications.

**DOE Clawbacks.** Thank you for checking on this. In the interest of moving this forward, we wanted to flag some information that may be relevant for the government to consider in assessing these clawbacks:

- **DEFPROD23274001**: This document reflects a pure factual recitation that is not made privileged simply by virtue of it being put in an email to an attorney or placed under an "Attorney-Client Privilege" header. In addition, the same factual summary was sent to non-lawyers Jeffrey Hill (in DEFPROD23274014) and Frederick Lentz (in DEFPROD23274025). The communication from Mr. Steele is not privileged and, even if it were, the contents cease to be privileged by virtue of the other communications to non-lawyers that neither contain nor seek legal advice.
- **DEFPROD16478482**: This document has been produced in no fewer than 10 different government documents and has also been produced by URS at URS-01289892 and URS-01289895, after it was provided to URS by the EPA in response to FOIA requests to the EPA. To the extent that this document

7

reflects legal advice—which URS does not concede—those productions of the material contained in this document constitutes a waiver of that privilege.
- **DEFPROD1132069**: This document was prepared by a non-lawyer, was sent to numerous non-lawyers for their review and comment, was prepared to evaluate a URS proposal, and does not contain or reflect legal advice. Accordingly, the document is not privileged. And, even if it had been, privilege has undoubtedly been waived. Again, the government has produced both other versions of this email thread and other versions of the document in question, including in the productions that were made after the government's privilege review that was conducted in 2024 (see, e.g. DEFPROD006-00108435; DEFPROD006-00220759; DEFPROD006-00107096).

**URS Clawbacks.** Because the exchange of initial privilege logs was delayed—as a result of the government's repeated need to delay the conclusion of document production—URS included the documents that it clawed back on the initial privilege log that was produced on September 11, 2024. All documents that URS has withheld for privilege, either in the first instance or as the result of a clawback, are included on that single log.

**URS 30(b)(6).** We categorically reject your assertion that you have been waiting since September for a proposed date. URS proposed dates for this deposition on January 30 that were within the currently operative discovery period. The government then responded that it was not available to take this deposition during the final week of fact discovery—for reasons that the government has, four weeks later, been unable to explain. Yet, on Friday, the government served a notice for the deposition of a third-party witness who had not previously been identified as a potential witness in this case for the same week that it had previously claimed unavailability. Please provide an explanation for the government's change in availability.

**Gavin.** We have been requesting the government's availability during the week of March 10 since late January, and with respect to Mr. Gavin's deposition since February 5. Please provide an answer regarding the government's availability by 2/28.

**NR 30(b)(6).** We would prefer to keep the prior dates discussed, if we are able to resolve the clawback issues within a reasonable time frame. We will also check on our availability on the date you have proposed as a fallback option.

**Tate.** Your message immediately below is somewhat confusing. We are requesting a date for Ms. Tate's availability and have not been able to suggest a date. You noted six dates on which Ms. Tate is unavailable. Assuming that she is available on dates other than the ones you have noted are unavailable, we would suggest March 18 for her deposition.

**Cochran.** We appreciate it.

**Stone & Axelson.** We are working on dates and hope to have them for you soon.

Thanks,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

---

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Tuesday, February 25, 2025 3:30 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>

8

**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Jake,

I just heard from Ms. Tate, she said that she is not available on March 17th, 19th, 21st, 26th, 28th, or the 31st, and scheduling would depend on any medical appointments that may come up.

Best,
Ioana

---

**From:** Meyer, Ioana C (CIV)
**Sent:** Tuesday, February 25, 2025 2:21 PM
**To:** 'Tuttle Newman, Jake' <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

Jake,

Thanks for checking in, our responses are below.

**Clawbacks.** Thank you for raising this; I will confer with the appropriate counsel for each document and let you know what the government's position is this week, as soon as possible. Thank you for confirming that AECOM has taken steps to delete or sequester copies of these documents. On this same note, I believe last year in about September or October, we received notice that AECOM intended to claw back a slew of documents and stated that it would provide us with a privilege log for those documents. We have sequestered those documents but have yet to receive a privilege log and therefore cannot move forward. Can you please let us know when you will provide us with that privilege log?

**URS 30(b)(6) & Gavin.** I will check with our DOJ team as to whether someone is free the week of the 10th to take Mr. Gavin's deposition and get back to you. Is there another set of three consecutive days that you propose for the URS 30(b)(6) deposition, and can you let us know how many witnesses you intend to present? We have been waiting since September 2024 for a proposed date for this deposition.

