Case No. 20-2016C
(Judge Silfen)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMENTUM ENVIRONMENT & ENERGY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

LISA L. DONAHUE
Assistant Director

IOANA C. MEYER
DANIEL BERTONI
THOMAS ADAIR
AUGUSTUS GOLDEN
Trial Attorneys
Commercial Litigation
Civil Division
Ben Franklin Station, P.O. Box 480
Washington, D.C. 20044
Tel. (202) 305-0001

Of Counsel:
Brandon Middleton
Brady L. Jones, III
Sky W. Smith
U.S. Department of Energy

November 8, 2024                    *Attorneys for Defendant*

███████████████████████████████████
███████████████████████████████████

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES ................................................................................................ 2

STATEMENT OF FACTS ........................................................................................................ 2

    I.      Privilege Review And Clawback Order .................................................................. 2

ARGUMENT .............................................................................................................................. 5

    I.      Legal Background For Privileged Documents In Discovery ................................. 5

    II.     All Three Documents Are Subject To The Attorney-Client Privilege ................... 6

          A.      DEFPROD23274001 and Related Documents ........................................... 7

          B.      DEFPROD16478482 and Related Documents ........................................... 9

          C.      DEFPROD1132069 and Related Documents ............................................. 9

    III.    Because All Three Documents Are Privileged, They Are Protected By The Clawback Agreement And Thus Must Be Returned Or Destroyed ...................... 11

    IV.    Notwithstanding The Clawback Agreement, The Government Has Not Waived Privilege With Respect To Any Of The Identified Documents ............................ 11

CONCLUSION ........................................................................................................................ 14

TABLE OF AUTHORITIES

**Cases**                                                 **Page(s)**

*AAB Joint Venture v. United States*,
    75 Fed. Cl. 448 (2007) ................................................................................................ 5, 9, 10

*Amer. Std. Inc. v. Pfizer, Inc.*,
    828 F.2d 734 (Fed. Cir. 1987) ................................................................................................ 6

*Burd v. Ford Motor Co.*, No. 3:13-CV-20976,
    2015 WL 1650447 (S.D.W. Va. Apr. 14, 2015) .................................................................. 12

*Cencast Servs., L.P. v. United States*,
    91 Fed. Cl. 496 (2010) ...................................................................................................... 6, 8

*City of Rockford v. Mallinckrodt ARD Inc.*,
    326 F.R.D. 489 (N.D. Ill. 2018) ............................................................................................ 3

*Deseret Mgmt. Corp. v. United States*,
    76 Fed. Cl. 88 (2007) ............................................................................................................ 6

*DR Distributors, LLC v. 21 Century Smoking, Inc.*,
    513 F. Supp. 3d 839 (N.D. Ill. 2021) .................................................................................... 3

*East Coast Sheet Metal Fabricating Corp. v. Autodesk*,
    Civ. No. 12-cv-517LM, 2014 WL 4627262 (D. N.H. Sept. 16, 2014) ................................ 11

*Energy Capital Corp. v. United States*,
    45 Fed. Cl. 481 (2000) .......................................................................................................... 5

*Genentech, Inc. v. United States Int'l Trade Comm'n*,
    122 F.3d 1409 (Fed. Cir. 1997) ............................................................................................ 5

*In re Ampicillin Antitrust Litig.*,
    81 F.R.D. 377 (D.D.C. 1978) ............................................................................................... 8

*Irth Sols., LLC v. Windstream Commc'ns LLC*,
    No. 2:16-CV-219, 2017 WL 3276021 (S.D. Ohio Aug. 2, 2017) ....................................... 12

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
    10 F.4th 1358 (Fed. Cir. 2021) ............................................................................................. 7

*Moore v. Publicis Groupe SA*,
    No. 11 CIV. 1279 ALC AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012) ............. 12-13, 13

*Moore v. Publicis Groupe*,
    287 F.R.D. 182 (S.D.N.Y. 2012) ........................................................................................ 12