**NR 30(b)(6).** To allow time to resolve your issues with the clawed back document, we propose the deposition on Tuesday, March 25th, to be held at the DOJ offices at 1100 L St. NW. Typically, we would propose the agency's headquarters, which here is the Washington Navy Yard, but because access to the Navy Yard is restricted, we are making the witness available at our offices instead as a courtesy. We will let you know the identity of the witness once that has been confirmed.

**Cochran & Tate.** Thank you for the reminder, we are working on those dates and will let you know as soon as we have the witnesses' availability.

**Axelson & Stone.** Do you have dates for these two witnesses for deposition?

Best,

Ioana

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Monday, February 24, 2025 5:23 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

Touching base on a couple of items:

**Clawbacks.** There were two clawbacks made during the EPA 30(b)(6) deposition as well as a clawback during the Bauer deposition. As we noted on the record in each instance, URS disputes the propriety of those clawbacks and may move the court for a ruling as to these documents. Gus indicated on the record that the government would be confirming its position and might produce a redacted version of the document(s), *see* EPA 30(b)(6) transcript, 121:11-122:6, 208:1-19, so we are writing to follow up on that. By Tuesday, February 25, please provide the government's position on the three documents with the following bates numbers, including (i) whether the government stands on its clawback, and, if so, (ii) the basis for clawing back the document and (iii) whether the government intends to reproduce the document in redacted format. The applicable bates numbers are: DEFPROD1132069; DEFPROD23274001; DEFPROD16478482. I can confirm that URS has taken steps to delete or sequester copies of these documents in the meantime. Once we get those clarifications from you, we think it likely makes sense to set up a quick call to see if we can resolve any outstanding disagreements.

**Week of March 10 / URS 30(b)(6) / Gavin.** On January 31, we proposed holding the URS 30(b)(6) during the week of March 10, which is the final week of the current fact discovery period, but you indicated that week would not work. We asked thereafter about the government's availability during the week of March 10 on February 5 and again on February 11, and we offered to hold Mr. Gavin's deposition that week, but you did not respond to our inquiries concerning your availability. Late Friday, however, you served a subpoena for the deposition of Craig Anderson—a witness who is not currently on either party's list of likely trial witnesses—on Thursday March 13. Please let us know how the Government is able to take the deposition of Mr. Anderson that week but is unable to take the URS 30(b)(6) deposition. In addition, please let us know if any government attorney is available that week for the Gavin deposition. We have not been able to ask Mr. Gavin to hold time during that week in light of the government's failure to confirm any availability. If there is availability, we will see if Mr. Gavin is still available.

**NR 30(b)(6).** Please provide information regarding the proposed date, and location and identity of the witness. While we are available on the dates discussed, unless we are able to resolve issues related to the government's clawback of DEFPROD23274001, it is our view that it does not make sense to proceed with the Naval Reactors 30(b)(6) until the status of that document is resolved. Upon receiving confirmation of the government's position, URS is happy to move expeditiously to present this matter to the Court (and is prepared to conduct briefing on an expedited timeline if the government would like to do so).

**Cochran & Tate.** Please provide an update on the availability of these witnesses to sit for a deposition.

Thanks,
Jake


**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Thursday, February 13, 2025 1:34 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Hi jake,

I will be attending and I will send the names of the reporter and videographer once I have them.

Best,

_____
**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Thursday, February 13, 2025 11:22 AM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Hi Ioana,

On the Macias deposition, Mr. Macias is in Knoxville and we will be in person with him there. A Knoxville-based firm, Hodges, Doughty & Carson, has offered its office space to host the deposition. We will need to provide them with the names of anyone who will be attending in person, including the court report and/or videographer, with some advance notice for building security purposes. We do anticipate requiring a second day of testimony.

Thanks,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Wednesday, February 12, 2025 2:11 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Hi Jake,

I've set forth our responses below.

**Dan Macias.** Where will his deposition be, and what are the logistics for the deposition? And I assume you'll need the second day?

**Schedule extension.** We agree to extend the deadline by which the parties must disclose any additional trial witnesses to February 21, and thank you for discussing the schedule extension with your client. We will check regarding the week of March 10 and let you know.

**URS 30(b)(6).** Thank you for considering the three days and for checking on the week of March 24 as well as other weeks in April.