*National Helium Corp. v. United States*,
    219 Ct. Cl. 612, 1979 WL 10176 (1979) ........................................................................... 12

*Northrop Grumman Corp. v. United States*,
   80 Fed. Cl. 651 (2008) .................................................................................................. 10

*Oasis Int'l Waters, Inc. v. United States*,
   110 Fed. Cl. 87 (2013) ................................................................................................... 12

*Phillips v. C.R. Bard, Inc.*,
   290 F.R.D. 615 (D. Nev. 2013) .............................................................................. 8, 9, 10

*Rajala v. McGuire Woods, LLP*,
   No. CIV. A. 08-2638-CM, 2010 WL 2949582 (D. Kan. July 22, 2010) ................................ 11

*Rein v. United States Patent and Trademark Office*,
   553 F.3d 353 (4th Cir. 2009) ........................................................................................ 6, 7

*Stovall v. United States*,
   85 Fed. Cl. 810, (2009) .................................................................................................... 6

*United States v. Mobil Corp.*,
   149 F.R.D. 533 (N.D. Tex. 1993) ............................................................................... 8, 10

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) ........................................................................................................ 7

*Weston/Bean Joint Ventures v. United States*,
   128 Fed. Cl. 1 (2014) ..................................................................................................... 11

███████████████████████████████

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMENTUM ENVIRONMENT & ENERGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | No. 20-2016C <br> (Judge Silfen) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Pursuant to Rules 7.2(a) and 37(a) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this response in opposition to the motion to compel filed by plaintiff, Amentum Environment & Energy, Inc., formerly known as URS Energy & Construction, Inc. (URS). For the reasons set forth in this brief, the Court should find that DEFPROD1132069, DEFPROD23274001, and DEFPROD16478482 and related documents are subject to the attorney-client privilege, and order URS to comply with the Government's clawback request.

When parties enter into a Federal Rule of Evidence (FRE) 502(d) "clawback" agreement, such as the one entered into in this case, that agreement acts to override the standard provisions of Rule 502. In particular, the standard provision requiring a showing of "inadvertence" to justify clawing back documents no longer applies. Pursuant to this clawback agreement, the parties need only demonstrate that a produced document is in fact subject to a legitimate claim of privilege for that document to be returned. No showing of "inadvertent" disclosure is required.

In its motion, however, plaintiff ignores the existence and operation of this mutually-agreed upon clawback agreement. Rather, plaintiff insists that the Government's production

1

amounts to waiver because the Government failed to meet an "inadvertence" test. But this is the wrong standard. The correct analysis is determining whether the documents at issue are privileged—which they are—thus requiring clawback. Moreover, even if plaintiff's framing were correct, the disclosures here nevertheless qualify as "inadvertent," and thus clawback is still required under such a standard. Finally, URS's claims that the United States has willfully delayed this case or has shifted its explanations during privilege reviews and discussions are entirely unfounded and counterproductive to the issue raised in URS's motion.

## STATEMENT OF THE ISSUES

Whether DEFPROD1132069, DEFPROD23274001, and DEFPROD16478482 and related documents constitute privileged attorney-client communications, such that URS should be required to destroy or return them consistent with the provisions of the clawback order entered by the Court, ECF No. 18.

## STATEMENT OF FACTS

**I.    Privilege Review And Clawback Order**

Plaintiff has demanded approximately $314 million in alleged damages for delay, differing site conditions, and breach of contract on a complex nuclear clean-up project that spanned a period of over ten years. *See* Complaint, ECF No. 1. The facts of this case are so extensive that over 15 million documents have been collected, with a subset of those being produced. Although we recognize our own previous delays in collecting and producing documents, *see* ECF No. 33, those delays were not willful as plaintiff claims. Nor was the delay in completing our privilege review. As we explained to the Court, in order to complete the extensive privilege review, the Government used the assistance of technology assisted review (TAR), followed by manual privilege review of approximately 57,000 documents. ECF No. 48.