**NR 30(b)(6)**. Great, we will get back to you asap on a specific date, location, and witness.

**Exhibits.** Again, I'm not sure. The attorney taking the deposition said he downloaded the exhibits from Relativity when on the production screen, so we really have no idea what happened. Any thoughts on what I said about fixing the issue with exhibit 191?

Best,

_____
**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Tuesday, February 11, 2025 5:23 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Hi Ioana,

Thanks for your responses. Some additional notes in the hopes of reaching agreement on these topics are below.

**Macias Deposition.** Mr. Macias is more comfortable having his counsel attend in person, so we are going to be present with him in Knoxville. If the government needs to conduct the deposition virtually, we have no objection.

**Schedule Extension.** We are checking with our client regarding the government's request for a schedule extension and will get back to you as quickly as possible with a position. In the meantime, can we agree to extend the deadline by which the parties must disclose any additional trial witnesses by one week—from February 14 to February 21?

We did discuss double tracking depositions with Meen-Geu and believe that double tracking depositions to accommodate witness schedules is something the government should be able to accommodate, as doing so does not require a greater total amount of attorney time and there are four government attorneys who have appeared in this litigation.

Can you also let us know whether there is government availability for a deposition during the week of March 10, as we will be reaching back out to Mr. Gavin among others.

**URS 30(b)(6).** In terms of what we mean regarding the different situations of the parties, while we agree that the parties are both entitled to discovery, that doesn't mean that there is an equal amount to cover with both sides, and it's our view that the government has significantly more in the way of relevant, discoverable information. Nonetheless, we are considering your request for three days of deposition and will reach out regarding witness availability during the week you've proposed (the week of March 24) as well as other weeks in April.

**NR 30(b)(6)**. The dates during the week of March 18 that you listed should work for us. Please confirm location and witness when you are able to do so.

**Feinberg and Davis.** It was Sky Smith who requested holding the Feinberg and Davis depositions in Ohio (as reflected in Charlie's initial email on the subject) rather than Albany, and at the time he seemed amenable to holding them in our Miamisburg office.

**Exhibits 188, 189, 190, and 191.** Thank you for providing these corrected bates numbers. Why were the documents introduced at the Hamilton deposition incorrectly bates labelled?

Thanks,
Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Tuesday, February 11, 2025 1:37 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Jake,

Responding to your previous deposition logistics email in full, please see the below.

**Dan Macias.** Given current restrictions on travel that have been placed on our section, we will likely need to take this deposition virtually and ask that WilmerHale attend virtually as well in the spirit of fairness.

**Schedule Extension.** Based on the number of depositions remaining, as well as the availability of the witnesses, completing the depositions in the time currently permitted is not possible. There are still 6 depositions remaining to be scheduled, so we propose an enlargement of the schedule (including all following deadlines) of 8 weeks, which would set the close of fact discovery as May 9.

I am not aware of any double-tracking agreement that Meen-Geu may have made, nor did he inform me of one. Considering the caseload of the DOJ attorneys working on this case (all of whom are working on 10-20 other cases

13

concurrently), the hiring freeze in place, and the fact that our office is currently severely understaffed, we simply cannot double-track depositions. We are also subject to other Court-mandated deadlines in our other cases, which also impedes our ability to keep our calendars open.

**URS 30(b)(6).** Could you please explain what you mean by similarly situated? URS has filed a number of claims on which the Government is entitled to equal discovery as URS is, and indeed there are a significant amount of facts underpinning each claim. Thus, three days is entirely fair considering we provided you that courtesy. I would like to get this squared away by February 24 so that we can proceed with scheduling. We are available the week of March 24, as long as we hear back by February 24 on the number of witnesses URS intends to propose for this deposition.

**NR 30(b)(6).** For this deposition, March 18, 19, 20, or 21 should work. Let me double check on the location and get back to you.

**Feinberg & Davis.** The first email I have on the location of these depositions is from WilmerHale requesting Ohio, to which we agreed in order to make things easier and so that another trip to Schenectady would not be necessary. In addition, we are making the witnesses available and Cincinnati is most convenient for them, and it sounds like it will not be difficult for you to drive from Dayton to Cincinnati since it is only a distance of 45 miles. Thus, we will see you that week in Cincinnati.