2

███████████████████████████████████████████████████
███████████████████████████████████████████

After doubling the number of document reviewers (all of whom still had obligations related to their normal workload), we completed our document production and served privilege logs on a mutually-agreed upon date. *See* ECF No. 50.

The TAR process, while reliable, is not perfect.[1] Documents may slip through and be unintentionally marked as non-privileged. To account for any such occurrences, particularly in a litigation of this size, the parties entered into, and the Court issued, a FRE 502(d) order, accompanied by a "clawback" provision, requiring the return or destruction of materials covered by the 502(d) order. ECF No. 18. The text of that order provides as follows:

> Pursuant to Federal Rule of Evidence 502(d), a Party's disclosure in connection with this action of any communication, document, or information protected by the attorney-client privilege or work-product doctrine shall not waive such privilege in this action or in any other federal or state court action. The Parties agree to follow RCFC 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed communication, document, or information subject to such privilege.

*Id.* at 6. RCFC 26(b)(5)(B) further states as follows:

> (B) Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

---

[1] TAR need not be perfect to meet the 'reasonableness' standard for discovery processes; discovery does not demand a standard of perfection. *See, e.g., City of Rockford v. Mallinckrodt ARD Inc.,* 326 F.R.D. 489 (N.D. Ill. 2018); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021).

3

██████████████████████████████████████████████████████
████████████████████████████████████████████

Accordingly, this agreement is intended to protect any unintentional disclosure of privileged documents, and requires that upon notification, the other party "must promptly return, sequester, or destroy the specified information and any copies it has." We discovered the inadvertent disclosure of the three documents at issue in this motion during two separate depositions. The first was on January 16, 2025, when URS introduced the document with the Bates number DEFPROD1132069 as a deposition exhibit.[2] Upon examining the document, we immediately identified the document as privileged, the basis for that privilege, and stated that we would be clawing back the document. ECF No. 69-5 at 5-6.

The second two documents were discovered on February 12, 2025, during the deposition of a Rule 30(b)(6) designee for the Environmental Protection Agency (EPA). These documents are Bates numbered DEFPROD23274001 and DEFPROD16478482. Again, URS counsel introduced both documents as deposition exhibits, and we immediately identified the documents as privileged, the basis for that privilege, and stated that we would be clawing back both documents. ECF No. 69-6.

Almost two weeks later, on February 24, 2025, URS for the first time in writing stated that it disputed the "propriety of those clawbacks" regarding the three documents, and requested that we respond with our position. ECF No. 64-5 at 8. This email also stated that "I can confirm that URS has taken steps to delete or sequester copies of these documents in the meantime"—despite the fact that URS has kept copies of these documents as evidenced by the fact that it has filed them as exhibits. *Id.* We responded that we would confer with the appropriate counsel—

---

[2] At no prior time did counsel for URS alert the Government to the possibility that the subject documents might be privileged. *E.g.,* ABA Model Rule 4.4(b) ("A lawyer who receives a document or electronically stored information . . . and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.").

4

for Naval Reactors (NR), the EPA, and the Department of Energy (DOE)—and respond as soon as possible. *Id.* at 7. After each status update request by URS, we explained that we were still in the process of reviewing and conferring regarding the privilege status, and would respond as soon as we were able. *Id.* at 5, 3.

On March 10, we responded with our assertions of privilege and attached a privilege log following the requirements of RCFC 26(b)(5)(A), specifically identifying the nature of the documents "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." URS only offered to confer once, on the date it notified the Government that it would contest the clawbacks, stating that "Once we get those clarifications from you, we think it likely makes sense to set up a quick call to see if we can resolve any outstanding disagreements." ECF No. 64-5 at 8. Once we provided our assertions of privilege, however, URS simply stated that it would be filing a motion to compel.

## ARGUMENT

### I. Legal Background For Privileged Documents In Discovery

The Federal Circuit has recognized that "[t]he attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *Genentech, Inc. v. United States Int'l Trade Comm'n,* 122 F.3d 1409, 1415 (Fed. Cir. 1997) (citation omitted). The privilege applies where a "communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *E.g., AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 456 (2007) (quoting *Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 484–85 (2000)).