**Cochran & Tate.** We are working on deposition dates for these two witnesses and will let you know once we have dates.

**Axelson & Stone.** Great, we will look forward to hearing about those dates asap.

**Exhibits.** It looks like Ex. 188 should be: DEFPROD003-00004701; Ex. 189 should be: DEFPROD003-00007198; Ex. 190 should be: DEFPROD003-00010401; and Ex. 191 should be: DEFPROD1584858. Although with exhibit 191, the full exhibit should include attachment 1, which for some reason the current exhibit does not. I've attached the bates version of the full exhibit. Because it has already been shown to the witness in its current version (without attachment 1) and presumably the witness authenticated it, we cannot just replace the current exhibit. I suggest we use the bates version but delete attachment 1 to replace the current exhibit. This will just mean that the full exhibit remains unauthenticated if it needs to be used later on. But happy to discuss other options as well.

Best,

_____

**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Wednesday, February 5, 2025 5:12 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] RE: SPRU - Deposition Logistics

Ioana,

Thank you for your responses. Some further responses below.

**Schedule Extension.** Based on your responses as to Mr. Gavin, the URS 30(b)(6), and the NR(b)(6), we understand the government to be requesting agreement to extend the deadline for the close of fact discovery past the current

14

deadline of March 14. URS is amenable to a relatively short extension, provided the remaining pre-trial dates are likewise extended, so please let us know how much additional time you think will be required.

We do, however, want to make note of a couple of items regarding the schedule. First, as to your statement that the dates offered for Mr. Gavin are unavailable because they overlap with the deposition of Dan Macias, we had previously discussed with Meen-Geu the necessity to double-track depositions, and he had stated that this would be feasible as needed, particularly towards the end of the fact discovery period. There are at least four current DOJ attorneys who have appeared in this case, so there should be no reason that the government cannot conduct multiple depositions during overlapping windows, as necessary, and we believe that this is and will be necessary. That said, we will reach out to Mr. Gavin regarding his availability in March. Second, the week of March 10 is the final week of the fact discovery period under the current schedule. Is the government entirely unavailable that week? We would expect the government to be available to take and/or defend depositions during the final week of the fact discovery period. In any event, again, we can look at subsequent weeks for the URS deposition if needed. To avoid a recurrence of this issue, please let us know any weeks that the government is unavailable.

**EPA 30(b)(6).** Thank you for confirming the date. Please send the name of the witness as soon as possible, as the deposition is one week from today. Also, attached please find the list of attendees you requested for the deposition. Can you let us know the procedure for entering the building, as well as the floor or suite where the deposition will take place?

**URS 30(b)(6).** We are considering your request regarding the length of the deposition, although we do not believe URS and the government to be similarly situated in this respect. We will provide you with the names of the URS witness(es) once that is confirmed. As we will need to confirm witness availability, please let us know when the government is available to take this deposition.

**NR 30(b)(6).** Is the witness (or witnesses) for the government on the NR 30(b)(6) topics available during the week of March 17? If so, please let us know which days that week will work for the government and provide the name and location of the witness(es).

**Feinberg & Davis.** Your response is puzzling as we have repeatedly explained the reason for our request—logistical convenience given that we are the noticing and taking party and the distance between Cincinnati and Miamisburg is only about 45 miles. Further, the request for these depositions to occur in Ohio (rather than Albany) was made by counsel for the government, not URS. We offered to do the depositions in Miamisburg to accommodate the Government's request, and we assume that the witnesses and counsel can easily travel to Miamisburg from Cincinnati for the depositions (assuming, as we expect, the witnesses and counsel will be in Cincinnati prior to the deposition days).

**Cochran & Tate.** Please provide these dates as soon as feasible.

**Axelson and Stone.** We are working to provide dates for Mr. Axelson and Mr. Stone and will revert with those dates.

**Exhibits 188, 189, 190, and 191.** Just following up on the question we raised last week about the bates numbering for these documents marked during the Hamilton deposition.

Thanks,
Jake


**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>
**Sent:** Monday, February 3, 2025 4:44 PM
**To:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** RE: SPRU - Deposition Logistics

**EXTERNAL SENDER**

Hi Jake,

I've included our responses below and a few other matters.

**Kevin Collins.** Two people questioning is fine, thank you for letting us know in advance. The names of those attending the deposition are:
Ioana Meyer
Sky Smith
Tianni Harrison
Floretta Norris
Joefred Uwaelue
Desirae Jura (court reporter)
Brad Loy (videographer)

**Michael Gavin.** Dan Macias' deposition has already been scheduled for February 20 and 21, so Feb 19-20 will not be possible. At this point we will need to look at later in March for scheduling based on the depositions already in the calendar.