[REDACTED]

It is well established that the privilege encompasses "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client." *Amer. Std. Inc. v. Pfizer, Inc.,* 828 F.2d 734, 745 (Fed. Cir. 1987); *accord Cencast Servs., L.P. v. United States*, 91 Fed. Cl. 496, 502 (2010) (finding that the privilege applies to attorney-to-client communications if they "reveal, directly or indirectly, the substance of any confidential communication" from the client), *Triax Co. v. United States*, 11 Cl. Ct. 130, 132 (1986) ("[T]he attorney-client privilege extends to communications between attorneys and between attorneys and their clients."). More specifically, "[t]he attorney-client privilege applies not only to private individuals, but also to government employees. Communications by the Department of Justice to a client agency and by that agency's own attorneys to non-attorney personnel seeking or being provided with legal advice are entitled to protection under the attorney-client privilege." *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 91 (2007); *see also Stovall v. United States*, 85 Fed. Cl. 810, (2009) (quoting *Rein v. United States Patent and Trademark Office*, 553 F.3d 353, 376 (4th Cir. 2009) for the proposition that "an agency can be a 'client' and agency lawyers can function as 'attorneys' within the relationship contemplated by the privilege") (internal quotations omitted).

## II.     All Three Documents Are Subject To The Attorney-Client Privilege

Apart from misrepresenting the documents and our claims of privilege, URS has failed to explain why privilege does not attach to the documents we have withheld. Importantly, whether the documents are privileged is the only determination the Court must make when deciding whether the documents should be clawed back.

███████████████████████████████████████████████
███████████████████████████████████████

### A.  DEFPROD23274001 and Related Documents

The document that is bates-numbered DEFPROD23274001, along with any identical productions, is subject to the attorney-client privilege on the basis that ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████

In its motion for a privilege determination, URS cites numerous authorities for the proposition that the attorney-client privilege does not protect the sharing of purely factual information, as differentiated from factual information shared for the purpose of obtaining legal advice, from disclosure.  *See* Pl. Mot. at 6-7.  Indeed, it is well-established that the attorney-client privilege does not protect factual information shared without an underlying privileged purpose.  *E.g., MLC Intellectual Property, LLC v. Micron Technology, Inc.,* 10 F.4th 1358, 1373 (Fed. Cir. 2021) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)) ("Attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts").

However, the underlying purpose of the email that ████████ sent was in fact privileged.

████████████████████████████████████████

███████████ URS argues that the underlying information was not confidential in nature, but "[c]onfidential communications between agency personnel and agency attorneys may be privileged even if the underlying information is not confidential in nature." *Cencast Servs., L.P. v. United States*, 91 Fed. Cl. 496, 504 (Fed. Cl. 2010). Nor do the contents of the communication itself need to be secret. *In re Ampicillin Antitrust Litig.*, 81 F.R.D. 377, 388-90 (D.D.C. 1978); *United States v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex. 1993) ("The attorney-client privilege protects . . . any communication from an attorney to his client when made in the course of giving legal advice, whether or not that advice is based on privileged communications from the client."). The key is whether the communicating person reasonably intended only the receiving attorney or privileged agent to learn of the communication's contents. *Id.* ███████████ ███████████ as to whether the "primary purpose" of the communication was to solicit legal advice. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 628-30 (D. Nev. 2013).

The contents of ███████████

███████████ The document's underlying privileged purpose was

8

██████████████████████████████████████████████████
██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ Accordingly, DEFPROD23274001 and any identical documents are appropriately subject to the Government's right of clawback.

### B. DEFPROD16478482 and Related Documents

The document marked with Bates number DEFPROD16478482 consists of ████ ██████████████████████████████ ECF No. 69-3. ████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *See AAB Joint Venture*, 75 Fed. Cl. at 456.  Notably, URS does not argue that this email is not privileged, but instead only argues that any privilege has been waived, and thus the Court should order that this document be clawed back.  Pl. Mot. at 9-11.  Regardless, as we explain further below, no waiver has occurred.