**URS 30(b)(6).** I am not sure that week will work; in addition we will need to know how many witnesses URS intends to present for this deposition. Further, because we allowed URS to have a 3-day deposition for its DOE 30(b)(6), we expect that courtesy to be returned. Accordingly, we will need to be able to schedule a 3-day period.

**EPA 30(b)(6).** February 12 is confirmed and we will send you the name of the witness as soon as that is for sure confirmed.

**NR 30(b)(6).** NR is not available until the week of March 17th.

**Feinberg & Davis.** I assumed this was settled with my last email because I'm not sure what the issue is. We had agreed to cooperate for offsite depositions and for the witnesses and our attorneys, Cincinnati is better, particularly considering we are making the witnesses available. Further, because both need to book their travel far in advance, they have already booked it to Cincinnati and it is extremely difficult for them to change it now.

**Tom Cochran.** We are conferring with Mr. Cochran and will get back to you.

**Kimberly Tate.** We are conferring with Ms. Tate and will get back to you.

**Additional deposition dates.** We are still waiting on deposition dates for Keith Stone and Karl Axelson – please provide those as soon as possible.

Best,

_____
**Ioana C. Meyer**
(202) 305-0001
Ioana.C.Meyer@usdoj.gov

---

**From:** Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com>
**Sent:** Thursday, January 30, 2025 12:27 PM
**To:** Meyer, Ioana C (CIV) <Ioana.C.Meyer@usdoj.gov>; Adair, Thomas (CIV) <Thomas.Adair@usdoj.gov>; Golden, Augustus J. (CIV) <Augustus.J.Golden@usdoj.gov>; Bertoni, Daniel (CIV) <Daniel.Bertoni@usdoj.gov>
**Cc:** Speth, Charles <Charles.Speth@wilmerhale.com>; Gostin, Isley <Isley.Gostin@wilmerhale.com>
**Subject:** [EXTERNAL] SPRU - Deposition Logistics

Ioana,

There are a number of outstanding scheduling items on which we wanted to follow up. Please let us know if you'd like to have a call to discuss.

**Kevin Collins:** We wanted to let you know that while only one lawyer will be defending Mr. Collins deposition, we will have two lawyers asking him questions on re-direct (roughly split between the 2014 claims and the 2019 claims).

**Michael Gavin:** Mr. Gavin is available to be deposed on February 19 or 20 at WilmerHale's D.C. Office. Depending on the length of the government's questioning, we believe Mr. Gavin's depo can be completed within one day, but we would like to reserve the following day – Feb. 20 or 21 – in the event a longer-than-anticipated redirect is necessary.

**URS 30(b)(6):** We propose holding this deposition at WilmerHale's D.C. office the week of March 10. Please let us know if that works for you.

**EPA 30(b)(6):** You confirmed that February 12 or 13 works for the Government but did not identify a specific date. Please confirm the specific date and provide the identity of the government's 30(b)(6) witness for the EPA.

**Tim Vitkus:** We have not yet received ORAU's production of documents, but we will work to process those documents and re-produce them to the government expeditiously once we do.

**NR 30(b)(6):** We propose holding this deposition the week of March 3. Please let us know if there is a day that week that works for Naval Reactors, and the location and name of the witness that the government will designate, so that we can arrange for logistics.

**Feinberg and Davis.** In response to your inquiry from last week, we believe that everyone attending from WilmerHale is a U.S. Citizen. We have not yet confirmed the identities of the court reporter and videographer, but will reach out to the vendor to confirm citizenship status. We continue to believe the depositions should occur in Miamisburg. Both Feinberg and Davis are travelling (same as Bauer) so it is irrelevant where DOE offices are located, and, as the party taking the deposition, it is far easier logistically to handle the large number of voluminous documents at WilmerHale's office. Moreover, the WilmerHale office in Miamisburg is a mere 48 miles from Cincinnati. We respectfully ask that you reconsider your position.

**Tom Cochran:** Please propose a date and location for Mr. Cochran's deposition.

**Kimberly Tate:** Attached please find a deposition notice for Kimberly Tate, whose deposition we are noticing in light of testimony from Ms. Bauer. Please provide her location and availability to sit for a deposition as soon as feasible.

Thanks,
Jake

**Jacob Tuttle Newman | WilmerHale**
He/Him
60 State Street
Boston, MA 02109 USA
+1 617 526 6426 (t)
+1 617 526 5000 (f)
jacob.tuttlenewman@wilmerhale.com

 **One Firm. One Legacy.**
WilmerHale celebrates the twentieth anniversary since the merger.

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com— and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.