### C. DEFPROD1132069 and Related Documents

The document and attachment Bates-numbered DEFPROD1132069 consists of an ████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

9



*See Phillips*, 290 F.R.D. at 628-30.

Plaintiff cites *Northrop Grumman Corp. v. United States* for the proposition that documents related to agency claim determinations are not privileged. Pl. Mot. at 13 (citing 80 Fed. Cl. 651, 653 (2008)). At issue in that case, however, were "claim Research Papers" that were created by the Government to "aid the contracting officer to prepare a contracting officer's final decision" when "no litigation had been initiated at the time." *Northrop Grumman*, 80 Fed. Cl. at 653. *See* ECF No. 69-4.

10

███████████████████████████████████████████████

███████████████████████████████████████

█████████████ *Cf. Weston/Bean Joint Ventures v. United States*, 128 Fed. Cl. 1 (2014) (finding claim evaluation documents to be privileged where discussion reflected request for or dissemination of legal advice). Accordingly, plaintiff's arguments that this document is not privileged are unavailing.

### III. Because All Three Documents Are Privileged, They Are Protected By The Clawback Agreement And Thus Must Be Returned Or Destroyed

First and foremost, "[s]o-called 'claw back' provisions 'essentially undo a document production' and allow the return of documents that a party belatedly determines are protected by the attorney client privilege or work product immunity." *Rajala v. McGuire Woods, LLP*, No. CIV. A. 08-2638-CM, 2010 WL 2949582, at *3 (D. Kan. July 22, 2010). Here, the parties entered into exactly such an agreement. Due to the protections afforded by this agreement, the Government chose to sacrifice certainty that no privileged documents would be disclosed in favor of the relative speed of the TAR process. *See, e.g.*, *East Coast Sheet Metal Fabricating Corp. v. Autodesk*, Civ. No. 12-cv-517LM, 2014 WL 4627262, at *2 (D. N.H. Sept. 16, 2014) ("[FRE] 502(d) was adopted for the express purpose of allowing parties to limit the costs associated with screening documents produced during discovery for privileged materials."). Therefore, the 502(d) agreement protects the very disclosures at issue here and the Court must order that plaintiff abides by the clawback agreement. *See* ECF No. 18.

### IV. Notwithstanding The Clawback Agreement, The Government Has Not Waived Privilege With Respect To Any Of The Identified Documents

As demonstrated above, the three documents at issue are protected by the attorney-client privilege, and thus the clawback agreement contained in the protective order entered by the Court requires that plaintiff return or destroy all copies of the documents. No showing of

inadvertent disclosure is needed. *See Irth Sols., LLC v. Windstream Commc'ns LLC*, No. 2:16-CV-219, 2017 WL 3276021, at *12 (S.D. Ohio Aug. 2, 2017), *objections overruled*, No. 2:16-CV-219, 2018 WL 575911 (S.D. Ohio Jan. 26, 2018). Nevertheless, the Government's disclosures here were inadvertent.

Pursuant to Rule 502(b), when a privileged communication is accidently disclosed in a federal proceeding, the disclosure will not act as a waiver of the privilege if three conditions are met: (1) the disclosure is inadvertent; (2) the holder of the privilege took reasonable steps to prevent disclosure; and (3) the holder of the privilege promptly took reasonable steps to rectify the error. *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 1650447, at *6 (S.D.W. Va. Apr. 14, 2015).

Plaintiff argues that the disclosures cannot be inadvertent because the Government failed to "exercise even the minimum level of care necessary to maintain privilege protection." Pl. Mot. at 8. However, the mere fact of having produced a privileged document along with copies of that document is not sufficient for waiver, or even a finding that there was no inadvertent disclosure. *See Oasis Int'l Waters, Inc. v. United States*, 110 Fed. Cl. 87, 108 (2013). Rather, a party must "prove that it did not intend to disclose the privileged documents" and must demonstrate "the adequacy of the screening mechanisms employed by [the party] to prevent disclosure of the privileged documents." *National Helium Corp. v. United States*, 219 Ct. Cl. 612, 1979 WL 10176 (1979). As we explained above, none of the three documents identified by plaintiff were intended to be disclosed given their privileged nature. Additionally, TAR followed by manual document review is generally considered to be an accurate and significantly lower-effort method of document review. *See, e.g.*, *Moore v. Publicis Groupe*, 287 F.R.D. 182, 190 (S.D.N.Y. 2012), *adopted sub nom. Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC

12

AJP, 2012 WL 1446534 (S.D.N.Y. Apr. 26, 2012). Thus, the Government considered this type of review to have been reasonable in preventing inadvertent disclosure of privileged materials. Finally, as soon as we recognized these documents had been produced, we immediately notified plaintiff that we would be clawing them back. Thus, the Government took reasonable and recognized precautions followed by reasonable steps to rectify the error, but inadvertently missed the disclosure of three documents. Such a mistake does not constitute waiver.

Regarding the ▮ email, numbered DEFPROD23274001, plaintiff argues that because, once plaintiff informed us of the existence of two other identical documents, we did not immediately assert privilege over those as well, we have waived that privilege. Pl. Mot. at 9. Because plaintiff informed us that the documents were identical, we did not believe an additional assertion of privilege would be necessary, nor would such a conclusion make logical sense. Further, with regard to the ▮▮▮, document number DEFPROD1132069, plaintiff asserts that we also produced ▮▮▮, ▮▮▮ ▮▮▮ Pl. Mot. at 14. Because plaintiff's motion is the first time we have been informed of the production of these documents, we accordingly assert privilege over these documents as well (DEFPROD006-00220759; DEFPROD1323106; and DEFPROD006-00107096). *See id.* According to URS, these repeated productions demonstrate a failure of "reasonable steps to prevent disclosure." *Id.* However, TAR, which uses computer-assisted review to mark documents, generally marks documents that are the same or similar with the same privileged or non-privileged marking. The manual review would therefore not come across these documents, leading to this exact type of inadvertent disclosure.

Regarding the ▮▮▮ plaintiff contends that the privilege was waived when ▮▮▮

13

███████████████████████████████████████████
███████████████████████████████████

██████████████████ █████████ At the time of this FOIA request, this case was not before this Court and thus undersigned litigation counsel were not involved nor aware of any 2014 FOIA requests and productions. Therefore, plaintiff's argument that counsel in this litigation should have "promptly" sought a clawback of any information provided pursuant to this FOIA request necessarily fails. Pl. Mot. at 10. Plaintiff also argues that we have waived any claim of privilege over ███████████████████████████████████████

██████████████████████████ But whether any documents are withheld has no bearing on whether this particular document (and any copies) is privileged or whether that privilege has been waived. Accordingly, the Government's request for clawback should be honored.

## **CONCLUSION**

For the reasons set forth in detail above, the Court should rule that DEFPROD1132069, DEFPROD23274001, and DEFPROD16478482 and related documents are subject to the attorney-client privilege, and order URS to comply with the Government's clawback request.

14

| | |
|---|---|
| April 21, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br><br>PATRICIA M. MCCARTHY<br>Director<br><br><u>Lisa L. Donahue</u><br>LISA L. DONAHUE<br>Assistant Director<br><br><u>/s/ Ioana C. Meyer</u><br>IOANA C. MEYER<br>DANIEL BERTONI<br>THOMAS ADAIR<br>AUGUSTUS GOLDEN<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-0001<br>Ioana.C.Meyer@usdoj.gov<br><br>*Attorneys for Defendant*<br><br>*Of Counsel:*<br><br>BRANDON MIDDLETON<br>Chief Counsel<br>BRADY L. JONES, III<br>Assistant Chief Counsel for Acquisition and Litigation<br>SKY W. SMITH<br>Trial/Procurement Counsel Office of Chief Counsel Environmental Management Consolidated Business Center<br>U.S. Department of Energy |